UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **5:25-cv-00646-WLH-MAA**          Date: **April 16, 2025**

Title   **Kevin Walker Estate, et al. v. Chad Bianco, et al.**

Present:  The Honorable **MARIA A. AUDERO**, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):   Order to Show Cause Why This Court Should Not Recommend Dismissal of Unrepresented Plaintiffs**

On March 11, 2025, the Complaint in this action was filed by Plaintiffs "[TM]Kevin Walker© Estate," "[TM]Kevin Lewis Walker©," and "[TM]Kevin Walker© IRR Trust" (collectively, "Plaintiffs"). (ECF No. 1.)  The Complaint does not identify any attorney who is a member of either the Bar of this Court or the Bar of the State of California.  (*Id.*)  Instead, the Complaint asserts that all three Plaintiff are represented by "their Attorney-in-Fact, Kevin:Walker, who is proceeding ***sui juris, In Propria Persona***, and by ***Special Limited Appearance***." (*Id.* at 2.[1])

In the Central District of California, an individual person may represent himself in a case before the Court.  C.D. Cal. L.R. 83-2.2.1 ("Any person representing himself or herself in a case without an attorney must appear *pro se* for such purpose.  That representation may not be delegated to any other person -- even a spouse, relative, or co-party in the case.")  The same is not true of any other type of entity or organization.  C.D. Cal. L.R. 83-2.2.1–2.2.2.  "No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1."  C.D. Cal. L.R. 83-2.2.2.  Further, "[a]n appearance before the Court on behalf of another person, an organization, or a class may be made only by members of the Bar of this Court, as defined in L.R. 83-2.1.2." C.D. Cal. L.R. 83-2.1.1.1 (with exceptions not relevant here).  These Local Rules are consistent with "the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of filed documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **5:25-cv-00646-WLH-MAA**                                         Date:  **April 16, 2025**

Title       **Kevin Walker Estate, et al. v. Chad Bianco, et al.**

others in a representative capacity." *Simon v. Hartford Life Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that Trustee could not represent Trust *pro se*).  "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself."  *C.E. Pope Equity Trust*, 818F.2d at 697 (internal citation omitted).

   Thus, while Plaintiff Kevin Lewis Walker may represent himself in this matter, he may not represent any other party.  Plaintiffs are therefore ordered to show cause, in writing, no later than **May 16, 2025**, why the Court should not recommend that Plaintiffs "™Kevin Walker© Estate," and "™Kevin Walker© IRR Trust" be dismissed without prejudice.  In the alternative, this Order to Show Cause will be discharged if a member of the Bar of this Court enters an appearance on behalf of these two Plaintiffs.[2]

   **Plaintiffs are cautioned that failure to respond to this order may result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  *See*** C.D. Cal. L.R. 41-1.

   It is so ordered.

---

[2] The Court notes that it is not clear that either the "™Kevin Walker© Estate" or the "™Kevin Walker© IRR Trust" has the necessary legal capacity to sue, but will reserve that question for another day.