Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

## Legal Maxims, Standards, and Principles

108. Plaintiff cites the following established **legal maxims**, **standards**, and *principles*.

- **Unrebutted Affidavits as Judgment in Commerce:** Plaintiff's unrebutted affidavits are binding truth under the maxim, **"An *unrebutted* affidavit becomes the judgment in commerce."**

- **Res Judicata and Collateral Estoppel:** Defendants are ***barred*** from contesting the finality of Plaintiff's claims under the doctrines of **res judicata** and **collateral estoppel**, as all material facts and claims have been resolved conclusively.

- **Breach of U.C.C. Obligations and Presumed Dishonor:** Defendants' dishonor and default are evidenced by their failure to fulfill obligations defined by U.C.C. § 3-505 (see Exhibit L) and other applicable statutes.

- **ALL ARE EQUAL UNDER THE LAW.** — 'No one is above the law.'

- **IN COMMERCE FOR ANY MATTER TO BE RESOLVED MUST BE EXPRESSED.** — 'To lie is to go against the mind.'

- **TRUTH IS EXPRESSED IN THE FORM OF AN AFFIDAVIT.**

- **IN COMMERCE TRUTH IS SOVEREIGN.** — Truth is sovereign -- and the Sovereign tells only the truth.

- **AN UNREBUTTED AFFIDAVIT STANDS AS TRUTH IN COMMERCE.** — 'He who does not deny, admits.'

- "Statements of fact contained in **affidavits which are not rebutted** by the opposing party's affidavit or pleadings **may[must] be accepted as true by the trial court.**" --Winsett v. Donaldson, 244 N.W.2d 355 (Mich. 1976).

- See, *Sieb's Hatcheries, Inc. v. Lindley,* 13 F.R.D. 113 (1952)., "Defendant(s) made no request for an extension of time in which to answer the request for admission of facts and filed only an unsworn response

1    within the time permitted," thus, under the specific provisions of Ark.

2    and *Fed. R. Civ. P.* 36, the facts in question were deemed admitted as

3    true. Failure to answer is well established in the court. *Beasley v. U. S.*,

4    81 F. Supp. 518 (1948)., "I, therefore, hold that the requests will be

5    considered as having been admitted." Also as previously referenced,

6    "Statements of fact contained in affidavits which are not rebutted by

7    the opposing party's affidavit or pleadings may[must] be accepted as

8    true by the trial court." --Winsett v. Donaldson, 244 N.W.2d 355 (Mich.

9    1976).

10    • 'The state **cannot** diminish **Rights** of the **people."** —Hurtado vs. California,

11      110 US 516.

12    • "Public officials are not immune from suit when they transcend their lawful

13      authority by invading constitutional **rights**."—AFLCIO v. Woodward, 406

14      F2d 137 t.

15    • "Immunity **fosters neglect and breeds irresponsibility** while liability

16      promotes care and caution, which caution and care is owed by the

17      government to its people." (Civil Rights) **Rabon vs Rowen Memorial**

18      **Hospital, Inc.** 269 N.S. 1, 13, 152 SE 1 d 485, 493.

19    • "Judges not only can be sued over their official acts, but could be held **liable**

20      **for injunctive and declaratory relief and attorney's fees**." **Lezama v. Justice**

21      **Court**, A025829.

22    • "Ignorance of the law does **not** excuse misconduct in anyone, least of all in a sworn

23      officer of the law." In re McCowan (1917), 177 C. 93, 170 P. 1100.

24    • "**All are presumed to know the law.**" San Francisco Gas Co. v. Brickwedel

25      (1882), 62 C. 641; Dore v. Southern Pacific Co. (1912), 163 C. 182, 124 P. 817;

26      People v. Flanagan (1924), 65 C.A. 268, 223 P. 1014; Lincoln v. Superior Court

27      (1928), 95 C.A. 35, 271 P. 1107; San Francisco Realty Co. v. Linnard (1929), 98

28      C.A. 33, 276 P. 368.

1   • "It is one of the fundamental maxims of the common law that **ignorance of the**

2   **law excuses no one.**" Daniels v. Dean (1905), 2 C.A. 421, 84 P. 332.

3   • "the people, not the States, are sovereign."—Chisholm v. Georgia, 2 Dall. 419, 2

4   U.S. 419, 1 L.Ed. 440 (1793).

5   • <u>**HE WHO LEAVES THE BATTLEFIELD FIRST LOSES BY DEFAULT.**</u> — 'He

6   who does not repel a wrong when he can occasions it.'

7   • <u>**AN UNREBUTTED AFFIDAVIT BECOMES THE JUDGEMENT IN**</u>

8   <u>**COMMERCE.**</u> — There is nothing left to resolve.

9   ### *FIRST CAUSE OF ACTION*

10   **(For Fraud and Misrepresentation against all Defendants)**

11   109. Plaintiff re-affirms and incorporates paragraphs 1 through 108 as if set forth

12   herein.

13   110. Defendants, acting under **color of law**, have *willfully and intentionally*

14   engaged in **fraudulent** conduct by knowingly **misrepresenting** material facts

15   regarding their authority and jurisdiction over Plaintiff, thereby violating Plaintiff's

16   constitutionally protected **private rights.**

17   111. Defendants' fraudulent misconduct includes, but is not limited to,

18   fabricating legal authority, creating false claims, unlawfully detaining and

19   interfering with Plaintiff's **private** affairs, and initiating legal proceedings devoid of

20   any lawful basis.

21   112. Defendants knowingly misrepresented their authority to enforce **statutory**

22   **provisions** against Plaintiff, fabricated legal obligations, and unlawfully seized or

23   interfered with Plaintiff's **private** property, all with the intent to deprive Plaintiff of

24   their rights, property, and financial interests **under the guise of lawful authority.**

25   113. In furtherance of this unlawful **enterprise** and scheme, Defendants transmitted

26   fraudulent documents, including but not limited to fabricated reports, false citations, and

27   deceptive legal filings, through the U.S. Postal Service and other commercial carriers,

28   knowing that these documents were false and intended to defraud Plaintiff.

114. Defendants' fraudulent misrepresentation and deceit violate Plaintiff's **private** rights under various statutes that provide for a '**private right of action**', including but not limited to:

- **42 U.S. Code § 1983 (Civil Action for Deprivation of Rights)** – Establishes liability for any person acting under color of law who deprives another of their constitutionally protected rights, privileges, or immunities.
- **18 U.S. Code § 1001 (False Statements Act)** – Criminalizes knowingly making false statements or fraudulent misrepresentations in legal and administrative proceedings.
- **18 U.S. Code § 1341 (Mail Fraud)** – Prohibits the use of U.S. mail to transmit fraudulent documents with intent to deceive.
- **15 U.S. Code § 1692 (Fair Debt Collection Practices Act, FDCPA)** – Prohibits fraudulent misrepresentation and deceptive practices used to enforce unlawful claims against individuals, including fabricated financial obligations.
- **UCC § 1-308 (Performance or Acceptance Under Reservation of Rights)** – Protects individuals from unknowingly waiving rights under fraudulent or coercive contracts or enforcement actions.

115. By willfully and intentionally engaging in the fraudulent conduct described above, Defendants have violated statutory and constitutional protections, resulting in the Plaintiff being subjected to:

- **Unlawful deprivation of property and private rights**
- **Financial losses due to fraudulent enforcement actions**
- **Harm to their reputation, business, and economic interests**
- **Emotional distress and significant hardship resulting from Defendants' unlawful conduct**

116. Defendants, by their own actions, willful silence, non-compliance, and tacit admission, have engaged in the unlawful conduct described in this complaint. As such, these facts must be taken as true and are dispositive in this action.

1  117. Defendants' wrongful conduct includes but is not limited to:

2  • **Fabrication of authority and fraudulent claims to enforce laws against**
3  **Plaintiff**

4  • **Knowingly misrepresenting their jurisdiction and legal standing to**
5  **detain, fine, or seize property**

6  • **Use of fraudulent documentation and legal proceedings to impose**
7  **unlawful penalties and restrictions**

8  • **Unlawful use of U.S. Postal Service and other communication channels to**
9  **further their fraudulent scheme**

10  118. As a direct result of Defendants' fraudulent and unlawful actions,
11  Plaintiff has suffered severe and irreparable harm, including but not limited
12  to:

13  • **Deprivation of private property without due process**

14  • **Violation of constitutionally protected rights and immunities**

15  • **Financial and economic damages stemming from Defendants' unlawful**
16  **interference**

17  • **Psychological and emotional distress caused by Defendants' oppressive**
18  **conduct**

19  119. **18 U.S. Code § 1341 - Frauds and swindles**, expressly stipulates:
20  "**whoever, having devised or intending to devise any** scheme or artifice to
21  **defraud, or for obtaining money** or **property** by means of **false** or **fraudulent**
22  **pretenses, representations, or promises**, or to sell, dispose of, loan, exchange,
23  alter, give away, distribute, supply, or furnish or procure for unlawful use any
24  counterfeit or spurious coin, obligation, **security, or other article**, or anything
25  represented to be or intimated or held out to be such counterfeit or spurious
26  article, for the purpose of executing such scheme or artifice or attempting so
27  to do, **places in any post office** or authorized depository for mail matter, any
28  matter or thing whatever to be sent or delivered by the Postal Service, or

1   deposits or causes to be deposited any matter or thing whatever to be sent or

2   delivered by any private or commercial interstate carrier, or takes or receives

3   therefrom, any such matter or thing, or knowingly causes to be delivered by

4   mail or such carrier according to the direction thereon, or at the place at

5   which it is directed to be delivered by the person to whom it is addressed,

6   **any such matter or thing**, **shall be** **fined under** this title or **imprisoned** not

7   more than **20 years, or both**. If the violation occurs in relation to, or involving

8   any benefit authorized, transported, transmitted, transferred, disbursed, or

9   paid in connection with, a presidentially declared major disaster or

10   emergency (as those terms are defined in section 102 of the Robert T. Stafford

11   Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a

12   financial institution, such person shall be fined not more than $1,000,000 or

13   imprisoned not more than **30 years, or both.**"

14                           *SECOND (2nd) CAUSE OF ACTION*

15               **(For Breach of Contract against all Defendants)**

16      120. Plaintiff re-affirms and incorporates paragraphs 1 through 119 as if set forth

17   herein

18      121. **Breach of Contractual Obligations**: Defendants willfully and intentionally

19   breached contractual obligations by failing to honor the terms set forth in the

20   underlying Contract and Security Agreements between the parties.

21      122. **Nature of Defendants' Breach**: Defendants' breach includes, but is not

22   limited to, the failure to perform specified duties, the pursuit of false claims of debt,

23   and the illegal, unlawful, and unconstitutional seizure of **Plaintiff's private**

24   **property without proper contractual or legal authority.**

25      123. **Violation of Contract Agreement**: Defendants' conduct constitutes a

26   violation of both the express and implied terms of the agreement, including

27   Defendants' obligations to act in good faith and deal fairly with Plaintiff, resulting

28   in substantial financial harm, injury, and damages to Plaintiff.

124. **U.C.C. § 2-202 Compliance**: Pursuant to **U.C.C. § 2-202**, which establishes the **parol evidence rule** and affirms the **final written expression** of a contract, Defendants are bound by the agreed-upon terms that constitute the complete and exclusive statement of the agreement.

125. **Acceptance and Binding Agreement**: Defendants received, considered, and agreed to the contract offer and final expression of the contract as defined under **U.C.C.** provisions. This acceptance is evidenced through Defendants' willful and intentional silent acquiescence, tacit agreement, and tacit procuration to the *unrebutted* **Affidavits** and contract security agreements (Exhibits I, J, K, L, and N), affidavit certificate of non-response, default, and the judgment and lien authorization, all of which were duly received by Defendants.

126. **Obligations under U.C.C.**: Defendants' agreement to these terms thereby creates binding obligations under **U.C.C. Article 2** as well as other relevant sections, such as **U.C.C. §§ 1-103, 1-202, 2-204**, and **2-206**. Despite these clear terms, Defendants, through various improper and bad-faith actions, breached the contract by failing to settle and close the account, refusing to reconvey the title free of encumbrances, and neglecting to settle the debt owed to Plaintiff.

127. **Failure to Cease Illegal Activities**: Defendants also failed to cease any illegal, unlawful, and unconstitutional collection efforts on an undisputedly fraudulent debt, engaging in conduct that included but was not limited to threats, violations of Plaintiff's **inherent and *unalienable*** rights, racketeering, paper terrorism, coercion, extortion, bank fraud, monopolization of trade and commerce, restraint-of-trade violations, deprivation of rights, conspiracy under color of law, breach of the implied covenant of good faith and fair dealing, identity theft, and taking unreasonable positions that forced Plaintiff into litigation.

128. **Material Breach and Deprivation of Bargain**: This failure to perform, along with the unauthorized actions, directly violates the terms and conditions of the express contract security agreements. These actions constitute a material breach that

1  has deprived Plaintiff of the benefit of their bargain, as defined under **U.C.C. §**
2  **2-202** and related provisions that govern the enforceability of the final contract
3  terms.

4      129. **Private Right of Action:**

5      • Plaintiff hereby asserts a **Private Right of Action** to enforce their rights
6          under the Contract and Security Agreements, as well as the **Uniform**
7          **Commercial Code**.

