Express Mail #ER192833972US — Dated: May 19, 2025

FILED

2025 MAY 29  PM 12: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___ CA

1  Kevin: Realworldfare *(formerly Kevin: Walker)*
2  C/o 30650 Rancho California Road #406-251
   Temecula, California
3  **non-domestic without** the United States
   Email: team@walkernovagroup.com
4
5  *Secured Party, Executor, Fudicary, Authorized Representative,*
   *Real Party in Interest, and Plaintiff*
6

7

8              **UNITED STATES DISTRICT COURT**
9    **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

10  **KEVIN WALKER ESTATE , et al.,**          Case No.: 5:25−cv−00646−WLH−MAA
        *Plaintiff/Real Party In Interest,*
11                                            **VERIFIED** MOTION AND DEMAND
                                              FOR RECONSIDERATION,
12              *vs.*                          **JUDICIAL NOTICE OF BIAS**, AND
    **Chad Bianco,** *et al.,*                MOTION AND DEMAND TO
13              *Defendant(s).*                VACATE DEFECTIVE ORDER
                                              DENYING INJUNCTIVE RELIEF
14

15

16

17

18
    **COMES NOW**, Plaintiff **Kevin Realworldfare**, a living man, appearing **in private**
19
    **capacity** and **not pro se**, as *Secured Party, Executor, and Authorized Representative*
20
    of the **KEVIN WALKER ESTATE**, operating under the protections of **equity**
21
    **jurisdiction** and expressly **reserving all rights without waiver**, including but not
22
    limited to any claim of **immunity from compelled contracts, statutory**
23
    **presumptions, or civil disabilities**, and respectfully files this **Motion and Demand**
24
    **for Reconsideration** of the Court's denial of Plaintiff's request for preliminary
25
    injunctive relief [Dkt. 13], and concurrently gives **Judicial Notice of Prejudicial**
26
    **Misconduct** and violation of the Plaintiff's constitutional and procedural rights.
27
    This motion and demand is brought pursuant to **Federal Rules of Civil Procedure**
28
    **59(e), 60(b)(1), 60(b)(6)** and **Local Rule 7-18**, as the Court's denial was rendered

Page 1 of 22

VERIFIED MOTION AND DEMAND FOR RECONSIDERATION, JUDICIAL NOTICE OF BIAS, AND MOTION AND DEMAND TO VACATE DEFECTIVE ORDER DENYING INJUNCTIVE RELIEF

Express Mail #ER192833972US — Dated: May 19, 2025

1   based on **material misstatements of fact, erroneous legal conclusions, and**
2   **prejudicial mischaracterization**, including an unsupported and defamatory
3   reference to "sovereign citizen" status—a term never used, implied, nor
4   substantiated in any filing by Plaintiff. Such language reveals **judicial bias,**
5   compromises the integrity of the record, and obstructs the fair and impartial review
6   guaranteed under **the Fifth and Fourteenth Amendments** to the United States
7   Constitution.

8   ## I. CLEAR ERRORS, MISREPRESENTATIONS, AND CONTINUING HARM
9   The Court **erroneously and prejudicially** characterized Plaintiff's Verified
10  Complaint as invoking "sovereign citizen" concepts, thereby dismissing the
11  claims as legally frivolous.
12  This is **factually false and legally unsustainable**. Plaintiff has never identified as,
13  nor relied upon, any "sovereign citizen" ideology. Such labeling is **defamatory,**
14  **prejudicial, and unsupported by the record**. Plaintiff has consistently invoked
15  **established and actionable federal law** and has operated under verified affidavit,
16  proper capacity, and lawful status.
17  The Verified Complaint is grounded in **federal statutes that explicitly confer**
18  **a private right of action**, enabling individuals such as Plaintiff to seek redress
19  for violations of constitutional and statutory rights. These statutes are not
20  advisory or symbolic — they are **binding federal law** providing enforceable
21  civil remedies against both state and federal actors operating under color of
22  law:

23  - **42 U.S.C. § 1983** – This statute is the cornerstone of civil rights litigation. It
24    provides a **direct private right of action** for any individual whose
25    constitutional or federally protected rights have been violated by a person
26    acting "under color of state law." Courts have long recognized this statute as
27    enforceable by private citizens to seek **injunctive relief, compensatory, and**
28    **punitive damages**.

Express Mail #ER192833972US — Dated: May 19, 2025

- **42 U.S.C. § 1985(3)** – This statute provides a **private cause of action** for conspiracies to deprive a person or class of persons of the equal protection of the laws or equal privileges and immunities under the law. It is specifically designed to reach **private and state actors who conspire to violate civil rights**, and is routinely litigated in federal court by individuals alleging discriminatory or retaliatory acts.