8      • Plaintiff is entitled to bring this action pursuant to **U.C.C. § 2-202, U.C.C. §§**
9          **1-103, 1-202, 2-204, and Article 9** to seek appropriate remedies, including but not
10         limited to compensatory damages, punitive damages, declaratory relief, and
11         equitable remedies as the Court may deem just and proper.

12     130. **Plaintiff's Private Rights of Action under Embezzlement Laws:**

13     • Plaintiff asserts their **Private Right of Action** under **18 U.S.C. § 666** for
14         embezzlement, as well as common law embezzlement principles, for the
15         wrongful appropriation of funds and assets by Defendants.

16     • **18 U.S.C. § 666** provides a federal basis for a **Private Right of Action** when
17         Defendants have engaged in fraudulent misapplication or theft of funds,
18         particularly when those funds are derived from financial institutions or
19         governmental transactions. Plaintiff is entitled to restitution for any funds or
20         assets misappropriated and for damages caused by Defendants' fraudulent
21         conduct, including any related losses.

22                    *THIRD (3rd) CAUSE OF ACTION*

23     **(For Theft, Embezzlement, and Fraudulent Misapplication of Funds**
24                    **and Assets against all Defendants)**

25     131. Plaintiff re-affirms and incorporates paragraphs 1 through 130 as if fully set
26  forth herein.

27     132. Defendants engaged in illegal, unlawful, unconstitutional, and fraudulent
28  acts, including but not limited to:

-63 of 116-

1    • **Embezzling funds and/or assets entrusted to their care.**

2    • **Executing unconstitutional and unlawful seizures of assets and private**
3      **property** without legal standing or proper authorization.

4    • **Fraudulently transferring or attempting to transfer ownership of**
5      **Plaintiff's property** through deceit, deception, and abuse of process.

6    • **Creating a fraudulent claim of ownership and title to the property,**
7      depriving Plaintiff of their legal rights, interests, and equity.

8    133. Plaintiff affirms, as evidenced by **Exhibits I, J, K, L, and N,** that Defendants,

9 including any officers, directors, agents, or employees connected to financial institutions,

10 acted in direct violation of federal law and fiduciary obligations. Specifically:

11    • **Defendants, while acting in their capacity as agents or employees of**
12      **financial institutions, fraudulently misapplied or embezzled funds and**
13      **property entrusted to their care.**

14    • **The misappropriation and subsequent unconstitutional and unlawful**
15      **seizures resulted in direct harm to Plaintiff,** including but not limited to
16      **financial loss, damage to property interests, and violations of**
17      **constitutional and statutory rights.**

18    134. Defendants' actions are actionable under **federal statutes** providing a

19 **private right of action,** including but not limited to:

20    • **12 U.S. Code § 503 –** Allows individuals harmed by the embezzlement or
21      misapplication of funds to seek civil remedies.

22    • **18 U.S. Code § 656 (Theft, Embezzlement, or Misapplication by Bank**
23      **Officer or Employee) –** Criminalizes the willful misapplication, abstraction,
24      or embezzlement of funds by any officer, director, agent, or employee of a
25      financial institution, Federal Reserve bank, or insured depository
26      institution.

27    • **Federal and State Consumer Protection Laws –** Prohibit deceptive and fraudulent
28      practices in financial transactions, including wrongful claims of ownership.

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1    135. **Defendants violated fiduciary duties** owed to Plaintiff as property owner

2    and rightful asset holder **by acting in bad fait**h and *without* lawful authority,

3    willfully misapplying funds, purloining assets, and engaging in acts of fraud,

4    resulting in injury, harm, and damages to Plaintiff.

5    136. Defendants' conduct constitutes willful and intentional violations of the law

6    and warrants treble damages pursuant to applicable statutes.

7    137. **18 U.S. Code § 656 (Theft, Embezzlement, or Misapplication by Bank**

8    **Officer or Employee)** expressly stipulates that:

9    *"Whoever, being an officer, director, agent or employee of, or connected*

10    *in any capacity with any Federal Reserve bank, member bank, depository*

11    *institution holding company, national bank, insured bank, branch or*

12    *agency of a foreign bank, or organization operating under section 25 or*

13    *section 25(a) of the Federal Reserve Act, or a receiver of a national bank,*

14    *insured bank, branch, agency, or organization or any agent or employee*

15    *of the receiver, or a Federal Reserve Agent, or an agent or employee of a*

16    *Federal Reserve Agent or of the Board of Governors of the Federal*

17    *Reserve System, embezzles, abstracts, purloins or willfully misapplies*

18    *any of the moneys, funds or credits of such bank, branch, agency, or*

19    *organization or holding company or any moneys, funds, assets or*

20    *securities entrusted to the custody or care of such bank, branch, agency,*

21    *or organization, or holding company or to the custody or care of any*

22    *such agent, officer, director, employee or receiver, shall be fined not more*

23    *than $1,000,000 or **imprisoned not more than 30 years, or both**…"*

24    As a direct result of Defendants' theft, embezzlement, and

25    fraudulent misapplication of funds and assets, Plaintiff has been

26    unlawful and unconstitutionally subjected to mental anguish,

27    emotional trauma, **financial loss, deprivation of property,**

28    **reputational harm, and emotional distress**.

[AMENDED] VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, THEFT, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, CONSPIRACY, RACKETEERING, KIDNAPPING, TORTURE, and SUMMARY JUDGEMENT AS **A MATTER OF LAW**

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — **Dated: April 17, 2025**

### *FOURTH (4th) CAUSE OF ACTION*

### **(For Fraud, Forgery, and Unauthorized Use of Identity against all Defendants)**

138. Plaintiff re-affirms and incorporates paragraphs 1 through 137 as if fully set forth herein.

139. Plaintiff affirms that Defendants **illegally, unlawfully, and unconstitutionally** used Plaintiff's identity, including estate and trust information, without Plaintiff's consent or authorization, for their own benefit by creating false financial instruments, misrepresentations, and fraudulent claims to the subject private property.

140. Defendants intentionally, willfully, and knowingly engaged in **fraudulent conduct** by attempting to **unlawfully and unconstitutionally seize Plaintiff's private property** without Plaintiff's consent or any legal or lawful authority. In furtherance of their **illegal, unlawful, and unconstitutional actions**, Defendants:

- **Forged Plaintiff's signature** on financial documents and legal instruments.
- **Obtained Plaintiff's signature under false pretenses.**
- **Used these falsified and fraudulent documents** to support their unlawful **seizure attempts** and misrepresent their claims of ownership or control over the subject private property.

141. Plaintiff affirms that Defendants' fraudulent actions, including **forgery and the unauthorized use of Plaintiff's identity**, violate common law principles of **fraud, forgery, and identity theft**, as well as applicable **state and federal statutes**, including but not limited to:

- **15 U.S. Code § 1681n (Fair Credit Reporting Act)** – Provides a private right of action for willful and knowing violations related to the misuse of personal and financial information.
- **15 U.S. Code § 1692e (Fair Debt Collection Practices Act)** – Provides a private right of action prohibiting false, deceptive, or misleading representations in the collection of debts.

- **18 U.S. Code § 1028A (Aggravated Identity Theft)** – Establishes criminal liability and additional penalties for knowingly using or transferring another person's identity without lawful authority.
- **State Civil Code on Forgery or Fraudulent Misrepresentation** – Provides a private right of action prohibiting the falsification of documents and misrepresentation in financial transactions and property matters.

142. **Private Right of Action:** Plaintiff asserts a **private right of action** to enforce their rights under the **Fair Credit Reporting Act (15 U.S.C. § 1681n), the Fair Debt Collection Practices Act (15 U.S.C. § 1692e), and applicable state and federal laws prohibiting identity theft, fraud, and forgery**.

143. Plaintiff further affirms that **Defendants' conduct constitutes a willful and intentional scheme to deprive Plaintiff of their property**, as follows:

- **The creation of false financial instruments and forged signatures** demonstrates a pattern of **fraudulent misrepresentation and forgery**.
- **The misuse of Plaintiff's identity**, including estate and trust information, constitutes a **direct violation of Plaintiff's rights** to privacy, autonomy, and protection from unauthorized exploitation.

144. Defendants' **unlawful** actions have directly caused **harm** to Plaintiff, including:

- **Loss of property value, enjoyment, and equity.**
- **Emotional distress, humiliation, mental trauma, and reputational harm.**
- **Financial expenses incurred in defending against fraudulent seizure actions and restoring rightful title to the property.**

145. Defendants' actions rise to the level of gross and intentional misconduct, warranting the imposition of treble damages pursuant to applicable civil statutes and laws governing fraudulent conduct.

146. **18 U.S. Code § 1025 (Fraudulent Acquisition of Property or Signatures)** expressly stipulates:

1   *"Whoever, upon any waters or vessel within the special maritime and territorial*
2   *jurisdiction of the United States, by any fraud, or false pretense, obtains from any person*
3   *anything of value, or procures the execution and delivery of any instrument of writing or*
4   *conveyance of real or personal property, or the signature of any person, as maker, endorser,*
5   *or guarantor, to or upon any bond, bill, receipt, promissory note, draft, or check, or any*
6   *other evidence of indebtedness, or fraudulently sells, barters, or disposes of any bond, bill,*
7   *receipt, promissory note, draft, or check, or other evidence of indebtedness, for value,*
8   *knowing the same to be worthless, or knowing the signature of the maker, endorser, or*
9   *guarantor thereof to have been obtained by any false pretenses, shall be fined under this*
10  *title or imprisoned not more than five years, or both."*

11  147. **18 U.S. Code § 1028A (Aggravated Identity Theft)** expressly stipulates:

12  *"Whoever, during and in relation to any felony violation enumerated in subsection*
13  *(c), knowingly transfers, possesses, or uses, without lawful authority, a means of*
14  *identification of another person shall, in addition to the punishment provided for*
15  *such felony, be sentenced to a term of imprisonment of 2 years. (2) Terrorism*
16  *offense. — Whoever, during and in relation to any felony violation enumerated in*
17  *section 2332b(g)(5)(B), knowingly transfers, possesses, or uses, without lawful*
18  *authority, a means of identification of another person or a false identification*
19  *document shall, in addition to the punishment provided for such felony, be*
20  *sentenced to a term of imprisonment of 5 years."*

21  148. As a direct result of Defendants' fraud, forgery, and unauthorized use of
22  Plaintiff's identity, Plaintiff has suffered financial loss, deprivation of property,
23  reputational harm, and emotional distress.

24  ### *FIFTH (5th) CAUSE OF ACTION*

25  ### **(For Monopolization of Trade and Commerce, and Unfair Business**
26  ### **Practices against all Defendants)**

27  149. Plaintiff re-affirms and incorporates paragraphs 1 through 148 as if fully set
28  forth herein.

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #**RF775824950US** — **Dated: April 17, 2025**

1    150. Plaintiff affirms that Defendants, in **violation of 15 U.S.C. § 2**, willfully
2    engaged in **monopolization of trade and commerce** by manipulating financial
3    systems and processes to further their fraudulent objectives. Specifically,
4    Defendants engaged in **illegal and unlawful conduct**, including but not limited to:

5    • **Fabricating false debts** and creating **fraudulent security interests** without
6        Plaintiff's knowledge, authorization, or consent.

7    • **Utilizing financial institutions** to process **unlawful and unconstitutional**
8        **seizures of private property** through fraudulent claims.

9    • **Engaging in deceptive and unfair business practices** designed to
10       **monopolize trade and commerce, restrain competition, and deprive**
11       **Plaintiff of their rightful property and legal protections**.

12   151. Defendants' actions, as alleged, were part of a larger **scheme to monopolize**
13   **trade and commerce** through **unfair and deceptive practices**, thereby violating
14   applicable civil statutes, including but not limited to:

15   • **15 U.S.C. § 15(a) (Clayton Act)** – Provides a **private right of action** for
16       damages resulting from anticompetitive and monopolistic practices.

17   • **15 U.S.C. § 2 (Sherman Act)** – Prohibits monopolization, attempts to
18       monopolize, and conspiracies to monopolize trade and commerce.

19   • **State Unfair Competition Laws** – Prohibit **fraudulent, deceptive, and**
20       **unlawful business practices** in trade and commerce.

21   • **Uniform Commercial Code (U.C.C.)** – Governs **negotiable instruments,**
22       **discharge of obligations, and fair trade practices**.

23   152. **Private Right of Action:** Plaintiff asserts a private right of action to enforce
24   their rights under 15 U.S.C. § 15(a) (Clayton Act), the Sherman Act (15 U.S.C. § 2),
25   state unfair competition laws, and the UCC to seek appropriate remedies, including
26   but not limited to:

27   • **Compensatory damages for financial harm.**
28   • **Treble damages under 15 U.S.C. § 15(a).**

-69 of 116-

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1  • **Injunctive relief to prevent further monopolistic and fraudulent practices.**

2  153. As part of this fraudulent scheme, Defendants engaged in unfair and

3  deceptive business practices by:

4  • **Creating false debts** and **fabricating fraudulent security interests**.

5  • **Fraudulently misrepresenting and concealing material facts** regarding the

6    nature and validity of alleged debts.

7  • **Engaging in a calculated effort to monopolize trade and commerce** by

8    suppressing competition and enforcing unlawful claims against Plaintiff's

9    private property.