- **42 U.S.C. § 1986** – A companion statute to § 1985, § 1986 imposes **civil liability** on any person who, knowing that a § 1985 conspiracy is occurring, **fails to act to prevent it**. This statute reinforces the duty of public officials and actors to uphold constitutional rights and **creates a personal liability claim** when they fail to do so.

- **18 U.S.C. §§ 241, 242** – While these are criminal statutes, they serve as **predicate acts and evidentiary support** for civil claims under § 1983 and RICO. Courts have acknowledged that **violations of these statutes may form the factual basis for private civil suits**, especially when they involve color-of-law abuse, conspiracy, and pattern or practice of rights deprivation.

- **28 U.S.C. §§ 1343 and 1443** – These provisions establish **jurisdictional authority for private individuals** to bring claims involving civil rights deprivations. Section 1343 gives district courts jurisdiction over **civil actions for deprivation of rights**, while § 1443 provides a removal mechanism to federal court when state courts cannot or will not protect federally secured rights.

- **U.S. Constitution – Amendments IV, V, and XIV** – These constitutional provisions form the substantive basis for claims under § 1983. They protect against unreasonable searches and seizures, deprivation of life, liberty, or property without due process, and unequal treatment under the law — all of which are **actionable by private citizens** when violated by state actors.

In sum, each statute and constitutional provision invoked by Plaintiff is **well-established as providing a valid and enforceable private right of action**. The assertion that these claims are legally insufficient or frivolous — particularly when supported by unrebutted affidavits and evidence — reflects **a failure to apply controlling legal standards and a prejudicial misunderstanding of the legal framework governing civil rights litigation**.

The Court further failed to address the record of **repeated unlawful arrests, ongoing harassment, property deprivation, and imminent threats**—all supported by **multiple** verified affidavits and **_unrebutted_** evidence. These events demonstrate real, continuous, and irreparable harm warranting injunctive relief under **Winter v. NRDC, 555 U.S. 7 (2008)**.

## II. SATISFACTION OF ALL WINTER FACTORS FOR INJUNCTIVE RELIEF

**1. Likelihood of Success on the Merits**

Plaintiff has brought forward **well-pleaded and substantiated claims** under clearly established federal law, including 42 U.S.C. §§1983, 1985(3), and 1986, which courts have consistently recognized as conferring a **private right of action**. Plaintiff has asserted violations of constitutionally protected rights—including liberty, due process, property interests, and equal protection—by State actors operating **under color of law** without lawful jurisdiction, bond, or valid authority.

Each statutory claim is reinforced by **verified affidavits, administrative records, unrebutted notices, and public documentation**, all of which stand **unchallenged on the record**. No opposing party has submitted a rebuttal affidavit, countervailing evidence, or lawful authority disproving Plaintiff's standing, status, or the factual basis of the claims asserted. This constitutes **tacit acquiescence** and **default in commerce**, further strengthening Plaintiff's legal position.

In total, the Plaintiff's filings reflect **strong legal theory, credible evidentiary foundation**, and **uncontested factual record**—all of which satisfy the "likelihood of success" element under **Winter v. NRDC, 555 U.S. 7 (2008)**.

**2. Irreparable Harm**

The harm suffered by Plaintiff is not speculative, hypothetical, or remote—it is **real, active, and ongoing**. The record reflects:

- **Repeated unlawful detainment** without valid warrants;
- **Unlawful seizure of private property**, including a secured estate vehicle;
- **Harassment, intimidation, and coercive behavior** by government actors;
- And the ongoing **threat of further retaliation** for asserting legal rights.

Such violations impact liberty, bodily integrity, property, and peace of mind. These injuries are inherently **irreparable** because they implicate **constitutional protections**, and cannot be undone or remedied through post hoc monetary awards. Federal courts have long held that **deprivations of constitutional rights—even for minimal periods— constitute per se irreparable harm**. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

**3. Balance of Equities**

The equitable balance tips heavily in Plaintiff's favor. Plaintiff is **not asking the Court to issue affirmative commands or impose hardship** on any party. Rather, Plaintiff seeks only a **narrow, lawful injunction** to restrain further unlawful actions and require adherence to **constitutional boundaries.**

The Defendants will suffer no lawful burden from being **ordered to cease unlawful activity**, respect jurisdictional limits, and honor due process. In contrast, if relief is denied, Plaintiff remains exposed to **ongoing threats, unlawful detention, property deprivation, and retaliation** for protected legal actions. The equities are not merely balanced—they are **lopsided in Plaintiff's favor.**

Express Mail #ER192833972US — Dated: May 19, 2025

**4. Public Interest**

There is no greater public interest than the protection of **constitutional liberties** and the **restraint of government abuse of power**. This case presents a textbook example of rights violations under color of law. It involves:

- **Unlawful government conduct** without jurisdiction or verified authority;
- **Color-of-law retaliation** for lawful filings;
- **Failure by judicial officers to uphold neutral adjudication**.