10  • **Violating Plaintiff's rights** under applicable **common law and civil**

11    **statutes**.

12  154. Plaintiff further **asserts and affirms** that Defendants' actions were part of a

13  broader scheme to unfairly restrain trade and commerce by:

14  • **Leveraging fraudulent financial instruments** to secure unlawful gains.

15  • **Misusing public policy and statutory frameworks** to enforce monopolistic

16    practices.

17  • **Exploiting their position of power within the financial system** to deprive

18    Plaintiff of lawful protections and remedies.

19  155. Plaintiff affirms that Defendants' actions, in violation of 15 U.S.C. § 2,

20  caused direct harm and damages to Plaintiff's financial and legal interests.

21  156. **15 U.S.C. § 2 (Sherman Act) expressly stipulates:**

22  *"Every person who shall monopolize, or attempt to monopolize, or combine or*

23  *conspire with any other person or persons, to monopolize any part of the trade or*

24  *commerce among the several States, or with foreign nations, shall be deemed guilty*

25  *of a felony, and, on conviction thereof, shall be punished by fine not exceeding*

26  *$100,000,000 if a corporation, or, if any other person, $1,000,000, or by*

27  *imprisonment not exceeding 10 years, or by both said punishments, in the*

28  *discretion of the court."*

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — **Dated:** April 17, 2025

1   157. Plaintiff affirms that Defendants' illegal, unlawful, and unconstitutional

2   practices directly resulted in injury and harm, warranting the imposition of treble

3   damages under 15 U.S.C. § 15(a), which provides for compensation in cases of

4   antitrust violations and monopolistic practices.

5   158. Plaintiff further affirm that Defendants' conduct constitutes willful,

6   intentional, and egregious violations of their rights, including but not limited to:

7   • **Deprivation of property without due process of law.**

8   • **Restraint of trade and competition in violation of public policy.**

9   • **Fraudulent business practices designed to defraud Plaintiff and gain**

10  **unlawful advantage.**

11  159. As a direct result of Defendants' monopolization of trade and commerce

12  and unfair business practices, Plaintiff has suffered financial loss, deprivation of

13  property, reputational harm, and emotional distress

14  ### SIXTH (6th) CAUSE OF ACTION

15  **(For Deprivation of Rights Under the Color of Law against all Defendants)**

16  **(Private Cause of Action under 42 U.S.C. § 1983 and Constitutional Law)**

17  160. Plaintiff re-affirms and incorporates paragraphs 1 through 159 as if fully set

18  forth herein.

19  161. Plaintiff affirms that **Defendants, acting under color of law,** *willfully and*

20  *intentionally* deprived Plaintiff of rights **inherent and** *unalienable* secured by the

21  Constitution and laws of the United States, specifically in violation of 42 U.S.C. §

22  1983.

23  162. Plaintiff affirms that Defendants engaged in **illegal, unlawful, and coercive**

24  **actions** by threatening the **unconstitutional and unlawful seizure of Plaintiff's**

25  **private property** through fraudulent enforcement proceedings. These actions

26  included but were not limited to:

27  • **Attempting to coerce Plaintiff into complying with baseless and unlawful**

28  **financial demands** under the imminent threat of losing their property.

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1  • **Depriving Plaintiff of their property rights and protections secured by the**
2    **Fifth and Fourteenth Amendments of the United States Constitution**.

3  • **Exercising fraudulent and deceptive practices** designed to **unjustly enrich**
4    **Defendants at Plaintiff's expense**.

5   163. Plaintiff affirms that Defendants' actions **violated Plaintiff's due process**
6  **rights**, as secured by the **Fifth and Fourteenth Amendments**, by failing to provide
7  **proper notice, fair hearings, and lawful justification** for their unconstitutional and
8  unlawful enforcement actions.

9   164. Plaintiff affirms and asserts that Defendants' conduct **caused direct harm** to
10 Plaintiff, resulting in **significant emotional, financial, and legal damages**.
11 Specifically, Defendants' actions deprived Plaintiff of:

12  • **The right to due process of law**, secured and protected by the **Fifth and**
13    **Fourteenth Amendments** of the Constitution.

14  • **The right to be free from coercion and extortion under color of law**.

15  • **The right to enjoy private property without unlawful interference or**
16    **deprivation**.

17   165. **Private Right of Action:** Plaintiff respectfully demands relief for the injury,
18 damage, and harm caused by Defendants' actions, as authorized under **42 U.S.C. §**
19 **1983**, which provides a **private right of action** for the deprivation of constitutional
20 rights under color of state law.

21   166. **18 U.S.C. § 241 (Conspiracy Against Rights**) expressly stipulates:

22    *"If two or more persons conspire to injure, oppress, threaten, or intimidate any person in*
23    *any State, Territory, Commonwealth, Possession, or District in the free exercise or*
24    *enjoyment of any right or privilege secured to him by the Constitution or laws of the*
25    *United States, or because of his having so exercised the same; or If two or more persons go*
26    *in disguise on the highway, or on the premises of another, with intent to prevent or hinder*
27    *his free exercise or enjoyment of any right or privilege so secured — They shall be fined*
28    *under this title or imprisoned not more than ten years, or both."*

167. Plaintiff further asserts and affirms that Defendants, acting under the authority and guise of legal processes, conspired to deprive Plaintiff of their **constitutional rights.** These actions represent a **calculated** effort to abuse their positions and disregard established legal and constitutional protections.

168. Plaintiff further affirms that Defendants' actions represent a systematic and deliberate violation of Plaintiff's rights and protections under the United States Constitution and federal law, warranting full and appropriate relief as determined by this Court.

169. Plaintiff further affirms that Defendants, acting under the authority and guise of legal processes, conspired to deprive Plaintiff of their constitutional rights. These actions represent a calculated effort to abuse their positions and disregard established legal and constitutional protections.

170. Plaintiff further affirms that Defendants' actions represent a systematic and deliberate violation of Plaintiff's rights and protections under the United States Constitution and federal law, warranting full and appropriate relief as determined by this Court.

## *SEVENTH CAUSE OF ACTION*

### **(For Receiving Extortion Proceeds against all Defendants)**

171. Plaintiff re-affirms and incorporates paragraphs 1 through 170 as if fully set forth herein.

172. Defendants employed **coercive tactics**, including the **unlawful and unconstitutional seizure of private property, threats, and false claims of authority**, to compel Plaintiff to act against their interests and submit to fraudulent claims. These actions constitute a **violation of 42 U.S.C. § 1983**, which provides a **private right of action** for the deprivation of rights secured by the **Constitution and federal law**. Defendants, **acting under color of law, have deprived Plaintiff of their property rights**, as secured under the **Fifth and Fourteenth Amendments** of the Constitution.

173. Defendants' actions also constitute **violations of 15 U.S.C. § 1 of the Sherman Antitrust Act**, which prohibits **conspiracies to restrain trade or commerce**. If these coercive and unlawful seizures of private property were part of a broader effort to **monopolize or restrain trade** (e.g., through fraudulent property acquisition or market manipulation), such actions would be in direct violation of **federal antitrust law**.

174. Moreover, by engaging in these unlawful activities, Defendants have **unlawfully received and benefited from extortion proceeds** obtained through fraudulent means, thus constituting **unjust enrichment** under the **Restatement (Second) of Torts**, which provides for civil remedies when one party benefits at the expense of another through wrongful conduct. The **wrongful nature of Defendants' actions** has caused **significant injury and harm** to Plaintiff, warranting **restitution, disgorgement of ill-gotten gains, and other appropriate remedies**.

175. **Private Right of Action:** Plaintiff asserts a private right of action to enforce their rights under **42 U.S.C. § 1983, 15 U.S.C. § 1 (Sherman Act)**, the Restatement (Second) of Torts (Unjust Enrichment), and applicable federal extortion laws to seek appropriate remedies, including but not limited to:

- **Compensatory damages for financial harm.**
- **Treble damages under 15 U.S.C. § 15(a).**
- **Restitution and disgorgement of all fraudulently obtained proceeds.**
- **Injunctive relief to prevent further extortionate and fraudulent practices.**
- Defendants **employed coercive tactics**, including but not limited to:
- **Unlawful and unconstitutional seizure of private property** through **fraudulent claims and misrepresentation of legal authority**.
- **Threats and intimidation tactics** aimed at forcing Plaintiff into compliance with fraudulent demands.

1    • **Fabrication of false debts and fraudulent security interests** designed to
2    unlawfully extract financial benefits from Plaintiff.

3    176. Defendants' actions constitute a violation of 18 U.S.C. § 880, which
4    criminalizes the receipt of extortion proceeds. By engaging in these unlawful
5    activities, Defendants have unlawfully received and benefited from extortion
6    proceeds obtained through fraudulent means, thereby reinforcing the wrongful
7    nature of their actions and the resulting harm inflicted upon Plaintiff.

8    177. **18 U.S.C. § 880 (Receiving Extortion Proceeds)** expressly stipulates:
9    *"A person who receives, possesses, conceals, or disposes of any money or other*
10   *property which was obtained from the commission of any offense under this chapter*
11   *that is punishable by imprisonment for more than 1 year, knowing the same to have*
12   *been unlawfully obtained, shall be imprisoned not more than 3 years, fined under*
13   *this title, or both."*

14   178. As a direct result of Defendants' receipt of extortion proceeds, Plaintiff has
15   suffered financial loss, deprivation of property, reputational harm, and emotional
16   distress.

17   ### *EIGHTH (8th) CAUSE OF ACTION*
18   ### (For False Pretenses and Fraud all Defendants)

19   179. Plaintiff re-affirms and incorporates paragraphs 1 through 178 as if set forth
20   herein.

21   180. Defendants' Fraudulent Actions and 'Fraud in the Factum': Defendants
22   willfully and intentionally engaged in **fraudulent actions** by knowingly
23   misrepresenting material facts and creating **fraud in the factum**, concerning the
24   **interest, ownership, title, and authority** to execute the **unlawful and**
25   **unconstitutional seizure of private property**. These actions were conducted under
26   **blatantly fraudulent and false pretenses**, and ignorance of the law is no excuse.

27   181. **False Claims of Debt and Fraudulent Proceedings:** Defendants willfully
28   and intentionally:

1      • **Created false claims of debt** to deceive Plaintiff into compliance with
2        fraudulent demands.
3      • **Placed fraudulent documents** in the post office or authorized depositories
4        for mail, constituting mail fraud.
5      • **Initiated unlawful and unconstitutional enforcement actions** that lacked
6        any **lawful or legal basis**.

7  182. By engaging in these fraudulent actions, Defendants **wrongfully deprived**
8  **Plaintiff of property or assets** through **deceptive means**, causing **direct financial**
9  **harm and legal injury** to Plaintiff.

10  183. **Fraudulent Tactics and Deceptive Representations:** Defendants **employed**
11  **fraudulent tactics**, including but not limited to:

12      • **Unlawful initiation of transactions under false pretenses.**
13      • **Deceitful representations and the use of fraudulent instruments** to obtain
14        property from Plaintiff.
15      • **Procuring signatures under false pretenses**, knowing that the documents
16        and signatures were obtained through fraudulent misrepresentations.

17  184. **Defendants' Conduct Constitutes Fraud and Misrepresentation:** Defendants'
18  actions constitute fraud and misrepresentation under common law tort principles,
19  including fraudulent misrepresentation and false pretenses. This conduct entitles Plaintiff
20  to seek damages and remedies for the unlawful appropriation of property.

21  185. **Unlawful Benefit from Fraudulent Conduct:** Defendants **unlawfully benefited**
22  from Plaintiff by **fraudulently obtaining property, goods, services, or financial benefits**,
23  which **constitutes a breach of duty** to Plaintiff. By obtaining property or value through
24  fraud, Defendants have caused **significant harm and financial loss** to Plaintiff.

25  186. **Specific Fraudulent Actions by Defendants:** Defendants' fraudulent acts
26  include, but are not limited to:

27      • **Use of Fraudulent Instruments** – Defendants used, attempted to use, or
28        procured the use of fraudulent documents, including **forged contracts,**

1  falsified notes, or other fraudulent evidence of debt, to **transfer or**
2  **encumber Plaintiff's private property**.

3  • **False Pretenses** – Defendants made **false and misleading representations**
4  with **intent to deceive** Plaintiff into **parting with private property or**
5  **financial assets**. Plaintiff reasonably relied upon these false representations
6  to their detriment.

7  • **Misappropriation of Property** – Defendants unlawfully obtained **property,**
8  **money, or goods** through **fraud, deceit, or false pretenses**, knowing that
9  the property was obtained **through fraudulent means**.

10  187. **Damages from Fraudulent Conduct:** As a **direct result** of Defendants'
11  fraudulent conduct, Plaintiff has suffered:

12  • **Actual damages** for property lost or fraudulently obtained.
13  • **Consequential damages** resulting from Defendants' fraudulent actions.
14  • **Punitive damages** due to Defendants' **willful and intentional misconduct**.

15  188. **Private Right of Action:** Plaintiff asserts a private right of action under:

16  • **18 U.S.C. § 1964 (RICO)** – Defendants' fraudulent conduct constitutes
17  **racketeering activity**, allowing Plaintiff to seek treble damages.