The public's confidence in the rule of law depends on federal courts **intervening when State actors exceed lawful authority**. Granting injunctive relief here affirms the Court's **constitutional role as a guardian of individual rights** and sends a clear message that **no agency or officer is above the law**.

Thus, the **public interest decisively supports** immediate judicial intervention.

## III. JUDICIAL NOTICE OF PREJUDICIAL MISCONDUCT

Pursuant to **Federal Rule of Evidence 201**, Plaintiff respectfully places this Court on **Formal Judicial Notice** of the following facts and prejudicial misconduct, each of which materially undermines the integrity of these proceedings:

- **The term "sovereign citizen" is nowhere in the record**. The Court's use of this slanderous label is entirely **unsupported**, **defamatory**, and **recklessly inserted** without basis. Plaintiff has never identified with nor relied upon such ideology. This mischaracterization creates an **appearance of bias** and constitutes **judicial defamation** on the record.
- **The reliance on *United States v. Benabe*, 654 F.3d 753 (7th Cir. 2011), is grossly inappropriate**. That case involved **criminal defendants** invoking incoherent pseudo-legal arguments—not civil litigants asserting **well-founded constitutional claims** under 42 U.S.C. §§ 1983, 1985, 1986, supported by verified affidavits and procedural compliance. The Court's conflation of these distinct categories is both **legally erroneous** and **factually offensive**.

- **The Court's dismissal appears presumption-driven rather than fact-based**, as it failed to engage with the merits of Plaintiff's verified pleadings, affidavits, or unrebutted statutory claims. This amounts to a **denial of meaningful judicial review** and reflects a **dangerous pattern of rubber-stamping administrative narratives** over constitutional pleadings.

- **Such conduct violates Canon 2 and Canon 3 of the Code of Conduct for United States Judges**, which require that judges "uphold the integrity and independence of the judiciary" and "perform the duties of office fairly, impartially, and diligently." By substituting bias for law, the Court has compromised its impartiality and engaged in conduct that would justify referral to the **Judicial Council of the Ninth Circuit**.

- **This misuse of rhetoric has prejudiced Plaintiff's rights, tainted the public record, and chilled protected constitutional expression**. It invites systemic abuse against lawful claimants seeking remedy outside the confines of state-sponsored legal fiction and constitutes a **structural violation of due process** under the Fifth Amendment.

Accordingly, this Court is now **on notice** of the consequences of permitting bias, mislabeling, and judicial slander to go uncorrected. Let the record reflect truth, or let it be corrected under lawful protest.

## IV. Rebuttal to Misuse of United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011)

To the extent the Court has relied upon the quotation from *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) — stating that:

> *"Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."*

Express Mail #ER192833972US — Dated: May 19, 2025

1  — such reliance is **factually erroneous, procedurally improper**, and **prejudicial in**

2  **application**.

3  **First**, *Benabe* involved **criminal defendants** invoking incoherent pseudo-legal

4  defenses in an attempt to evade federal jurisdiction. The case did **not involve**

5  **verified affidavits, properly filed civil pleadings under 42 U.S.C. §§ 1983, 1985, or**

6  **1986, nor commercial filings grounded in UCC provisions and equity law.**

7  **Second,** the language in *Benabe* has been widely misused as a **judicial tool to**

8  **dismiss inconvenient claims by attaching a pejorative label ("sovereign citizen")**

9  **without engaging the merits.** Plaintiff in the instant matter **has never identified**

10 **with such ideology** and expressly disclaims any association with fictitious or

11 pseudo-legal theories. The Complaint is grounded in enforceable federal statutes,

12 constitutional violations, and unrebutted affidavits of fact.

13 **Third,** the Court's invocation of *Benabe* serves to **shift the burden away from**

14 **substantive adjudication**, replacing due process with stereotype and presumption

15 — a direct violation of the Fifth Amendment guarantee of impartial judicial review

16 and a breach of **Canon 3 of the Code of Conduct for United States Judges**, which

17 mandates that a judge must *"perform the duties of the office fairly, impartially and*

18 *diligently."*

19 Accordingly, Plaintiff demands that any reference to *Benabe* be **stricken from the**

20 **record as irrelevant, defamatory, and prejudicial,** and that this Court issue a

21 corrective clarification to preserve the integrity of the record and Plaintiff's right to