18  • **15 U.S.C. § 1 (Sherman Antitrust Act)** – Provides a private right of action
19  for **fraudulent practices that restrain trade or commerce** through false
20  pretenses.

21  • **State Fraud and Deceit Laws** – Plaintiff is entitled to **damages for fraud,**
22  **deceit, and misrepresentation** under **state law tort claims**.

23  189. **Recovery and Restitution:** Defendants' actions entitle Plaintiff to:

24  • **Actual damages** for property lost or fraudulently obtained.
25  • **Consequential damages** resulting from Defendants' fraudulent actions.
26  • **Punitive damages** due to Defendants' willful and intentional misconduct.
27  • **Equitable relief**, including but not limited to the return of **wrongfully**
28  **obtained property** or its financial equivalent.

190. **Unjust Enrichment:** Defendants have been unjustly enriched by receiving property or benefits through fraudulent means. Equity demands that Defendants return the unjustly obtained property or its value. Plaintiff seeks the following legal and equitable remedies:

- **Restitution of all credits, money, funds, property, or financial value wrongfully obtained by Defendants**.

- **Full compensation for the harm suffered**, including **consequential and punitive damages** resulting from Defendants' fraudulent conduct.

191. **18 U.S. Code § 1341 (Frauds and Swindles)** Expressly Stipulates:

*"**Whoever**, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both."*

192. If the violation involves a financial institution, the penalty increases to imprisonment of up to 30 years and a fine of up to $1,000,000.

193. As a direct result of Defendants' **false pretenses and fraudulent conduct,** Plaintiff has suffered financial loss, deprivation of property, reputational harm, and emotional distress.

## NINETH (9th) CAUSE OF ACTION

### (For Threats and Extortion against all Defendants)

194. Plaintiff re-affirms and incorporates paragraphs 1 through 193 as if set forth herein.

195. **Acknowledgment of Unrebutted Affidavits:** As considered, agreed, and admitted by Defendants in the unrebutted affidavits **(Exhibits E, F, G, and H)**, Defendants knowingly and willfully engaged in threatening conduct, including threats of harm and extortion, in violation of applicable laws concerning internationally protected persons, foreign officials, and nationals of the United States.

196. **Extortionate Demands and Coercion:** Defendants **made extortionate demands** or threats to **influence or coerce Plaintiff** through **intimidation, fraud, or force**, knowing that such threats would lead to harm or unlawful actions that would benefit Defendants.

197. **Nature of Defendants' Threats and Extortionate Conduct:** Defendants' actions include but are not limited to:

- **Threatening to violate the rights or safety of an internationally protected person or foreign official**, as defined under **18 U.S.C. § 112 (Protection of Foreign Officials, Official Guests, and Internationally Protected Persons)**.
- **Making extortionate demands** in connection with the threats described above.
- **Using threats, coercion, and intimidation** to force Plaintiff into compliance with **unlawful demands**.

198. **Coercion and Extortion:** By engaging in these unlawful and unconstitutional actions, Defendants knowingly engaged in coercion and extortion,

using threats to unlawfully influence or compel Plaintiff to act against their interests or submit to Defendants' fraudulent claims.

199. **Harm to Plaintiff:** Defendants' **extortionate actions** directly harmed Plaintiff by:

- **Depriving Plaintiff of their rights or property** under **duress or threat** of further deprivation and harm.
- **Forcing Plaintiff into submission through unlawful intimidation and threats.**
- **Inflicting financial, reputational, and legal damages** through coercive tactics.

200. **Unjust Enrichment of Defendants:** Defendants made these extortionate demands with full knowledge of their unlawfulness, intending to benefit from the coerced conduct. Defendants' fraudulent and coercive actions have resulted in unjust enrichment, which demands restitution under the principles of equity and common law fraud.

201. **Private Right of Action:** Plaintiff assert a **private right of action** under:

- **18 U.S.C. § 873 (Extortion by Officers or Employees of the United States)** – Provides a **civil remedy** for individuals who have been victims of extortion.
- **18 U.S.C. § 878 (Threats and Extortion Against Foreign Officials, Official Guests, or Internationally Protected Persons)** – Establishes penalties for **coercion, threats, and extortionate demands** tied to federally protected persons or entities.
- **Civil RICO (18 U.S.C. § 1964)** – Allows Plaintiff to pursue damages **when extortion is tied to racketeering activities** that involve **coercive tactics to gain unlawful financial benefits**.

202. **Civil Cause of Action for Extortion and Coercion:** Defendants' actions are subject to **private civil liability** for:

- **Compensatory damages** for Plaintiff due to **Defendants' extortion attempts**, which **forced Plaintiff into statutory compliance** through unlawful demands.

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1    • **Punitive damages** for Defendants' **intentional, willful, and malicious**
2      **extortion** under **18 U.S.C. § 878**, which provides for **criminal penalties** as
3      well as **civil liability** in cases of **coercion, threats, or extortion**.
4    • **Consequential damages** resulting from **Defendants' coercive actions**,
5      including **financial and reputational harm**.
6    • **Equitable relief**, including **restitution and the return of any property**
7      **wrongfully obtained through extortion**.
8    203. **Violation of Constitutional and Statutory Rights:** Defendants' conduct
9    also constitutes a violation of Plaintiff's constitutional and statutory rights,
10   including but not limited to:
11   • **Unlawful coercion** and the **deprivation of property**.
12   • **The use of intimidation and extortion to override due process protections**.
13   • **Forcing Plaintiff to act against their will under the threat of harm**.
14   • **Relevant Statutes and Legal Precedent**
15   204. **18 U.S. Code § 878 (Threats and Extortion Against Foreign Officials,**
16   **Official Guests, or Internationally Protected Persons)** expressly stipulates:
17      *"(a) Whoever knowingly and willfully threatens to violate 18 U.S. Code §*
18      *112, 18 U.S. Code § 1116, or 18 U.S. Code § 1201 shall be fined under this*
19      *title or imprisoned not more than five years, or both, except that*
20      *imprisonment for a threatened assault shall not exceed three years.*
21      *(b) Whoever in connection with any violation of subsection (a) or actual*
22      *violation of 18 U.S. Code § 112, 18 U.S. Code § 1116, or 18 U.S. Code § 1201*
23      *makes any extortionate demand shall be fined under this title or imprisoned*
24      *not more than twenty years, or both.*
25      *(c) For the purpose of this section, "foreign official," "internationally*
26      *protected person," "national of the United States," and "official guest" shall*
27      *have the same meanings as those provided in 18 U.S. Code § 1116(a).*
28      *(d) If the victim of an offense under subsection (a) is an internationally*

1   *protected person outside the United States, the United States may exercise*

2   *jurisdiction over the offense if:*

3   *- The victim is a representative, officer, employee, or agent of the United*

4   *States.*

5   *- The offender is a national of the United States.*

6   *- The offender is afterward found in the United States.*

7   205. **Relief Sought:** Plaintiff seeks the following **civil and equitable**

8   **remedies**:

9   - **Compensatory damages** for the harm suffered due to the **unlawful**

10   **and extortionate conduct** of Defendants.

11   - **Consequential damages** arising from **Defendants' coercive actions**,

12   including **financial and reputational harm**.

13   - **Punitive damages** for **Defendants' intentional, malicious, and willful**

14   **misconduct** in unlawfully **threatening and coercing Plaintiff**.

15   - **Restitution and disgorgement** of any **wrongfully obtained property**

16   **or financial gains** resulting from **extortion and coercion**.

17   - **Equitable relief**, including **an injunction against further coercive or**

18   **extortionate conduct** by Defendants.

19   - As a **direct result** of **Defendants' coercion, extortion, and unjust**

20   **enrichment**, Plaintiff has suffered **financial loss, emotional distress,**

21   **reputational harm, and the deprivation of their rights under federal**

22   **law**.

23   ### TENTH (10th) CAUSE OF ACTION

24   ### (For Racketeering against all Defendants)

25   206. Plaintiff re-asserts and re-affirms and incorporates paragraphs 1 through

26   205 as if set forth herein.

27   207. **Defendants' Racketeering Scheme:** Defendants willfully and intentionally

28   engaged in a pattern of racketeering activity designed to defraud, extort, and

1  unlawfully deprive Plaintiff of their property and rights. This conduct constitutes
2  racketeering under 18 U.S.C. § 1961 et seq., as Defendants engaged in multiple
3  predicate acts of fraud, extortion, mail and wire fraud, conspiracy, and the unlawful
4  assertion of jurisdiction to further their scheme.

5      208. Defendants' actions include but are not limited to:

6  • **Fraudulent misrepresentations regarding financial transactions, debt**
7  **obligations, and the creation of money.**

8  • **Knowingly asserting false claims of debt to coerce compliance.**

9  • **Filing fraudulent documents with courts and financial institutions to**
10  **legitimize unlawful claims.**

11  • **Attempting to force Plaintiff into their jurisdiction despite being made**
12  **aware of the lack of jurisdiction.**

13  • **Conspiring to violate Plaintiff's constitutional rights through coercion,**
14  **intimidation, and fraudulent legal actions.**

15      209. Defendants' actions were committed as part of a broader scheme to **extort**
16  **financial and property interests from Plaintiff through fraudulent and deceptive**
17  **practices**, demonstrating **a clear pattern of racketeering activity** as defined under
18  **18 U.S.C. § 1961(1)**.

19      210. **Predicate Acts of Racketeering: Defendants have engaged in multiple**
20  **predicate acts of racketeering,** including but not limited to:

21  • **Mail Fraud (18 U.S.C. § 1341)** – Defendants used the U.S. mail and
22  commercial carriers to send **fraudulent documents, false financial claims,**
23  **and unlawful notices** to deceive Plaintiff.

24  • **Wire Fraud (18 U.S.C. § 1343)** – Defendants transmitted fraudulent
25  communications via electronic means to further their racketeering scheme.

26  • **Extortion (18 U.S.C. § 1951, Hobbs Act)** – Defendants used threats,
27  coercion, and intimidation to force Plaintiff to submit to fraudulent
28  demands.

-83 of 116-

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1    • **Money Laundering (18 U.S.C. §§ 1956, 1957)** – Defendants engaged in financial
2        transactions designed to disguise the fraudulent nature of their activities.

3    • **Conspiracy to Commit Racketeering (18 U.S.C. § 1962(d))** – Defendants
4        conspired with others to carry out a pattern of racketeering activity with the
5        intent to defraud and extort Plaintiff.

6    211. **Unlawful Assertion of Jurisdiction as a Racketeering Tactic:** Defendants'
7    **fraudulent assertion of jurisdiction** over Plaintiff is an integral part of their
8    racketeering enterprise. Specifically, Defendants:

9    • **Falsely claimed authority over Plaintiff despite being notified that no**
10       **jurisdiction existed.**

11   • **Attempted to coerce Plaintiff into recognizing an unlawful jurisdiction**
12       **through fraud, intimidation, and economic duress.**

13   • **Conspired to use fraudulent legal proceedings as a means to enforce**
14       **illegitimate claims and extract financial gains from Plaintiff.**

15   212. This **abuse of legal processes** is a key racketeering tactic that violates **18**
16   **U.S.C. §§ 1341, 1343, 1951, and 1962**.

17   213. **Private Right of Action Under RICO:** Pursuant to **18 U.S.C. § 1964(c)**
18   **(RICO)**, Plaintiff asserts a **private right of action** for damages resulting from
19   Defendants' **racketeering activities**, including but not limited to:

20   • **The unlawful deprivation of property and economic resources.**

21   • **Fraudulent legal claims and financial extortion.**

22   • **Economic harm, reputational damage, and emotional distress.**

23   214. **Pattern of Racketeering Activity:** Defendants have engaged in a **pattern of**
24   **racketeering activity**, demonstrating their intent to:

25   • **Defraud Plaintiff through false financial claims and fraudulent**
26       **transactions.**

27   • **Conceal unlawful financial transactions through fraudulent filings and**
28       **misrepresentations.**

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — **Dated:** April 17, 2025

1  • **Coerce compliance through threats, deception, and financial**
2     **manipulation.**

3  • **Enforce fraudulent claims through the unlawful assertion of jurisdiction.**

4  215. **Relief Sought:** As a **direct result** of Defendants' **racketeering and**
5  **fraudulent conduct**, Plaintiff has suffered:

6  • **Compensatory damages** for financial losses incurred as a result of the
7     racketeering scheme.

8  • **Treble damages under 18 U.S.C. § 1964(c) (RICO)** due to the **extensive**
9     **pattern of racketeering activity**.

10  • **Punitive damages** due to **Defendants' intentional and willful misconduct**.

11  • **Equitable relief**, including **injunctive relief to prevent further racketeering**
12     **activity** and **disgorgement of unlawfully obtained property or funds**

13              *ELEVENTH (11th) CAUSE OF ACTION*

14            **(For Bank Fraud against all Defendants)**

15  216. Plaintiff re-affirms and incorporates paragraphs 1 through 215 as if set forth
16  herein.

17  217. Plaintiff hereby asserts a cause of action for bank fraud under 12 U.S. Code
18  § 1831, which provides a basis for a **private cause of action** for the unlawful
19  conduct of Defendants.