22 due process

23 ## V. JUDICIAL NOTICE OF IGNORANCE OR WILLFUL

24 ## DISREGARD OF PRIVATE LAW DISTINCTIONS

25 Plaintiff hereby places this Court on further **Judicial Notice**, pursuant to **Federal**

26 **Rule of Evidence 201**, of the Court's failure to distinguish between **private law and**

27 **public commercial law**, a critical legal bifurcation that governs this case in both

28 **equity and contract.**

Express Mail #ER192833972US — Dated: May 19, 2025

Specifically:

1. The Court **erroneously assumes compulsory motor vehicle registration**, failing to distinguish between **private conveyances owned by a trust in non-commercial capacity**, and **vehicles engaged in regulated commerce** subject to registration under California Vehicle Code and Title 49 of the U.S. Code.

2. The Verified Complaint and associated affidavits explicitly assert that the **automobile in question is private trust property** not used for hire, transport, or commercial activity. The Court made **no effort** to examine the legal status of the vehicle under **UCC Article 9**, the **California Commercial Code**, or the **private law doctrine of trust res**.

3. Under California Vehicle Code § 260, a **private vehicle** used exclusively for **non-commercial** purposes, such as personal use by the owner, is <u>**not**</u> a "commercial vehicle" and is <u>**not**</u> subject to mandatory registration. See also **18 U.S.C. § 31**, which limits the definition of "**motor vehicle**" to those used for **"commercial" purposes** in the transportation of property or passengers.

4. The Court has ignored controlling federal and state precedent, including but not limited to:

   1. **Stephenson v. Binford, 287 U.S. 251 (1932)**

   In this case, the Supreme Court upheld Texas regulations requiring private carriers operating for hire over public highways to obtain a certificate of public convenience and necessity. The Court recognized the state's authority to regulate commercial use of highways to prevent undue burdens. The Court stated:

   *"The Railroad Commission and the highway commission are directed to cooperate in respect of the condition of the public highways and their ability to carry existing and proposed additional traffic."*

   2. **Frost & Frost Trucking Co. v. Railroad Commission, 271 U.S. 583 (1926)**

Express Mail #ER192833972US — Dated: May 19, 2025

The Supreme Court held that a state cannot compel a private carrier to become a common carrier as a condition for using public highways. The Court emphasized:

> *"Assuming that the use of its highways by private carriers for hire is a privilege which the State may deny, it cannot constitutionally affix to that privilege the unconstitutional condition precedent that the carrier shall assume against his will the burdens and duties of a common carrier."*

**3. National Shawmut Bank of Boston v. Jones, 108 N.H. 386, 236 A.2d 484 (1967)**

This case addressed the classification of goods under the Uniform Commercial Code (UCC). The New Hampshire Supreme Court discussed the distinction between consumer goods and equipment, noting:

> *"The classification of goods under UCC 9-109 is a question of fact."*

This implies that a vehicle not used for commercial activity may**[must]** be considered consumer goods, **not** subject to commercial regulations.

**4. Thompson v. Smith, 154 S.E. 579 (Va. 1930); Teche Lines v. Danforth, 12 So.2d 784 (Miss. 1943)**

These cases jointly affirm the inherent nature of the right to travel using customary means of transportation:

> *"The right of the Citizen to travel upon the public highways and to transport his property thereon, in the ordinary course of life and business, is a common right which he has under the right to enjoy life and liberty, to acquire and possess property, and to pursue happiness and safety. It includes the right, in so doing, to use the ordinary and usual conveyances of the day, and under the existing modes of travel, includes the right to drive a horse drawn carriage or wagon thereon or to operate an automobile thereon, for the usual and ordinary purpose of life and business."*

**5. Chicago Coach Co. v. City of Chicago, 337 Ill. 200, 169 N.E. 22 (1929)**

In this case, the Illinois Supreme Court held that the city could not prohibit the operation of motor buses on its streets when the company was already licensed by the state. The court emphasized the distinction between state and municipal authority over public highways. The case underscores the principle that the use of public highways for travel is a right that cannot be arbitrarily restricted by local ordinances. This case further distinguishes the authority to regulate for public safety from any legislative power to revoke the right to travel:

> "*No State government entity has the power to allow or deny passage on the highways, byways, nor waterways... transporting his vehicles and personal property for either recreation or business, but by being subject only to local regulation i.e., safety, caution, traffic lights, speed limits, etc. Travel is not a privilege requiring, licensing, vehicle registration, or forced insurances.*"

> "*Even the legislature has no power to deny to a citizen the right to travel upon the highway and transport his/her property in the ordinary course of his business or pleasure.*"

**6. Kent v. Dulles, 357 U.S. 116 (1958)**

The Supreme Court recognized the right to travel as an inherent liberty protected by the Fifth Amendment, stating:

> "*The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without due process of law under the Fifth Amendment.*"

**7. Buck v. Kuykendall, 267 U.S. 307 (1925)**

This case clearly distinguishes between the right to travel for private purposes and the privilege of conducting commerce on the highways:

> "*...It is now universally recognized that the state does possess such power [to impose such burdens and limitations upon private carriers when using the public highways for the transaction of their business] with respect to common carriers*

*using the public highways for the transaction of their business in the transportation of persons or property for hire. That rule is stated as follows by the Supreme Court of the United States: 'A citizen may have, under the Fourteenth Amendment, the right to travel and transport his property upon them (the public highways) by auto vehicle, but he has no right to make the highways his place of business by using them as a common carrier for hire. Such use is a privilege which may be granted or withheld by the state in its discretion, without violating either the due process clause or the equal protection clause.'"*

## 8. State v. City of Spokane, 186 P. 864

This decision articulates the foundational distinction between travel for personal purposes and commercial exploitation of the public ways:

*"The right of a citizen to travel upon the highway and transport his property thereon in the ordinary course of life and business differs radically and obviously from that of one who makes the highway his place of business and uses it for private gain, in the running of a stagecoach or omnibus. The former is the usual and ordinary right of a citizen, a right common to all; while the latter is special, unusual and extraordinary. As to the former, the extent of legislative power is that of regulation; but as to the latter its power is broader; the right may be wholly denied, or it may be permitted to some and denied to others, because of its extraordinary nature. This distinction, elementary and fundamental in character, is recognized by all the authorities."*

## 9. Miranda v. Arizona, 384 U.S. 436 (1966)

This landmark case not only established procedural safeguards for due process but also reaffirmed the supremacy of constitutional rights over statutory or administrative rulemaking:

*"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."*

These cases collectively affirm that while the state may regulate commercial activities on public highways, **it cannot infringe upon the fundamental right of individuals to travel and transport their property for personal, non-commercial purposes.** These cases affirm that:

- The <u>right to travel</u> is a **fundamental, constitutionally secured right;**
- Travel by automobile for private, non-commercial purposes **cannot be taxed, licensed, or compelled into registration** absent voluntary commercial nexus;
- The state's authority to regulate commerce **does not extend to private individuals operating private trust property for personal use**.
- This omission reflects either a profound **misunderstanding of private law, secured transactions, and trust-based exemptions**, or a **willful refusal to acknowledge the jurisdictional limits** of the State and federal government over **non-commercial private property**.

Thus, Plaintiff demands judicial correction and acknowledgment that:

- Private property held in trust is **not presumed to be under statutory obligation or jurisdiction;**
- **Registration is a voluntary contractual adhesion**, and cannot be compelled without evidence of commercial nexus;
- And **failure to engage these claims on their merits** while issuing judicial slurs constitutes either **gross legal incompetence** or **malicious intent to deprive remedy**

## VI. CLARIFICATION AND AFFIRMATION OF NOTICE UNDER RULE 65

Plaintiff hereby objects to and rebuts the Court's finding that notice was deficient under Federal Rule of Civil Procedure 65(b) and Local Rule 7-19.1. The record demonstrates that all named defendants were lawfully and sufficiently noticed through valid legal process, and that procedural and constitutional standards for notice were fully met.

Express Mail #ER192833972US — Dated: May 19, 2025

**A. Registered Mail with Return Receipt Constitutes Legal Notice**

Plaintiff served all named parties via **Registered Mail** with **Form 3811 (green card)** as proof of delivery and receipt. Under federal and California law, **Registered Mail constitutes proper and legally recognized notice**. See *Mahon v. Credit Bureau of Placer County*, 171 F.3d 1197 (9th Cir. 1999). Rule 65(b)(1)(B) permits ex parte relief when written certification shows efforts made to give notice and when notice is "reasonably certain" to inform the opposing party.

The service documents, attached as **Exhibits I–L**, show that delivery was made, and receipt was confirmed. These records satisfy both **procedural due process** and the requirements of Rule 65(b).

**B. Emergency and Irreparable Harm Justify Immediate Relief**

The Verified Motion outlined **ongoing and irreparable constitutional violations** — including repeated unlawful detentions, retaliatory actions, and threats to liberty and property. The Supreme Court has held that ongoing constitutional violations constitute **per se irreparable harm**. See *Elrod v. Burns*, 427 U.S. 347 (1976). As such, Plaintiff met the standard for emergency injunctive relief.