20  1. **Violation of 12 U.S. Code § 1831 – Bank Fraud**

21     Defendants willfully and intentionally violated 12 U.S. Code § 1831, which
22     expressly stipulates:

23     "Whoever knowingly executes, or attempts to execute, a scheme or artifice—
24     (1) to defraud a financial institution; or (2) to obtain any of the moneys,
25     funds, credits, assets, securities, or other property owned by, or under the
26     custody or control of a financial institution, by means of false or fraudulent
27     pretenses, representations, or promises; shall be fined not more than
28     $1,000,000 or imprisoned not more than 30 years, or both."

2. **Defendants' Scheme to Defraud**

   Defendants engaged in a deliberate and fraudulent scheme to defraud a
   financial institution, specifically by placing fraudulent claims on the
   property, misrepresenting ownership, and creating false debt instruments,
   all under false pretenses. These actions were executed with the intent to
   unlawfully obtain funds, securities, assets, and other property under the
   custody and control of the financial institution.

3. **Plaintiff's Financial Harm**

   The fraudulent conduct perpetrated by Defendants caused substantial
   financial harm to Plaintiff. By unlawfully manipulating financial assets and
   misleading the financial institution, Defendants' actions further violated
   Plaintiff's rights, resulting in significant economic damages.

4. **Damages Sought**

   As a result of the Defendants' violations of 12 U.S. Code § 1831, Plaintiff
   seeks to recover compensatory damages, including but not limited to
   financial losses, consequential damages, and any other relief the Court
   deems appropriate. Additionally, Plaintiff seeks punitive damages in order
   to deter further unlawful conduct

218. Defendants willfully and intentionally violated **18 U.S. Code § 1344 –
Bank Fraud**, which expressly stipulates: "**Whoever knowingly executes, or
attempts to execute**, a scheme or artifice — (1) to defraud a financial
institution; or (2) to obtain any of the **moneys, funds, credits, assets,
securities, or other property** owned by, or under the custody or control of a
financial institution, by means of false or fraudulent pretenses,
representations, or promises; shall be fined not more than **$1,000,000** or
imprisoned not more than **30 years, or both**." Defendants engaged in a
scheme to defraud the financial institution by placing fraudulent claims on
the property, misrepresenting ownership, and creating false debt instruments,

1    all while under false pretenses. Their actions were designed to obtain funds,

2    securities, and assets unlawfully, further violating Plaintiff's rights and

3    causing financial harm."

4                ***TWELFTH (12th) CAUSE OF ACTION***

5    **(For Fraudulent Transportation and Transfer of Stolen  Goods, Property,**

6                 **and Securities against all Defendants)**

7      219. Plaintiff re-affirms and incorporates paragraphs 1 through 218 as if set forth

8    herein.

9      220. **Defendants' Unlawful Actions:** Defendants willfully and knowingly

10   engaged in the unlawful transportation, transmission, and transfer of stolen,

11   converted, and fraudulently obtained goods, securities, and money across state

12   lines, in violation of:

13       •   **18 U.S. Code § 2314** – Prohibits the interstate transportation of stolen, converted,

14          or fraudulently obtained property, including securities and money.

15       •   **18 U.S. Code § 2315** – Prohibits the receipt, possession, concealment, and

16          disposal of stolen or fraudulently obtained goods, securities, or money.

17       •   **15 U.S. Code § 78j (Securities Exchange Act of 1934)** – Prohibits

18          manipulative and deceptive practices in connection with the purchase or

19          sale of securities.

20      221. Defendants engaged in a coordinated scheme to unlawfully acquire

21   and transfer Plaintiff's property and financial interests, including but not

22   limited to:

23       •   **Real property** fraudulently transferred through **forged deeds and**

24          **fraudulent filings**.

25       •   **Monetary instruments and negotiable instruments** unlawfully converted

26          through deception and misrepresentation.

27       •   **Financial securities and assets exceeding $5,000 in value** obtained through

28          fraudulent means.

[AMENDED] VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, THEFT, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, CONSPIRACY, RACKETEERING, KIDNAPPING, TORTURE, and DORMANT PREEMPTION AS A MATTER OF LAW

222. **Fraudulent Transfers and Participation in Deceptive Conduct:** Defendants **knowingly participated** in fraudulent transfers of **assets and securities**, including but not limited to:

- **Fabricated financial documents** falsely asserting ownership over Plaintiff's property.
- **Fraudulent deeds and forged instruments** used to unlawfully transfer ownership of Plaintiff's assets.
- **Misrepresentation of financial obligations** designed to coerce Plaintiff into **accepting false claims**.

223. These fraudulent activities were knowingly executed by Defendants despite being on notice of their illegality, as evidenced by the verified and *unrebutted* commercial affidavits (**Exhibits E, F, G, and H**).

224. **Conspiracy to Defraud:** Defendants conspired to transport and transfer stolen goods, property, and financial securities, with the specific intent to:

- **Deprive Plaintiff of their rightful assets.**
- **Conceal the fraudulent nature of their acquisitions.**
- **Manipulate financial records to create the appearance of legitimacy.**

225. This conspiracy violates 15 U.S. Code § 78j, which prohibits fraud, misrepresentation, and deceptive conduct in the sale or transfer of securities.

226. **Execution of Fraudulent and Unlawful Transfers:** Defendants' scheme to unlawfully transfer Plaintiff's property, including financial securities, was executed without legal authority or justification, demonstrating:

- **Intentional misrepresentation** in legal filings and financial records.
- **Knowingly transferring stolen and fraudulently acquired assets**.
- **Utilizing deceptive practices to obscure the unlawful nature of their transactions**.

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

227. **Violations of the Fair Debt Collection Practices Act (FDCPA):** As further evidenced by the unrebutted commercial affidavits, Defendants engaged in fraudulent debt collection practices, in violation of:

- **15 U.S. Code § 1692 (FDCPA)** – Prohibits deceptive and misleading debt collection practices.
- **15 U.S. Code § 1692e** – Prohibits false representations and deceptive conduct in the collection of debts.
- **15 U.S. Code § 1692f** – Prohibits unfair or unconscionable means to collect or attempt to collect any debt.

228. Defendants:

- **Falsely represented financial obligations** through fraudulent documents and fabricated debt instruments.
- **Coerced Plaintiff into compliance** using unlawful and deceptive tactics.
- **Attempted to mislead Plaintiff into relinquishing property, funds, or assets** under false pretenses.

229. **Harm and Financial Loss:** As a **direct result** of Defendants' unlawful conduct, Plaintiff has suffered:

- **The wrongful deprivation of property and financial securities.**
- **Significant emotional distress and reputational harm.**
- **Financial damages resulting from forced legal proceedings to reclaim unlawfully transferred assets.**
- **Loss of revenue**

230. **Private Right of Action and Relief Sought:** Plaintiff asserts a private right of action under:

- **18 U.S.C. § 2314 and § 2315** – Plaintiff seeks full **compensatory and treble damages** for losses incurred due to Defendants' fraudulent transfer and transportation of stolen property.

1  • **15 U.S. Code § 78j** – Plaintiff seeks **injunctive relief** and **damages** for

2  Defendants' deceptive and fraudulent securities transactions.

3  • **15 U.S. Code § 1692k (FDCPA)** – Plaintiff is entitled to:

4  o **Actual damages** for financial loss.

5  o **Statutory damages** due to Defendants' deceptive debt collection

6  practices.

7  o **Attorney's fees and costs** associated with enforcing their rights.

8  231. Defendants have engaged in a systematic scheme to fraudulently transport

9  and transfer stolen property, securities, and financial instruments, in violation of

10  federal racketeering, fraud, and debt collection laws. Plaintiff seeks full redress,

11  damages, and equitable relief as provided under all applicable laws.

12  ## THIRTEENTH (13th) CAUSE OF ACTION

13  ## (For Torture against all Defendants)

14  232. Plaintiff re-affirms and incorporates paragraphs 1 through 231 as if set forth

15  herein.

16  233. **Defendants' Unlawful and Unconstitutional Acts:** Defendants willfully

17  and intentionally subjected Plaintiff to unlawful and unconstitutional arrest,

18  detention, and involuntary imprisonment, constituting torture and cruel, inhuman,

19  and degrading treatment in violation of federal and international law. Defendants'

20  actions include but are not limited to:

21  • **The unlawful deprivation of Plaintiff's liberty *without* due process of law.**

22  • **The use of coercion, threats, and force to compel Plaintiff into compliance.**

23  • **The infliction of severe mental, emotional, and physical distress.**

24  • **Deliberate indifference to Plaintiff's constitutional and human rights.**

25  234. These actions constitute acts of torture, as defined under 18 U.S.C. § 2340

26  and § 2340A (Torture Statute), which prohibits acts intended to inflict severe pain or

27  suffering, whether physical or mental, upon a person in custody or control of

28  government officials or agents.

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — **Dated: April 17, 2025**

235. **Unlawful Arrest and Involuntary Imprisonment as Torture:** Defendants acted **under the color of law** to unlawfully seize, detain, and imprison Plaintiff without lawful authority, violating:

- **42 U.S.C. § 1983** – Deprivation of rights under the color of law.
- **42 U.S.C. § 1985** – Conspiracy to interfere with civil rights.
- **42 U.S.C. § 1986** – Neglect to prevent civil rights violations.

236. The false imprisonment and deprivation rights and of liberty were carried out with:

- **No valid warrant or probable cause.**
- **No due process, lawful charges, or legitimate legal justification.**
- **No immediate access to legal counsel, communication, or redress.**

237. Defendants' actions violated Plaintiff's fundamental rights, including but not limited to:

- **The Fourth Amendment** – Protection against **unlawful searches and seizures**.
- **The Fifth and Fourteenth Amendments** – Right to **due process** and **protection against self-incrimination and coercion**.
- **The Eighth Amendment** – Prohibition of **cruel and unusual punishment**, including inhumane treatment.

238. **Mental and Physical Suffering Inflicted:** Defendants' coercive and unlawful tactics caused Plaintiff:

- **Severe emotional and psychological trauma**, including distress, humiliation, and fear.
- **Physical harm and deterioration** due to mistreatment while unlawfully detained.
- **Economic losses, reputational damage, and the deprivation of life, liberty, and property.**

239. Defendants acted with intent to:

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

- **Break Plaintiff's will through coercion, threats, and duress.**
- **Cause prolonged suffering through unlawful confinement and psychological manipulation.**
- **Force Plaintiff into compliance with fraudulent and unlawful legal proceedings.**

240. **Private Right of Action and Relief Sought:** Plaintiff asserts a private right of action under:

- **18 U.S.C. § 2340A** – Prohibiting acts of torture committed under color of law.
- **42 U.S.C. § 1983** – Seeking damages for violations of constitutional rights.
- **42 U.S.C. § 1985** – Seeking damages for conspiracy to violate civil rights.
- **42 U.S.C. § 1986** – Seeking damages for failure to prevent rights violations.

241. Plaintiff seeks the Following Relief:

- **Compensatory damages** for physical, emotional, and economic harm.
- **Treble damages under 18 U.S.C. § 2340A for acts of torture.**
- **Punitive damages** to deter future unconstitutional conduct.
- **Injunctive relief** to prevent further abuse by Defendants.

242. Defendants deliberately engaged in acts of torture, unlawful imprisonment, and cruel and inhumane treatment under color of law, violating constitutional, statutory, and international human rights protections. Plaintiff demand full redress, damages, and equitable relief as provided under all applicable laws.

## FOURTEENTH (14th) CAUSE OF ACTION
### (For Kidnapping against all Defendants)

243. Plaintiff re-affirms and incorporates paragraphs 1 through 242 as if fully set forth herein.

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #**RF775824950US** — **Dated: April 17, 2025**

244. **Defendants' Unlawful and Unconstitutional Acts:** Defendants willfully and intentionally engaged in the unlawful seizure, detention, and forced transportation of Plaintiff against their will, constituting kidnapping under federal law. Defendants' actions include but are not limited to:

- **The unlawful deprivation of Plaintiff's liberty through force, threats, deception, or coercion.**
- **The illegal arrest, detention, and transportation of Plaintiff without lawful authority or due process.**
- **The use of intimidation and duress to compel Plaintiff into submission.**
- **The refusal to recognize Plaintiff's constitutional protections and lawful objections.**

245. These actions constitute kidnapping as defined under 18 U.S.C. § 1201(a) (Federal Kidnapping Act), which states:

> "***Whoever*** *unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when — (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported; (2) the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the offense; (3) any person is kidnapped within the special maritime and territorial jurisdiction of the United States; or (4) the offense involves a foreign official, an internationally protected person, or an official guest as those terms are defined in section 1116(b) of this title, shall be punished by imprisonment for any term of years or for life."*

246. **Unlawful Arrest and Forced Detention as Kidnapping:** Defendants acted under the color of law to unlawfully seize, detain, and transport Plaintiff without legal authority, in violation of:

- **42 U.S.C. § 1983 –** Deprivation of rights under color of law.

- **42 U.S.C. § 1985** – Conspiracy to interfere with civil rights.
- **42 U.S.C. § 1986** – Neglect to prevent civil rights violations.