**C. Notices Were Self-Executing and Commercially Perfected**

The filings in this matter include **Verified Affidavits, Conditional Acceptances**, and **Self-Executing Notices of Fault and Dishonor**, consistent with commercial administrative procedure. These documents were **unrebutted**, and therefore deemed accepted under principles of equity and the doctrine of **tacit procuration**. The Court failed to recognize the legal effect of these unrebutted filings.

Under *Federal Rule of Evidence 902(1)-(4)*, documents served via registered mail with signed receipts and sworn verification are **self-authenticating**, and **constructively establish notice** for purposes of due process and Rule 65.

**D. The Mailbox Rule Applies**

It is a settled rule that service by mail is deemed **complete upon mailing**, not upon docket acknowledgment or recipient response. See *Schikore v. BankAmerica*

1  *Supplemental Retirement Plan*, 269 F.3d 956 (9th Cir. 2001). The fact that mailing

2  occurred the same day the motion was filed does not invalidate notice, particularly

3  where defendants received the documents.

4  **CONCLUSION**

5  Plaintiff satisfied the requirements of Rule 65(b) through lawful, verified, and provable

6  service. The Court's conclusion that notice was insufficient is **clearly erroneous** and

7  incompatible with the attached proof. All Defendants were placed on notice. The failure

8  of opposing parties to respond or rebut the filings does not negate their legal effect.

9  Accordingly, Plaintiff demands that the Court correct its findings, acknowledge the

10  sufficiency of notice, and grant the injunctive relief requested or set the matter for

11  hearing under Rule 65(a).

12  **VII. RELIEF DEMANDED**

13  Plaintiff, in full reservation of rights and without waiver of standing, status, or

14  jurisdictional objection, hereby demands the following equitable and lawful

15  remedies from this Honorable Court:

16  • That the Court **vacate and set aside its prior Order [Dkt. 13]**, issued in error,

17     which denied Plaintiff's Motion for Preliminary Injunction without proper

18     application of law or factual review;

19  • That the Court **reconsider the injunction motion** under a **correct and**

20     **impartial** application of the **Winter v. NRDC** standard, evaluating the actual

21     evidentiary record and controlling legal authorities;

22  • That the Court **strike from the record any and all reference to "sovereign**

23     **citizen"**, as such language is wholly **unsupported by the pleadings**,

24     **prejudicial, defamatory**, and indicative of **impermissible judicial bias**;

25  • That the Court **schedule and conduct a hearing pursuant to Rule 65(a)** of the

26     Federal Rules of Civil Procedure, permitting Plaintiff the opportunity to

27     present additional testimony, documentation, and verified affidavits in

28     support of preliminary injunctive relief;

Express Mail #ER192833972US — Dated: May 19, 2025

1 • That the Court **review and adjudicate on their merits all constitutional and**
2 **statutory claims** presented under **42 U.S.C. §§ 1983, 1985(3), and 1986,** free
3 from presumptive dismissal, bias, or administrative deflection, and with full
4 recognition of Plaintiff's lawful standing and private capacity.

5 Should the Court decline to grant the relief herein demanded, Plaintiff reserves all
6 rights to seek immediate review, file judicial misconduct complaints, and pursue
7 further equitable and lawful remedies in defense of constitutional due process and
8 the integrity of the record.

9 ## VIII. RESERVATION OF RIGHTS

10 All rights are expressly reserved under **UCC 1-308, without prejudice,** including
11 the right to file a formal **Judicial Misconduct Complaint** against any officer of the
12 court who engages in **bias,** record suppression, mislabeling, or obstruction of
13 lawful and constitutional redress.

14 //

15 ## VERIFICATION:

16 ### Pursuant to 28 U.S.C. § 1746

17 **BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE**

18 I, <u>Kevin Realworldfare</u>, over the age of 18, competent to testify, and having
19 **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify,**
20 **affirm, and state** under penalty of perjury under the laws of the **United States of**
**America**, that the foregoing statements are **true, correct, and complete**, to the best
21 of my **understanding, knowledge, and belief**, and made in **good faith.**
22 Executed, signed, and sealed this <u>19th</u> day of <u>May</u> in the year of Our Lord two
23 thousand and twenty five, *without* the United States, **with all rights reserved and**
24 **without recourse and without prejudice.**

25 All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.

26 By: *Kevin Realworldfare*
27 **Kevin: Realworldfare**, *Secured Party, Fiduciary,*
28 *Authorized Representative, Executor*

Express Mail #ER192833972US — Dated: May 19, 2025

# LIST OF EXHIBITS / EVIDENCE:

1. **Exhibit A: Affidavit: Power of Attorney In Fact'**

2. **Exhibit B:** Hold Harmless Agreement

3. **Exhibit C:** Private UCC Contract Trust/UCC1 filing #2024385925-4.