247. The false arrest and forced detention were executed:

- **Without a valid warrant, probable cause, or lawful justification.**
- **Without providing Plaintiff with due process or access to legal representation.**
- **Through threats, coercion, and physical restraint, depriving Plaintiff of their freedom.**

248. Defendants' actions violated Plaintiff's constitutional rights, including:

- **The Fourth Amendment** – Protection against **unlawful searches and seizures**.
- **The Fifth and Fourteenth Amendments** – Right to **due process** and **protection from unlawful detention**.
- **The Eighth Amendment** – Prohibition of **cruel and unusual punishment**.
- **Forced Transportation and Deprivation of Liberty**

249. Defendants kidnapped Plaintiff by physically restraining, transporting, and detaining them against their will under fraudulent and unlawful pretense, including but not limited to:

- **Forcing Plaintiff into custody without lawful authority.**
- **Transporting Plaintiff against their will to an undisclosed or unauthorized location.**
- **Detaining Plaintiff unlawfully while depriving them of communication and legal recourse.**

250. These actions constitute kidnapping and unlawful imprisonment, carried out willfully and with deliberate intent to deprive Plaintiff of their rights.

251. **Harm and Damages Suffered:** As a **direct result** of Defendants' unlawful conduct, Plaintiff suffered:

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1    • **Severe emotional distress, trauma, and psychological harm.**

2    • **Physical harm resulting from unlawful restraint and detention.**

3    • **Reputational damage, loss of income, and deprivation of life, liberty, and**

4    **property.**

5    252. **Private Right of Action and Relief Sought:** Plaintiff asserts a private right

6    of action under:

7    • **18 U.S.C. § 1201(a) (Federal Kidnapping Act)** – Prohibits the unlawful

8    seizure and transportation of individuals.

9    • **42 U.S.C. § 1983** – Provides for civil liability for those acting under color of

10    law who deprive individuals of their constitutional rights.

11    • **42 U.S.C. § 1985** – Prohibits conspiracies to interfere with constitutional

12    rights, including unlawful abduction.

13    • **42 U.S.C. § 1986** – Holds those accountable who fail to prevent civil rights

14    violations.

15    253. **Plaintiff seeks the Following Relief:**

16    • **Compensatory damages** for emotional, physical, and financial harm.

17    • **Treble damages under 18 U.S.C. § 1201 for acts of kidnapping.**

18    • **Punitive damages** to deter future unlawful detentions and abductions.

19    • **Injunctive relief** to prevent further unlawful acts by Defendants.

20    254. Defendants **willfully and unlawfully seized, transported, and detained**

21    **Plaintiff against their will, depriving them of their fundamental rights**. Plaintiff

22    demand **full redress, damages, and equitable relief under all applicable laws**.

23    ### *FIFTEENTH (15th) CAUSE OF ACTION*

24    ### (Forced Peonage — Against all Defendants)

25    255. Plaintiff re-affirms and incorporates paragraphs 1 through 254 as if fully set

26    forth herein.

27    256. **Defendants' Unlawful and Unconstitutional Acts:** Defendants willfully

28    and intentionally subjected Plaintiff to forced peonage, involuntary servitude, and

1  economic coercion, in violation of federal law and constitutional protections.

2  Plaintiff was unlawfully compelled to work, perform obligations, or comply with

3  fraudulent demands under duress, coercion, and the threat of legal and financial

4  penalties, including but not limited to:

5      • **Unlawful and unconstitutional enforcement of financial claims without**

6          **due process.**

7      • **Compelling Plaintiff to pay or perform under threats of arrest, asset**

8          **seizure, or legal action.**

9      • **Depriving Plaintiff of their right to be free from involuntary servitude**

10         **and forced labor.**

11     • **Using fraud, coercion, and intimidation to impose involuntary financial**

12         **and contractual obligations.**

13     257. These actions constitute peonage and forced servitude under **18 U.S.C. §**

14  **1581 (Peonage Law), 18 U.S.C. § 1584 (Involuntary Servitude)**, and the **Thirteenth**

15  **Amendment** of the United States **Constitution**, which prohibit:

16         *"Holding or returning any person to a condition of peonage, or arresting them with*

17         *the intent to place them in such condition."*

18         *"Knowingly and willfully holding any person in involuntary servitude, except as*

19         *punishment for a crime whereof the party has been duly convicted."*

20     258. **Defendants' Scheme to Enforce Peonage Through Coercion and Threats:**

21  Defendants acted under color of law to compel Plaintiff into compliance with

22  fraudulent financial and legal demands, in violation of:

23     • **42 U.S.C. § 1983** – Deprivation of rights under color of law.

24     • **42 U.S.C. § 1985** – Conspiracy to interfere with civil rights.

25     • **42 U.S.C. § 1986** – Neglect to prevent civil rights violations.

26     • **15 U.S.C. § 1692 (FDCPA)** – Prohibiting fraudulent and coercive financial

27         demands.

28     259. Defendants' actions forced Plaintiff into involuntary compliance by:

- **Threatening financial ruin, legal penalties, and physical confinement to compel labor, payment, or performance.**
- **Fabricating legal claims and financial obligations to keep Plaintiff in a cycle of perpetual servitude.**
- **Illegally seizing or threatening to seize Plaintiff's property to enforce compliance.**
- **Coercing Plaintiff into fraudulent contractual agreements under economic duress.**

260. **Economic Coercion as a Form of Peonage:** Defendants' fraudulent enforcement of obligations through **threats, coercion, and economic restraint** constitutes **forced peonage**, as:

- **Plaintiff was unlawfully and unconstitutionally extorted and coerced to pay or perform under threat of harm.**
- **Defendants unlawfully asserted financial and legal control over Plaintiff's lives.**
- **Plaintiff were deprived of the ability to challenge these fraudulent claims without severe financial and legal consequences.**

261. Defendants utilized legal and financial mechanisms to create a system of involuntary servitude, using debt, force, and coercion as tools of control, violating:

- **18 U.S.C. § 1581** – Peonage, compelling a person to work off a debt through force or threat.
- **18 U.S.C. § 1584** – Involuntary servitude, unlawfully coercing an individual to labor against their will.
- **The Thirteenth Amendment** – Prohibiting slavery and involuntary servitude except as punishment for a crime after due process.

262. **Harm and Damages Suffered:** As a **direct result** of Defendants' actions, Plaintiff has suffered:

- **Severe financial losses due to unlawful coercion.**

- **Emotional distress, mental anguish, and reputational damage.**
- **Deprivation of rights, property, and economic independence.**

263. **Private Right of Action and Relief Sought:** Plaintiff asserts a private right of action under:

- **18 U.S.C. § 1581 (Peonage Law)** – Prohibiting forced labor or servitude under threat or coercion.
- **18 U.S.C. § 1584 (Involuntary Servitude)** – Prohibiting the use of force or legal coercion to enslave or control individuals.
- **42 U.S.C. § 1983** – Civil remedy for deprivation of rights under color of law.
- **42 U.S.C. § 1985** – Prohibiting conspiracies to interfere with constitutional rights, including economic servitude.
- **42 U.S.C. § 1986** – Liability for failing to prevent civil rights violations.
- **15 U.S.C. § 1692 (FDCPA)** – Prohibiting deceptive financial practices and coercion.

264. **Plaintiff seeks the Following Relief:**

- **Compensatory damages** for financial, emotional, and reputational harm.
- **Treble damages under 18 U.S.C. § 1581 for forced peonage.**
- **Punitive damages** to deter future unconstitutional conduct.
- **Injunctive relief** to prevent further acts of peonage and forced servitude.

265. Defendants **willfully engaged in the unlawful imposition of forced peonage and economic servitude**, violating **constitutional, statutory, and human rights protections**. Plaintiff respectfully demands **full redress, damages, and equitable relief under all applicable laws**.

## SIXTEENTH (16th) CAUSE OF ACTION

### (Unlawful Interference, Intimidation, Extortion, and Emotional Distress— Against all Defendants)

266. Plaintiff re-affirms and incorporates paragraphs 1 through 265 as if fully set forth herein.

267. **Defendants' Unlawful Conduct:** Defendants willfully and knowingly engaged in unlawful interference, intimidation, and extortion, designed to coerce, manipulate, and deprive Plaintiff of their rights, property, and economic interests. This conduct included:

- **Threats of violence, intimidation, and coercion** to force Plaintiff into compliance with unlawful demands.
- **Intentional disruption of Plaintiff's business and economic pursuits** through extortionate tactics.
- **Use of fear and duress to interfere with Plaintiff's lawful activities**.
- Defendants' actions were **malicious, unlawful, and calculated to inflict harm**, constituting violations of:
- **18 U.S.C. § 1951 (Hobbs Act)** – Prohibiting extortion through wrongful use of force, violence, or threats.
- **18 U.S.C. § 875** – Criminalizing threats made through electronic communication.
- **42 U.S.C. § 1983** – Prohibiting deprivation of rights under color of law.
- **42 U.S.C. § 1985** – Prohibiting conspiracies to interfere with civil rights.
- **42 U.S.C. § 1986** – Holding accountable those who fail to prevent civil rights violations.

268. **Threats and Coercion:** Defendants **intentionally engaged in coercive tactics** designed to instill fear and force Plaintiff to act against their will. These threats:

- **Were communicated through electronic means, written correspondence, and verbal intimidation.**
- **Included explicit and implicit threats of harm, financial ruin, and legal repercussions.**
- **Were aimed at coercing Plaintiff into relinquishing their property, business interests, or legal rights.**

269. Defendants' admissions in their ***unrebutted* affidavits** confirm that these threats were made with the specific intent to intimidate, coerce, and interfere with Plaintiff's lawful activities. These affidavits, being uncontested, must be deemed as established facts under applicable legal principles.

270. **Resulting Economic and Emotional Harm:** As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered:

**A. Economic Damages**

- **Loss of business opportunities and revenue** due to Defendants' intentional interference.
- **Damage to Plaintiff's business reputation** caused by Defendants' wrongful conduct.
- **Significant financial losses** stemming from extortionate demands and threats.

**B. Emotional Distress**

- **Severe emotional trauma, humiliation, and anxiety** inflicted through threats and coercion.
- **Psychological harm** resulting from Defendants' reckless disregard for Plaintiff's well-being.
- **Mental anguish caused by intimidation and wrongful interference with Plaintiff's livelihood.**

271. These damages, detailed in Plaintiff's ***unrebutted* affidavits**, remain unchallenged by Defendants and must therefore be accepted as true and dispositive.

272. **Extortionate Conduct:** Defendants' actions constitute extortion under 18 U.S.C. § 1951 (Hobbs Act), which criminalizes:

> *"The obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."*

273. Defendants' acts included:

[AMENDED] VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, THEFT, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, CONSPIRACY, RACKETEERING, KIDNAPPING, TORTURE, and SUMMARY JUDGEMENT AS A **MATTER OF LAW**

1    • Coercing Plaintiff into relinquishing property, services, or financial assets.

2    • **Coercing and forcing Plaintiff to act against their will under threat of**
3      **harm, legal consequences, or financial destruction.**

4    • **Engaging in fraud and intimidation to deprive Plaintiff of their rightful**
5      **property and business interests.**

6    274. These acts, documented in Plaintiff's unrebutted affidavits, remain
7    uncontested and must be accepted as legal fact.

8    275. **Outrageous and Extreme Behavior:** Defendants' conduct was extreme,
9    outrageous, and beyond all bounds of decency, demonstrating:

10   • **A reckless disregard for Plaintiff's economic and personal well-being.**

11   • **Deliberate efforts to manipulate, threaten, and coerce Plaintiff into**
12     **compliance with unlawful demands.**

13   • **A willful intent to disrupt Plaintiff's lives through intimidation,**
14     **extortion, and fraud.**

15   276. **Damages and Relief:** As a **direct and proximate result** of Defendants'
16   unlawful acts, Plaintiff seeks the following relief:

17   **A. Compensatory Damages**

18   • **Restitution for financial losses** resulting from unlawful interference and
19     extortion.

20   • **Damages for severe emotional distress** and psychological harm.

21   • **Recovery of expenses, including legal costs incurred to defend against**
22     **Defendants' intimidation tactics.**

23   B. **Punitive Damages**

24   • **To punish Defendants for their willful, malicious, and unlawful conduct.**

25   • **To deter similar wrongful actions in the future.**

26   C. **Other Relief**

27   • **Injunctive relief** to prevent further intimidation, interference, and extortion
28     by Defendants.

1    • **Any additional relief deemed just and appropriate by the Court.**

2    277. *Unrebutted* **Affidavits and Legal Entitlement:** Defendants failed to rebut

3    Plaintiff's sworn affidavits, which provide uncontested evidence of unlawful

4    interference, intimidation, and extortion. Under established legal principles, these

5    affidavits must be deemed as true and dispositive.

6    278.  Defendants *willfully* engaged in a coordinated scheme of intimidation,

7    extortion, and interference, violating federal law, constitutional protections, and

8    civil rights statutes. Plaintiff respectfully demands full redress, compensatory and

9    punitive damages, and equitable relief under all applicable laws

10    ## SEVENTEENTH (17th) CAUSE OF ACTION

11    ## (Declaratory Judgement and Relief — Against all Defendants)

12    279. Plaintiff re-affirms and incorporates paragraphs 1 through 278 as if fully set

13    forth herein.

14    280. **Nature of the Relief Sought:** Plaintiff seeks a **declaratory judgment**

15    affirming that Defendants have engaged in **unlawful, fraudulent, and injurious**

16    **conduct** and that Plaintiff is entitled to **immediate legal and equitable relief** as a

17    matter of law. This Court is empowered under **28 U.S.C. § 2201 (Declaratory**

18    **Judgment Act)** to declare the rights, status, and legal relations of the parties in this

19    matter.