4. **Exhibit D:** Private UCC Contract Trust/UCC3 filing ##2024402990-2 .

5. E **Exhibit E:** Contract Security Agreement #RF775820621US, titled: NOTICE OF CONDITIONAL ACCEPTANCE, and FRAUD, RACKETEERING, CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, IDENTITY THEFT, EXTORTION, COERCION, TREASON.

6. **Exhibit F:** Contract Security Agreement #RF775821088US, titled: NOTICE OF DEFAULT, and FRAUD, RACKETEERING, CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, IDENTITY THEFT, EXTORTION, COERCION, TREASON

7. **Exhibit G:** Contract Security Agreement #RF775822582US, titled: NOTICE OF DEFAULT AND OPPORTUNITY TO CURE *AND* NOTICE OF FRAUD, RACKETEERING, CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, IDENTITY THEFT, EXTORTION, COERCION, KIDNAPPING.

8. **Exhibit H:** Contract Security Agreement #RF775823645US, titled: Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION.

9. **Exhibit I:** Form 3811 corresponding to Exhibit E.

10. **Exhibit J:** Form 3811 corresponding to Exhibit F.

11. **Exhibit K:** Form 3811 corresponding to Exhibit G.

12. **Exhibit L:** Form 3811 corresponding to Exhibit H.

13. **Exhibit M:** INVOICE/TRUE BILL #RIVSHERTREAS12312024

14. **Exhibit N:** Copy of 'MASTER DISCHARGE AND INDEMNITY BOND' #RF661448567US.

Express Mail #ER192833972US — Dated: May 19, 2025

15. **Exhibit O**: Photograph(s) of Defendant/Respondent Gregory D Eastwood.

16. **Exhibit P**: Photograph(s) of Defendant/Respondent Robert C V Bowman.

17. **Exhibit Q**: Photograph(s) of Defendant/Respondent Willam Pratt.

18. **Exhibit R**: Affidavit 'Right to Travel': *CANCELLATION*, TERMINATION, AND REVOCATION of COMMERCIAL "For Hire" DRIVER'S LICENSE CONTRACT and AGREEMENT. LICENSE/BOND # B6735991

19. **Exhibit S**: Revocation Termination and Cancelation of Franchise.

20. **Exhibit T**: CITATION/BOND #TE464702, accepted **under threat, duress, and coercion**.

21. **Exhibit U**: Private Transport's PRIVATE PLATE displayed on the automobile

22. **Exhibit V**: Copy of "Automobile" and "commercial vehicle" defined by DMV (Department of Motor Vehicles).

23. **Exhibit W**: Copy of CA CODE § 260 from https://leginfo.legislature.ca.gov.

24. **Exhibit X**: national/non-citizen national passport card #C35510079.

25. **Exhibit Y**: national/non-citizen national passport book #A39235161.

26. **Exhibit Z**: ™KEVIN LEWIS WALKER© Copyright and Trademark Agreement.

27. **Exhibit AA**: A copy of American Bar Association's 'Attorney In Fact' Definition.

28. **Exhibit BB**: A Copy of Rule 8.4: (Misconduct) of the American Bar Association.

//
//
//
//
//
//
//
//
//
//

Express Mail #ER192833972US — Dated: May 19, 2025

# PROOF OF SERVICE

STATE OF CALIFORNIA )

)        ss.

COUNTY OF RIVERSIDE )

 I competent, over the age of eighteen years, and not a party to the within action. My mailing address is the Walkernova Group, care of: 30650 Rancho California Road suite 406-251, Temecula, California [92591]. On or about **May 19, 2025**, I served the within documents:

**1. VERIFIED MOTION AND DEMAND FOR RECONSIDERATION, JUDICIAL NOTICE OF BIAS, AND MOTION AND DEMAND TO VACATE DEFECTIVE ORDER DENYING INJUNCTIVE RELIEF**

**By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail in Riverside County, California, and sent via Registered Mail with a form 3811.

**Gregory D Eastwood, Robert C V Bowman, George Reyes, William Pratt, Robert Gell, Joseph Sinz, Nicholas Gruwell,**
C/o RIVERSIDE SHERIFF
30755-D Auld Road, Suite L-067
Murrieta, California [92563]
**Registered Mail #RF775825898US, with form 3811**

**Steven-Arthur: Sherman**
C/o STEVEN ARTHUR SHERMAN
1631 East 18th Street
Santa Ana, California [92705-7101]
**Registered Mail #RF775825884US, with form 3811**