20    281. Plaintiff further asserts that all facts, claims, and allegations stated herein

21    have been unrebutted and, under applicable law, must be deemed true and

22    dispositive. Accordingly, Plaintiff is entitled to a declaratory judgment confirming

23    the following:

24    ### 1. Fraud and Misrepresentation

25    Defendants knowingly engaged in **fraudulent misrepresentation** by

26    falsifying financial obligations, misrepresenting material facts, and asserting

27    authority they did not lawfully possess. Plaintiff seeks a declaration that

28    Defendants' actions constitute **fraud in the factum** and **fraudulent**

1  **inducement**, rendering all transactions, claims, and agreements void ab

2  initio.

3  **2. Breach of Contract**

4  Defendants **willfully and intentionally breached contractual obligations**,

5  violating express and implied agreements, including but not limited to

6  fraudulently created financial obligations. Plaintiff seeks a declaration that

7  Defendants' conduct constitutes **a material breach**, entitling Plaintiff to **full**

8  **restitution and damages**.

9  **3. Theft, Embezzlement, and Fraudulent Misapplication of Funds and**

10 **Assets**

11 Defendants unlawfully took possession of, converted, or misapplied funds

12 and assets belonging to Plaintiff, in violation of **18 U.S.C. §§ 656 and 666**.

13 Plaintiff seeks a declaration confirming Defendants' **unlawful**

14 **appropriation of funds and assets**, requiring **full restitution and treble**

15 **damages**.

16 **4. Fraud, Forgery, and Unauthorized Use of Identity**

17 Defendants engaged in **identity theft, forgery, and fraud**, fabricating false

18 claims and documents to manipulate legal and financial proceedings.

19 Plaintiff seeks a declaration that all fraudulent claims, transactions, and

20 instruments are **null and void** as a matter of law.

21 **5. Monopolization of Trade and Commerce, and Unfair Business Practices**

22 Defendants conspired to monopolize trade, restrict competition, and restrain

23 commerce through fraudulent and unfair practices, violating **15 U.S.C. § 2**.

24 Plaintiff seeks a declaration that Defendants' **anticompetitive and monopolistic**

25 **conduct** renders all related transactions **unenforceable and unlawful**.

26 **6. Deprivation of Rights Under Color of Law**

27 Defendants, acting under **color of law**, **deprived Plaintiff of fundamental**

28 **rights** in violation of **42 U.S.C. § 1983**. Plaintiff seeks a declaration that

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1    Defendants **violated Plaintiff's constitutionally protected rights** and are

2    **liable for compensatory and punitive damages**.

3    <u>7. Receiving Extortion Proceeds</u>

4    Defendants **knowingly received and benefited from proceeds obtained**

5    **through extortion**, violating **18 U.S.C. § 880**. Plaintiff seeks a declaration

6    confirming Defendants' **unjust enrichment through criminal means**,

7    requiring full disgorgement and treble damages.

8    <u>8. False Pretenses and Fraud</u>

9    Defendants engaged in **fraudulent misrepresentation and false pretenses**

10    to unlawfully obtain assets, violating **18 U.S.C. § 1341**. Plaintiff seeks a

11    declaration that all fraudulently obtained property, funds, and assets **must**

12    **be returned to Plaintiff immediately**.

13    <u>9. Threats and Extortion</u>

14    Defendants engaged in **coercion, intimidation, and extortion**, in violation

15    of **18 U.S.C. § 1951 (Hobbs Act)**. Plaintiff seeks a declaration that

16    Defendants **engaged in unlawful threats and extortion**, entitling Plaintiff to

17    **full compensatory and punitive damages**.

18    <u>10. Racketeering (RICO Violations)</u>

19    Defendants engaged in a **pattern of racketeering activity** under **18 U.S.C. §**

20    **1961 et seq.**, including fraud, extortion, and money laundering. Plaintiff

21    seek a declaration confirming Defendants' **criminal liability under RICO**,

22    entitling Plaintiff to **treble damages and injunctive relief**.

23    <u>11. Bank Fraud</u>

24    Defendants engaged in **fraudulent banking transactions**, violating **18**

25    **U.S.C. § 1344**. Plaintiff seeks a declaration that Defendants' **fraudulent**

26    **banking practices render all related claims and transactions void**.

27    <u>12. Fraudulent Transportation and Transfer of Stolen Goods and</u>

28    <u>Securities</u>

[AMENDED] VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, THEFT, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, CONSPIRACY, RACKETEERING, KIDNAPPING, TORTURE, and SUMMARY JUDGEMENT AS A MATTER OF LAW

Defendants unlawfully transported stolen property, securities, and financial instruments across state lines, violating **18 U.S.C. §§ 2314 and 2315**. Plaintiff respectfully seeks a declaration that all fraudulently transferred assets **must be immediately returned**.

**13. Torture**

Defendants engaged in **torture through unlawful imprisonment, coercion, and psychological abuse**, violating **18 U.S.C. § 2340A**. Plaintiff seeks a declaration confirming Defendants' **liability for cruel, inhuman, and degrading treatment**.

**14. Kidnapping**

Defendants unlawfully **seized, detained, and transported Plaintiff against their will**, violating **18 U.S.C. § 1201**. Plaintiff seeks a declaration confirming that Defendants engaged in **criminal kidnapping**, entitling Plaintiff to **treble damages**.

**15. Forced Peonage**

Defendants subjected Plaintiff to **economic servitude and forced labor**, violating **18 U.S.C. § 1581**. Plaintiff seeks a declaration confirming that Defendants engaged in **forced peonage**, requiring **full restitution and injunctive relief**.

**16. Unlawful Interference, Intimidation, Extortion, and Emotional Distress**

Defendants engaged in **extreme and outrageous conduct**, causing economic harm and severe emotional distress. Plaintiff seeks a declaration that Defendants are **liable for intentional infliction of emotional distress and unlawful business interference**.

282. **Declaratory Judgment and Relief Requested:** Based on the uncontested and *unrebutted* **affidavits** submitted by Plaintiff, which Defendants failed to dispute, Plaintiff's request that this Court enter a declaratory judgment confirming the following:

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1    • **All fraudulent claims, financial instruments, and transactions asserted by**
2    **Defendants are null and void as a matter of law.**

3    • **Defendants engaged in willful violations of federal and constitutional**
4    **law and are liable for all resulting damages.**

5    • **Plaintiff is entitled to immediate relief, including the return of all**
6    **unlawfully taken property, financial assets, and securities.**

7    • **Defendants' fraudulent actions constitute RICO violations, entitling**
8    **Plaintiff to treble damages and injunctive relief.**

9    283. **Demand for Summary Judgment:** As a matter of uncontested fact and law,

10   Plaintiff respectfully demands summary judgment confirming Defendants' liability

11   for all causes of action stated herein and granting:

12   • **A final judgment in favor of Plaintiff in the amount of One Trillion**
13   **Dollars ($1,000,000,000,000.00) in lawfully recognized currency, such as**
14   **gold and silver coin, as authorized under Article I, Section 10, Clause 1 of**
15   **the U.S. Constitution.**

16   • **A perfected lien against Defendants' assets in satisfaction of this**
17   **judgment.**

18   • **Any and all additional relief deemed just and appropriate by the Court.**

19   284. Defendants' failure to rebut Plaintiff's sworn affidavits constitutes tacit

20   admission of all claims asserted herein. Plaintiff is therefore entitled to declaratory

21   and summary judgment as a matter of law.

22   ## EIGHTEENTH (18th) CAUSE OF ACTION

23   (**Summary Judgement as _a Matter of Law_ — Against all Defendants**)

24   285. Plaintiff re-affirms and incorporates paragraphs 1 through 284 as if fully set

25   forth herein.

26   286. Plaintiff respectfully moves for **summary judgment** in their favor as the

27   **undisputed material facts** establish Defendants' **liability** under the clear, enforceable

28   terms of the **Contract and Security Agreement.** As a matter of law, Defendants have:

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1      •   **Explicitly stipulated and accepted**, through their conduct and inaction, a
2          **binding judgment, summary judgment, and lien authorization** (pursuant
3          to **U.C.C. § 9-509**).

4      •   **Accepted liability in the agreed-upon amount of One Trillion Dollars**
5          **($1,000,000,000,000.00) in lawfully recognized currency, such as gold and silver**
6          **coin, as authorized under Article I, Section 10, Clause 1 of the U.S. Constitution,**
7          **as evidenced by their failure to rebut the *unrebutted* commercial affidavits and**
8          **the self-executing Contract and Security Agreement**.

9      •   **Waived any grounds to contest this judgment** through **tacit procuration,**
10         **silent acquiescence, and willful default**.

11     287. Defendants were **duly served** with the necessary legal instruments,
12 including:

13      •   ***Unrebutted* affidavits establishing the facts** of this case.

14      •   **Contract and Security Agreement** — confirmed and accepted via USPS **Registered,**
15         **Express, and/or Certified Mail (Form 3811). See exhibits E, F, G, and H.**

16      •   **Public notices and filings confirming Defendants' default and consent to**
17         **judgment**.

18     288. Application of **Rule 56 of the Federal Rules of Civil Procedure:** Under Rule
19 56(a) of the Federal Rules of Civil Procedure, summary judgment must be granted
20 when:

21        *"The movant shows that there is no genuine dispute as to any material fact and the*
22        *movant is entitled to judgment as a matter of law."*

23     289. The undisputed, unrebutted commercial affidavits conclusively establish:

24      •   **Defendants' liability** under the Contract and Security Agreement.

25      •   **Defendants' failure to rebut or contest the claims**, making all facts stated
26         therein legally binding.

27      •   **Defendants' waiver of defenses and objections** due to willful silence and
28         acquiescence.

290. Since all material facts have been admitted and remain undisputed, Plaintiff is entitled to summary judgment as a matter of law.

291. **Application of Legal Doctrines:** Pursuant to well-established legal principles, **this matter is conclusively settled** and cannot be contested:

- **Res Judicata –** The matters presented in Plaintiff's affidavits are **final and binding,** precluding Defendants from raising any new defenses or objections.

- **Collateral Estoppel –** The **administrative findings** contained in Plaintiff's unrebutted affidavits are **conclusive and enforceable** as a matter of law.

- **Stare Decisis –** The legal issues presented in this case have been established through precedent and must be applied consistently.

292. Given these uncontested facts, there is no genuine issue of material fact, making summary judgment appropriate as a matter of law.

293. **California Code of Civil Procedure § 437c(a):** Under California Code of Civil Procedure § 437c(a):

> "A party may move for summary judgment if it is contended that the action has no merit or that there is no defense to the action. The motion shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

294. Since all material facts have been deemed admitted and remain undisputed, Plaintiff is entitled to judgment in their favor.

## CLAIM, REQUEST, and DEMAND FOR RELIEF:

295. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 294 as if fully set forth herein.

296. Plaintiff **respectfully and honorably** demands the following relief:

1. Summary Judgment as a matter of law, in the Amount of One Trillion Dollars ($1,000,000,000,000.00) in lawfully recognized currency, such as **gold and silver coin**, as authorized under Article I, Section 10, Clause 1 of the U.S. Constitution.

1     • **Liquidated damages** as agreed upon in the Contract and Security
2     Agreement.
3     • **Full satisfaction of all claims through enforcement of the perfected**
4     **lien.**
5 2. <u>Permanent Injunction</u> **Against Defendants**
6     • **Prohibiting further fraud, extortion, coercion, and unlawful**
7     **interference.**
8     • **Ordering the immediate cessation of all unlawful acts affecting**
9     **Plaintiff's rights and property.**
10 3. **Compensatory and Treble Damages**
11     • **Full restitution for all property, assets, and funds wrongfully taken**
12     **or transferred.**
13     • **Treble damages under applicable statutes, including RICO**
14     **violations (18 U.S.C. § 1964(c)).**
15 4. **Declaratory Judgment Affirming Defendants' Liability**
16     • **Confirming that all fraudulent claims, documents, and transactions**
17     **asserted by Defendants are null and void.**
18     • **Affirming that Defendants have willfully violated federal and state**
19     **laws, entitling Plaintiff to full legal and equitable relief.**
20 5. **Enforcement of the Lien Against Defendants' Assets**
21     • **Perfected lien under U.C.C. § 9-509, securing Plaintiff's claims**
22     **against all property, accounts, and holdings of Defendants.**
23     • **Immediate liquidation of assets to satisfy judgment.**
24 6. **Any Additional Relief Deemed Just and Proper by the Court.**
25 7. Defendants have **failed to rebut** the sworn commercial affidavits,
26 have **waived all defenses through silence**, and are **bound by the**
27 **terms of the Contract and Security Agreement**. Under **Rule 56 of the**
28 **Federal Rules of Civil Procedure**, Plaintiff is entitled to **immediate**

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1  **summary judgment, full relief, and enforcement of all remedies**
2  **requested herein.**

3  111. **Exhibits "A" through "BB,"** which include the unrebutted commercial
4  affidavits and related documentation establishing Defendants' tacit
5  agreement and the undisputed merit and validity of Plaintiff's claims.