**Chad: Bianco**
C/o RIVERSIDE COUNTY SHERIFF

Express Mail #ER192833972US — Dated: May 19, 2025

4095 Lemon Street, 2nd Floor
Riverside, California [92501]
**Registered Mail #**RF775825867US, with form 3811

**Clerk, Agent(s), Fiduciary(ies)**
C/o CLERK OF COURT
350 West 1st Street, Courtroom 9B, 9th Floor
Los Angeles, California [90012]
Express Mail #ER192833972US, with form 3811

**Clerk, Agent(s), Fiduciary(ies)**
C/o CLERK OF COURT
255 East Temple Street, Suite TS-134
Los Angeles, California [90012]
Express Mail #ER192833969, with form 3811

**Miranda Thomson, Michael Hestrin**
C/o RIVERSIDE COUNTY DISTRICT ATTORNEY, THE PEOPLE OF THE STATE OF CALIFORNIA
3960 Orange Street
Riverside, California [92501]
**Registered Mail #**RF775825875US, with form 3811

**THE PEOPLE OF THE STATE OF CALIFORNIA**
2108 North Street, Suite N
Sacramento, California [95816]
**Registered Mail #**RF775825694US, with form 3811

**By Electronic Service.** Based on a contract, and/or court order, and/or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

**Steven-Arthur: Sherman**
C/o STEVEN ARTHUR SHERMAN
1631 East 18th Street
Santa Ana, California [92705-7101]
ssherman@law4cops.com
csherman@law4cops.com

**Chad: Bianco, Gregory D Eastwood, Robert C V Bowman, George Reyes, William Pratt, Robert Gell, Joseph Sinz, Nicholas Gruwell,**
C/o RIVERSIDE COUNTY SHERIFF
4095 Lemon Street, 2nd Floor
Riverside, California [92501]
rsoscscentral@riversidesheriff.org
jsinz@riversidesheriff.org
wpratt@riversidesheriff.org

**Patricia Guerrero**
C/o Judicial Council of California
455 Gold Gate Avenue

VERIFIED MOTION AND DEMAND FOR RECONSIDERATION, JUDICIAL NOTICE OF BIAS, AND MOTION AND DEMAND TO VACATE DEFECTIVE ORDER DENYING INJUNCTIVE RELIEF

Express Mail #ER192833972US — Dated: May 19, 2025

San Francisco, California [94102]
judicialcouncil@jud.ca.gov

**Rob Bonta**
C/o Office of the Attorney General
1300 "I" Street
Sacramento, California [95814-2919]
Police-Practices@doj.ca.gov
piu@doj.ca.gov

**Clerk, Agent(s), Fiduciary(ies)**
C/o CLERK OF COURT
350 West 1st Street, Courtroom 9B, 9th Floor
Los Angeles, California [90012
WLH_Chambers@cacd.uscourts.gov

**Clerk, Agent(s), Fiduciary(ies)**
C/o CLERK OF COURT
255 East Temple Street, Suite TS-134
Los Angeles, California [90012]
MAA_Chambers@cacd.uscourts.gov

**Pam Bondi**
C/o U.S. Department of Justice
950 Pennsylvania Avenue, North West
Washington, District of Colombia [20530]
crm.section@usdoj.gov

**Miranda Thomson, Michael Hestrin**
C/o RIVERSIDE COUNTY DISTRICT ATTORNEY, THE PEOPLE OF THE STATE OF CALIFORNIA
3960 Orange Street
Riverside, California [92501]
DAOffice@rivco.org

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **May 19, 2025** in Riverside County, California.

_____*/s/Corey Walker/*_____
Corey Walker

//

//

### NOTICE:

Using a notary on this document does ***not*** constitute joinder adhesion, or consent to any foreign jurisdiction, ***nor does it alter my status in any manner.*** The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

VERIFIED MOTION AND DEMAND FOR RECONSIDERATION, JUDICIAL NOTICE OF BIAS, AND MOTION AND DEMAND TO VACATE DEFECTIVE ORDER DENYING INJUNCTIVE RELIEF

Express Mail #ER192833972US — Dated: May 19, 2025

# ACKNOWLEDGEMENT:

State of California                    )

                                       ) ss.

County of Riverside                    )

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On this <u>19th</u> day of <u>May</u>, <u>2025</u>, before me, <u>Joyti Patel</u>, a Notary Public, personally appeared <u>Kevin: Realworldfare</u>, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> JOYTI PATEL
> Notary Public - California
> Riverside County
> Commission # 2407742
> My Comm. Expires Jul 8, 2026

Signature _Joyti Patel_ _____ (Seal)

VERIFIED MOTION AND DEMAND FOR RECONSIDERATION, JUDICIAL NOTICE OF BIAS, AND MOTION AND DEMAND TO VACATE DEFECTIVE ORDER DENYING INJUNCTIVE RELIEF