6  //

7  # LIST OF EXHIBITS / EVIDENCE:

8  1. E**xhibit A: Affidavit: Power of Attorney In Fact'**

9  2.E**xhibit B:** Hold Harmless Agreement

10 3. E**xhibit C:** Private UCC Contract Trust/UCC1 filing #2024385925-4.

11 4. E**xhibit D:** Private UCC Contract Trust/UCC3 filing ##2024402990-2 .

12 5. E **Exhibit E:** Contract Security Agreement #RF775820621US, titled: NOTICE OF
13 CONDITIONAL ACCEPTANCE, and FRAUD, RACKETEERING,
14 CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW,
15 IDENTITY THEFT, EXTORTION, COERCION, TREASON.

16 6. **Exhibit F:** Contract Security Agreement #RF775821088US, titled: NOTICE OF
17 DEFAULT, and FRAUD, RACKETEERING, CONSPIRACY, DEPRIVATION OF
18 RIGHTS UNDER THE COLOR OF LAW, IDENTITY THEFT, EXTORTION,
19 COERCION, TREASON

20 7. **Exhibit G:** Contract Security Agreement #RF775822582US, titled: NOTICE OF
21 DEFAULT AND OPPORTUNITY TO CURE _AND_ NOTICE OF FRAUD,
22 RACKETEERING, CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE
23 COLOR OF LAW, IDENTITY THEFT, EXTORTION, COERCION,
24 KIDNAPPING.

25 8. **Exhibit H:** Contract Security Agreement #RF775823645US, titled: Affidavit
26 Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN
27 AUTHORIZATION.

28 9. **Exhibit I:** Form 3811 corresponding to Exhibit E.

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — **Dated: April 17, 2025**

10. **Exhibit J**: Form 3811 corresponding to Exhibit F.

11. **Exhibit K**: Form 3811 corresponding to Exhibit G.

12. **Exhibit L**: Form 3811 corresponding to Exhibit H.

13. E**xhibit M:** INVOICE/TRUE BILL #RIVSHERTREAS12312024

14. E**xhibit N:** Copy of 'MASTER DISCHARGE AND INDEMNITY BOND' #RF661448567US.

15.**Exhibit O**: Photograph(s) of Defendant/Respondent Gregory D Eastwood.

16. **Exhibit P**: Photograph(s) of Defendant/Respondent Robert C V Bowman.

17. **Exhibit Q**: Photograph(s) of Defendant/Respondent Willam Pratt.

18. E**xhibit R:** Affidavit 'Right to Travel': *CANCELLATION*, TERMINATION, AND REVOCATION of COMMERCIAL "For Hire" DRIVER'S LICENSE CONTRACT and AGREEMENT. LICENSE/BOND # B6735991

19. **Exhibit S:** Revocation Termination and Cancelation of Franchise.

20. **Exhibit T:** CITATION/BOND #TE464702, accepted **under threat, duress, and coercion**.

21. E**xhibit U:** Private Transport's PRIVATE PLATE displayed on the automobile

22. E**xhibit V:** Copy of "Automobile" and "commercial vehicle" defined by DMV (Department of Motor Vehicles).

23. **Exhibit W**: Copy of CA CODE § 260 from https://leginfo.legislature.ca.gov.

24. **Exhibit X**: national/non-citizen national passport card #C35510079.

25. **Exhibit Y**: national/non-citizen national passport book #A39235161.

26.**Exhibit Z**: ™KEVIN LEWIS WALKER© Copyright and Trademark Agreement.

27. **Exhibit AA:** A copy of American Bar Association's 'Attorney In Fact' Definition.

28. **Exhibit BB:** A Copy of Rule 8.4: (Misconduct) of the American Bar Association.

//

//

//

//

[AMENDED] VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, THEFT, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, CONSPIRACY, RACKETEERING, KIDNAPPING, TORTURE, and SUMMARY JUDGEMENT AS A MATTER OF LAW

Case No. 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

# COMMERCIAL OATH AND VERIFICATION:

1

2 County of Riverside                    )

3                                        )          Commercial Oath and Verification

4 The State of California                )

5 I, KEVIN WALKER, under my unlimited liability and Commercial Oath proceeding

6 in good faith being of sound mind states that the facts contained herein are true,

7 correct, complete and not misleading to the best of Affiant's knowledge and belief

8 under penalty of International Commercial Law and state this to be HIS Affidavit of

9 Truth regarding same signed and sealed this 17TH day of APRIL in the year of Our

10 Lord two thousand and twenty five:

11            proceeding *sui juris, In Propria Persona, by Special Limited Appearance,*
             **All rights reserved without prejudice  and without recourse.**

12

13                    By: _____

14                         Kevin Walker, national, *Secured Party*

14 Let this document stand as truth before the Almighty Supreme Creator and let it be

15 established before men according as the scriptures saith: *"But if they will not listen, take one*

16 *or two others along, so that every matter may be established by the testimony of two or three*

17 *witnesses." Matthew 18:16. "In the mouth of two or three witnesses, shall every word be*

18 *established" 2 Corinthians 13:1.*

19                              *sui juris, By Special Limited* Appearance,

20       By: _____

21              Donnabelle Mortel  *(Witness)*

22                              *sui juris, By Special Limited* Appearance,

23

24       By: _____

24              Corey Walker (Witness)

25

26 //

27 //

28 //

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — **Dated:** April 17, 2025

# P R O O F   O F   S E R V I C E

STATE OF CALIFORNIA            )

                              )     ss.

COUNTY OF RIVERSIDE           )

I competent, over the age of eighteen years, and not a party to the within
action.  My mailing address is the Delfond Group, care of: 30650 Rancho California
Road suite 406-251, Temecula, California [92591].  On or before April 17, 2025, I
served the within documents:

**1.    [AMENDED] VERIFIED COMPLAINT FOR FRAUD, BREACH OF
CONTRACT, THEFT, DEPRIVATION OF RIGHTS UNDER THE COLOR OF
LAW, CONSPIRACY, RACKETEERING, KIDNAPPING, TORTURE, and
SUMMARY JUDGEMENT AS *A MATTER OF LAW.***

**2.                            Exhibits A through BB.**

**3.    NOTICE OF FILING FIRST AMENDED VERIFIED COMPLAINT AS A
MATTER OF COURSE**

**By United States Mail.**  I enclosed the documents in a sealed envelope or package
addressed to the persons at the addresses listed below by placing the envelope for
collection and mailing, following our ordinary business practices.  I am readily
familiar with this business's practice for collecting and processing correspondence
for mailing.  On the same day that correspondence is placed for collection and
mailing, it is deposited in the ordinary course of business with the United States
Postal Service, in a sealed envelope with postage fully prepared. I am a resident or
employed in the county where the mailing occurred.  The envelope or package was
placed in the mail in Riverside County, California, and sent via Registered Mail
with a form 3811.

Gregory D Eastwood, Robert C V Bowman, George Reyes, William Pratt,
Robert Gell, Joseph Sinz, Nicholas Gruwell,
C/o RIVERSIDE SHERIFF
30755-D Auld Road, Suite L-067
Murrieta, California [92563]

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1

**Registered Mail** #RF775824929US

2

**Steven-Arthur: Sherman**
C/o STEVEN ARTHUR SHERMAN

3

1631 East 18th Street
Santa Ana, California [92705-7101]

4

**Registered Mail** #RF775824932US, with form 3811

5

**Chad: Bianco**
C/o  RIVERSIDE COUNTY SHERIFF

6

4095 Lemon Street, 2nd Floor
Riverside, California [92501]

7

**Registered Mail** #RF775824946US, with form 3811

8

**Clerk, Agent(s), Fiduciary(ies)**
C/o CLERK OF COURT

9

350 West 1st Street, Courtroom 9B, 9th Floor
Los Angeles, California [90012]

10

**Registered Mail** #RF775824950US, with form 3811

11

**Clerk, Agent(s), Fiduciary(ies)**
C/o CLERK OF COURT

12

255 East Temple Street, Suite TS-134
Los Angeles, California [90012]

13

**Registered Mail** #RF775824977US, with form 3811

14

**Pam Bondi**
C/o U.S. Department of Justice

15

950 Pennsylvania Avenue, North West
Washington, District of Colombia [20530]

16

**Registered Mail** #RF775824963US, with form 3811

17

**Miranda Thomson, Michael Hestrin**
C/o RIVERSIDE COUNTY DISTRICT ATTORNEY, THE PEOPLE OF

18

THE STATE OF CALIFORNIA
3960 Orange Street

19

Riverside, California [92501]
**Registered Mail** #RF775825102US, with form 3811

20

**By Electronic Service.**  Based on a contract, and/or court order, and/or an

21

agreement of the parties to accept service by electronic transmission, I caused the

22

documents to be sent to the persons at the electronic notification addresses listed

23

below.

24

**Steven-Arthur: Sherman**
C/o STEVEN ARTHUR SHERMAN

25

1631 East 18th Street
Santa Ana, California [92705-7101]

26

ssherman@law4cops.com
csherman@law4cops.com

27

28

[AMENDED] VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, THEFT, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, CONSPIRACY, RACKETEERING, KIDNAPPING, TORTURE, and SUMMARY JUDGEMENT AS A MATTER OF LAW

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — Dated: April 17, 2025

1

**Chad: Bianco**
C/o  RIVERSIDE COUNTY SHERIFF
4095 Lemon Street, 2nd Floor
2
Riverside, California [92501]
ssherman@law4cops.com
3
csherman@law4cops.com
rsoscscentral@riversidesheriff.org
4
jsinz@riversidesheriff.org
wpratt@riversidesheriff.org
5

6
**Patricia Guerrero**
C/o Judicial Council of California
455 Gold Gate Avenue
7
San Francisco, California [94102]
judicialcouncil@jud.ca.gov
8

9
**Rob Bonta**
C/o Office of the Attorney General
1300 "I" Street
10
Sacramento, California [95814-2919]
Police-Practices@doj.ca.gov
11

12
**Clerk, Agent(s), Fiduciary(ies)**
C/o CLERK OF COURT
350 West 1st Street, Courtroom 9B, 9th Floor
13
Los Angeles, California [90012
WLH_Chambers@cacd.uscourts.gov
14

15
**Clerk, Agent(s), Fiduciary(ies)**
C/o CLERK OF COURT
255 East Temple Street, Suite TS-134
16
Los Angeles, California [90012]
MAA_Chambers@cacd.uscourts.gov
17

18
**Pam Bondi**
C/o U.S. Department of Justice
950 Pennsylvania Avenue, North West
19
Washington, District of Colombia [20530]
crm.section@usdoj.gov
20

21
**Miranda Thomson, Michael Hestrin**
C/o RIVERSIDE COUNTY DISTRICT ATTORNEY, THE PEOPLE OF
THE STATE OF CALIFORNIA
22
3960 Orange Street
Riverside, California [92501]
23
DAOffice@rivco.org

24      I declare under penalty of perjury under the laws of the State of California

25   that the above is true and correct.  Executed on April 17, 2025 in Riverside County,

26   California.

                                        _____/s/Corey Walker/_____
27                                             Corey Walker

28   //

[AMENDED] VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, THEFT, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, CONSPIRACY, RACKETEERING, KIDNAPPING, TORTURE, and SUMMARY JUDGEMENT AS A MATTER OF LAW

Case No.: 5:25-cv-00646-WLH-MAA — Registered Mail #RF775824950US — **Dated: April 17, 2025**

<div align="center">

**NOTICE:**

</div>

Using a notary on this document does **not** constitute any adhesion, **nor does it alter my status in any manner.** The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

//

//

<div align="center">

# ACKNOWLEDGEMENT:

</div>

State of California            )

                              ) ss.

County of Riverside          )

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On this 17th day of April, 2025, before me,  Joyti Patel , a Notary Public, personally appeared Kevin Walker, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> JOYTI PATEL
> Notary Public - California
> Riverside County
> Commission # 2407742
> My Comm. Expires Jul 8, 2026

Signature _Joyti Patel_ _____ (Seal)

[AMENDED] VERIFIED COMPLAINT FOR FRAUD, BREACH OF CONTRACT, THEFT, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, CONSPIRACY, RACKETEERING, KIDNAPPING, TORTURE, and SUMMARY JUDGEMENT AS A MATTER OF LAW

PRESS FIRMLY TO SEAL
PRESS FIRMLY TO SEAL
UNITED STATES POSTAL SERVICE®
PRIORITY® MAIL
REGISTERED MAIL™
RF 775 824 977 US
TEMECULA, CA 92591
APR 17, 2025
90012
$32.80
S2324H504870-11
RDC 03
FROM:
Kevin, sui juris
c/o 30650 Rancho California Road
#406-251
Temecula, California [92591]
TO:
Clerk(s)
c/o CLERK OF COURT
255 East Temple Street,
Suite TS-134
Los Angeles, California
[90012]
CLERK, U.S. DISTRICT COURT
APR 21 2025
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY
Expected delivery date specified for dome
Domestic shipments include $100 of insur
USPS Tracking® service included for dom
Limited international insurance.**
When used internationally, a customs dec
*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.
LAT RATE ENVELOPE
NE RATE ■ ANY WEIGHT
RACKED ■ INSURED
PS00001000014
EP14F October 2023
OD: 12 1/2 x 9 1/2
To schedule free Package Pickup, scan the QR co
USPS.COM/PIC
PAPER POUCH

