June 18, 2025

1  Kevin: Realworldfare *(formerly Kevin: Walker)*
2  C/o 30650 Rancho California Road #406-251
   Temecula, California [92591]
3  *non-domestic **without** the United States*
4  Email: team@walkernovagroup.com

5  *Plaintiff, Real Party In Interest, Secured Party, Injured Party*

6

7



8       # UNITED STATES DISTRICT COURT
9       # CENTRAL DISTRICT OF CALIFORNIA

10  Kevin: Walker,                          Case No.: 5:25–cv–00646–WLH–MAA
11      *Plaintiff/Real Party In Interest,*   **RENEWED VERIFIED MOTION AND**
                                              **DEMAND TO VACATE PRIOR**
12          *vs.*                             **DENIAL OF INJUNCTIVE RELIEF**
                                              **UNDER FEDERAL RULE OF CIVIL**
13  **Chad Bianco, Steven Arthur Sherman,**   **PROCEDURE 60(B)(1) AND (B)(6),**
    **Gregory D Eastwood, Robert C V**        **WITH NOTICE OF RETALIATION,**
14  **Bowman, George Reyes, William Pratt,**  **CONSTITUTIONAL VIOLATIONS,**
    **Robert Gell, Nicholas Gruwell,** Joseph **AND MANIFEST INJUSTICE**
15  **Sinz, Michael Hestrin, Miranda Thomson,**
    **RIVERSIDE COUNTY SHERIFF, THE**
16  **PEOPLE OF THE STATE OF**
    **CALIFORNIA, SOUTHWEST JUSTICE**
17  **CENTER, FERGUSON PRAET &**              (SPECIAL LIMITED APPEARANCE — IN
    **SHERMAN A PROFESSIONAL**                EQUITY ONLY — EQUITY JURISDICTION
18  **CORPORATION,** *Does 1-100 Inclusive*   PRESERVED)
    *Defendant(s).*
19

20

21  **TO THE COURT, ALL PARTIES, AND CLERK OF THE COURT:**

22  This matter is brought in equity, under the original and exclusive jurisdiction of this

23  Court as authorized by the Constitution of the United States, Article III, Section 2.

24  All statutory jurisdiction is expressly denied and rebutted. This is a Court of

25  Record. All rights are reserved without prejudice pursuant to UCC 1-308.

26  **COMES NOW, Plaintiff, secured party, Real Party Interest, and injured party**

27  **Kevin: Realworldfare (formerly Kevin: Walker)**, a living man, proceeding *sui*

28  *juris, in propria persona,* not pro se, by *Special Limited Appearance* only, not

June 18, 2025

appearing as surety for any legal fiction, not a corporation, and not a U.S. citizen
under the 14th Amendment, but a **private American national and State Citizen** by
birthright, standing solely upon his unalienable rights, secured by the Constitution
and the common law.

Plaintiff hereby submits this **RENEWED VERIFIED MOTION AND DEMAND TO
VACATE PRIOR DENIAL OF INJUNCTIVE RELIEF UNDER FRCP 60(b)(1) AND
(b)(6), WITH NOTICE OF RETALIATION, CONSTITUTIONAL VIOLATIONS,
AND MANIFEST INJUSTICE,** brought pursuant to **Federal Rules of Civil
Procedure 59(e), 60(b)(1), and 60(b)(6)** and with **clarification of Local Rule 7-18.**
This renewed motion and demand arises in response to the **June 17, 2025 Minute
Order,** which **erroneously denied Plaintiff's original Verified Motion for
Reconsideration** on procedural grounds—**without addressing a single material
fact, without engaging with unrebutted affidavits under penalty of perjury,** and
**without lawful jurisdiction** to override equity or dispose of perfected rights by
clerical fiat. Such omission constitutes not mere oversight but a **constructive denial
of access to justice,** a **refusal to adjudicate verified record,** and a **manifest breach
of the Court's constitutional duty** under Article III.

## I. CLARIFICATION OF CONTROLLING LEGAL FRAMEWORK

**A. Federal Rule of Civil Procedure 60(b) Governs**

This Renewed Motion and Demand is properly brought under **Federal Rule of
Civil Procedure 60(b)(1) and 60(b)(6),** which together provide a broad, equitable
basis for relief from a prior order when justice so demands:

- **FRCP 60(b)(1)** permits relief based on *mistake, inadvertence, surprise, or
  excusable neglect,* including failure to account for subsequent legal or factual
  developments;

- **FRCP 60(b)(6)** authorizes relief for *"any other reason that justifies relief,"*
  including manifest injustice, procedural fraud, retaliation, denial of due
  process, or newly arising harm.

June 18, 2025

These provisions expressly **allow reconsideration beyond the 14-day window** set by local rules or FRCP 59(e), particularly where substantial constitutional or equitable interests are at stake. See:

- **Gonzalez v. Crosby,** 545 U.S. 524, 535 (2005):

  "Rule 60(b) has an unquestionably valid role to play in habeas cases… The Rule allows relief from judgment in cases of mistake, newly discovered evidence, or 'any other reason justifying relief.'"

- **Liljeberg v. Health Services Acquisition Corp.,** 486 U.S. 847, 864 (1988):

  "[Rule 60(b)(6)] should be liberally construed to do substantial justice."

- **United States v. Alpine Land & Reservoir Co.,** 984 F.2d 1047, 1049 (9th Cir. 1993):

  "Relief under Rule 60(b)(6) is available only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."

Here, Plaintiff/injured party has demonstrated such extraordinary circumstances — including **retaliation under color of law, deprivation of rights, and obstruction of equity proceedings** — which merit full reconsideration under FRCP 60(b).

**B. Local Rule 7-18 Does Not Supersede Federal Rules**

To the extent that **Local Rule 7-18** sets a 14-day limit on motions for reconsideration, it **does not apply to motions brought under FRCP 60(b),** nor can it restrict the Court's equitable authority to correct injustice.

- **Marshall v. Gates,** 44 F.3d 722, 724 (9th Cir. 1995):

  "Where a federal rule directly conflicts with a local rule, the federal rule governs under the Supremacy Clause."

- **United States v. $32,820.56 in U.S. Currency,** 838 F.2d 894, 897 (7th Cir. 1988):

  "A local rule cannot override a federal rule of civil procedure."

- **L.R. 7-18** is procedural and discretionary — not jurisdictional. It does not bar a properly supported motion for relief from order under Rule 60(b), especially

June 18, 2025

1  where the record reveals **new evidence, manifest injustice, or constitutional**

2  **violations**.

3  Therefore, this Court retains **broad discretion** under Rule 60(b) to vacate or

4  reconsider a prior order that was improvidently entered, incomplete, or tainted by

5  procedural irregularity or fraud, regardless of local timing limitations.

## II. GOOD CAUSE FOR DELAY IN FILING

7  **A. Continuous Irreparable Harm and Retaliation for Asserting Constitutionally**

8  **Secured Rights**

9  Plaintiff has endured ongoing and compounding harm, including unlawful

10  detention, interference with private property, chilling of First Amendment-

11  protected activity, and deliberate obstruction of access to lawful remedy. These acts

12  —taken under color of law—constitute direct and unlawful retaliation for Plaintiff's

13  exercise of constitutionally and commercially secured rights and constitute

14  **irrefutable good cause** for any procedural delay in filing the renewed motion.

15  On or about **May 14, 2025**, a **retaliatory federal proceeding** was initiated under **Case**

16  **No. 5:25-cv-01305**, captioned *The People of the State of California v. Kevin Lewis Walker*,

17  before Judge Wesley L. Hsu. The action was brought in **clear reprisal** for Plaintiff's/

18  injured party's lawful pursuit of claims and equitable redress in the instant matter

19  and elsewhere. That proceeding was administratively constructed, lacking a verified

20  complaint, lawful jurisdiction, or injured party. It falsely named the **ens legis fiction**

21  **"KEVIN LEWIS WALKER"**, a commercial entity which Plaintiff has explicitly

22  rebutted and lawfully disclaimed under oath and public filing.

23  This retaliatory action was triggered directly by Plaintiff's:

24  • **Assertion of his constitutionally secured right to travel** unencumbered by

25  statutory presumption or adhesion contracts;

26  • **Filing of lawful commercial instruments and UCC security agreements**

27  against public actors, including **Michael Hestrin (Riverside County District**

28  **Attorney)**, the **Riverside County Sheriff**, and other known co-defendants;

June 18, 2025

1    • **Submissions of verified affidavits, notices of liability, and commercial**
2    **tenders**, supported by unrebutted public record, lawful tender, and
3    administrative exhaustion.

4    Such conduct constitutes classic retaliation under the Civil Rights Act. As the
5    Supreme Court held in *Hartman v. Moore*, 547 U.S. 250, 256 (2006):

6    "Official reprisal for protected speech 'offends the Constitution [because] it
7    threatens to inhibit exercise of the protected right.'"

8    "[E]ven an act taken in apparent good faith is unlawful if it was in retaliation for
9    the exercise of a constitutionally protected right."

10   Likewise, in *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84 (1977), the
11   Court recognized:

12   "The government may not punish an individual for exercising a protected
13   constitutional right, and when such retaliation occurs, it gives rise to an
14   actionable injury."

15   Further, in *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986), the Ninth
16   Circuit emphasized:

17   "Where retaliation is alleged, especially under color of state law, the courts must
18   remain vigilant in preventing abuse of official authority."

19   The **retaliatory proceeding**, by its structure and timing, was an attempt to:

20   1.   **Fraudulently convert the private capacity of the Plaintiff into a public**
21        **fiction**, creating false presumptions of jurisdiction;

22   2.   **Sabotage pending equity proceedings** by diverting judicial attention and
23        overburdening Plaintiff with unnecessary statutory process;

24   3.   **Intimidate and suppress further pursuit of lawful claims**, violating both
25        due process and equal protection.

26   This type of retaliation, when imposed through **simulated legal process**,
27   constitutes not only a violation of 42 U.S.C. § 1983 (deprivation of rights
28   under color of law), but also qualifies as a **conspiracy to interfere with civil**

Page 5 of 29

June 18, 2025

1  **rights** under **42 U.S.C. § 1985(3)** and **neglect to prevent** under **42 U.S.C. §**
2  **1986.**

3  Retaliation targeting equity claimants and private Americans asserting lawful
4  status is particularly egregious because the harm is not merely speculative—it is
5  **ongoing, structural, and weaponized through unlawful process**.

6  Moreover, **irreparable harm** is presumed in cases involving constitutional
7  deprivations. See:

8  • *Elrod v. Burns*, 427 U.S. 347, 373 (1976):
9      "The loss of First Amendment freedoms, for even minimal periods of time,
10     unquestionably constitutes irreparable injury."

11 • *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012):
12     "[W]hen constitutional rights are violated, no further showing of irreparable
13     harm is necessary."

14 • *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984):
15     "A showing of probable success on the merits and a strong showing of
16     irreparable injury can justify equitable relief."

17 Accordingly, the combination of:

18 • **Retaliatory litigation under color of law,**
19 • **The targeting of a known ens legis to simulate jurisdiction**, and
20 • **The deliberate obstruction of equity proceedings**,

21 ...unequivocally satisfies **good cause** under **Federal Rules of Civil Procedure 60(b)**
22 **(1) (excusable neglect), 60(b)(3) (fraud, misrepresentation, or misconduct), and**
23 **60(b)(6) (any other reason justifying relief).**

24 This Court is duty-bound to protect its own integrity, prevent retaliatory abuse, and
25 **intervene immediately to halt irreparable harm** and preserve equity jurisdiction.

26 ## III. FACTUAL SUMMARY OF DUE DILIGENCE

27 Plaintiff has concurrently filed:

28 • <u>Verified</u> Affidavits and Conditional Acceptances,

June 18, 2025

- UCC Financing Statements and Commercial Security Agreements,
- Form 1099-A, 1099-C, and other Treasury-related notices for **lawful discharge**,
- Motions supported by over One Hundred and Fifty (150) pages of unrebutted exhibits,
- Registered mail proofs and Form 3811s documenting all parties were notified in compliance with FRCP 65.

This due diligence, conducted **while defending against retaliatory actions**, constitutes **excusable neglect**, and **affirmative good cause**.

## IV. JUDICIAL ERROR AND PREJUDICE MUST BE CORRECTED

The Court's prior order [Dkt. 13]:
- Mischaracterized Plaintiff's filing as invoking "sovereign citizen" theory;
- Cited *United States v. Benabe*, a wholly inapposite criminal case;
- Ignored unrebutted commercial instruments, tender of negotiable instruments, and verified administrative findings of dishonor;
- Failed to address material facts or invoke **equity jurisdiction** under **Article III, § 2**.

The record must be corrected. A refusal to do so constitutes **fraud on the court** and denial of due process, correctable under **FRCP 60(b)(3), (6), and (d)(3)**.

## V. CLEAR ERRORS, MISREPRESENTATIONS, AND CONTINUING HARM

The Court **erroneously and prejudicially** characterized Plaintiff's Verified Complaint as invoking "sovereign citizen" concepts, thereby dismissing the claims as legally frivolous.

This is **factually false and legally unsustainable**. Plaintiff has never identified as, nor relied upon, any "sovereign citizen" ideology. Such labeling is **defamatory, prejudicial, and unsupported by the record**. Plaintiff has consistently invoked **established and actionable federal law** and has operated under verified affidavit, proper capacity, and lawful status.

The Verified Complaint is grounded in **federal statutes that explicitly confer a
private right of action**, enabling individuals such as Plaintiff to seek redress for
violations of constitutional and statutory rights. These statutes are not advisory or
symbolic — they are **binding federal law** providing enforceable civil remedies
against both state and federal actors operating under color of law:

- **42 U.S.C. § 1983** – This statute is the cornerstone of civil rights litigation. It
  provides a **direct private right of action** for any individual whose
  constitutional or federally protected rights have been violated by a person
  acting "under color of state law." Courts have long recognized this statute as
  enforceable by private citizens to seek **injunctive relief, compensatory, and
  punitive damages.**

- **42 U.S.C. § 1985(3)** – This statute provides a **private cause of action** for
  conspiracies to deprive a person or class of persons of the equal protection of
  the laws or equal privileges and immunities under the law. It is specifically
  designed to reach **private and state actors who conspire to violate civil rights,**
  and is routinely litigated in federal court by individuals alleging
  discriminatory or retaliatory acts.

- **42 U.S.C. § 1986** – A companion statute to § 1985, § 1986 imposes **civil liability** on
  any person who, knowing that a § 1985 conspiracy is occurring, **fails to act to
  prevent it.** This statute reinforces the duty of public officials and actors to uphold
  constitutional rights and **creates a personal liability claim** when they fail to do so.

- **18 U.S.C. §§ 241, 242** – While these are criminal statutes, they serve as
  **predicate acts and evidentiary support** for civil claims under § 1983 and
  RICO. Courts have acknowledged that **violations of these statutes may form
  the factual basis for private civil suits**, especially when they involve color-of-
  law abuse, conspiracy, and pattern or practice of rights deprivation.

- **28 U.S.C. §§ 1343 and 1443** – These provisions establish **jurisdictional
  authority for private individuals** to bring claims involving civil rights

June 18, 2025

deprivations. Section 1343 gives district courts jurisdiction over **civil actions for deprivation of rights**, while § 1443 provides a removal mechanism to federal court when state courts cannot or will not protect federally secured rights.

- **U.S. Constitution – Amendments IV, V, and XIV** – These constitutional provisions form the substantive basis for claims under § 1983. They protect against unreasonable searches and seizures, deprivation of life, liberty, or property without due process, and unequal treatment under the law — all of which are **actionable by private citizens** when violated by state actors.

In sum, each statute and constitutional provision invoked by Plaintiff is **well-established as providing a valid and enforceable private right of action**. The assertion that these claims are legally insufficient or frivolous — particularly when supported by unrebutted affidavits and evidence — reflects **a failure to apply controlling legal standards and a prejudicial misunderstanding of the legal framework governing civil rights litigation**.

The Court further failed to address the record of **repeated unlawful arrests, ongoing harassment, property deprivation, and imminent threats**—all supported by **multiple** verified affidavits and **_unrebutted_** evidence. These events demonstrate real, continuous, and irreparable harm warranting injunctive relief under **Winter v. NRDC, 555 U.S. 7 (2008)**.

## VI. SATISFACTION OF ALL WINTER FACTORS FOR INJUNCTIVE RELIEF

**1. Likelihood of Success on the Merits**

Plaintiff has brought forward **well-pleaded and substantiated claims** under clearly established federal law, including 42 U.S.C. §§1983, 1985(3), and 1986, which courts have consistently recognized as conferring a **private right of action**. Plaintiff has asserted violations of constitutionally protected rights—including liberty, due process, property interests, and equal protection—by

June 18, 2025

State actors operating **under color of law** without lawful jurisdiction, bond, or valid authority.

Each statutory claim is reinforced by **verified affidavits, administrative records, unrebutted notices, and public documentation**, all of which stand **unchallenged on the record**. No opposing party has submitted a rebuttal affidavit, countervailing evidence, or lawful authority disproving Plaintiff's standing, status, or the factual basis of the claims asserted. This constitutes **tacit acquiescence** and **default in commerce**, further strengthening Plaintiff's legal position.

In total, the Plaintiff's filings reflect **strong legal theory, credible evidentiary foundation**, and **uncontested factual record**—all of which satisfy the "likelihood of success" element under **Winter v. NRDC, 555 U.S. 7 (2008)**.

**2. Irreparable Harm**

The harm suffered by Plaintiff is not speculative, hypothetical, or remote—it is **real, active, and ongoing**. The record reflects:

- **Repeated unlawful detainment** without valid warrants;
- **Unlawful seizure of private property**, including a secured estate vehicle;
- **Harassment, intimidation, and coercive behavior** by government actors;
- And the ongoing **threat of further retaliation** for asserting legal rights.

Such violations impact liberty, bodily integrity, property, and peace of mind. These injuries are inherently **irreparable** because they implicate **constitutional protections**, and cannot be undone or remedied through post hoc monetary awards. Federal courts have long held that **deprivations of constitutional rights—even for minimal periods—constitute per se irreparable harm**. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

**3. Balance of Equities**

The equitable balance tips heavily in Plaintiff's favor. Plaintiff is **not asking the Court to issue affirmative commands or impose hardship** on any party. Rather,

June 18, 2025

Plaintiff seeks only a **narrow, lawful injunction** to restrain further unlawful actions and require adherence to **constitutional boundaries.**

The Defendants will suffer no lawful burden from being **ordered to cease unlawful activity**, respect jurisdictional limits, and honor due process. In contrast, if relief is denied, Plaintiff remains exposed to **ongoing threats, unlawful detention, property deprivation, and retaliation** for protected legal actions. The equities are not merely balanced—they are **lopsided in Plaintiff's favor**.

**4. Public Interest**

There is no greater public interest than the protection of **constitutional liberties** and the **restraint of government abuse of power**. This case presents a textbook example of rights violations under color of law. It involves:

- **Unlawful government conduct** without jurisdiction or verified authority;
- **Color-of-law retaliation** for lawful filings;
- **Failure by judicial officers to uphold neutral adjudication.**

The public's confidence in the rule of law depends on federal courts **intervening when State actors exceed lawful authority**. Granting injunctive relief here affirms the Court's **constitutional role as a guardian of individual rights** and sends a clear message that **no agency or officer is above the law**.

Thus, the **public interest decisively supports** immediate judicial intervention.

## VII. JUDICIAL NOTICE OF PREJUDICIAL MISCONDUCT

Pursuant to **Federal Rule of Evidence 201**, Plaintiff respectfully places this Court on **Formal Judicial Notice** of the following facts and prejudicial misconduct, each of which materially undermines the integrity of these proceedings:

- **The term "sovereign citizen" is nowhere in the record**. The Court's use of this slanderous label is entirely **unsupported, defamatory**, and **recklessly inserted** without basis. Plaintiff has never identified with nor relied upon such ideology. This mischaracterization creates an **appearance of bias** and constitutes **judicial defamation** on the record.

June 18, 2025

- **The reliance on *United States v. Benabe*, 654 F.3d 753 (7th Cir. 2011), is grossly inappropriate**. That case involved **criminal defendants** invoking incoherent pseudo-legal arguments—not civil litigants asserting **well-founded constitutional claims** under 42 U.S.C. §§ 1983, 1985, 1986, supported by verified affidavits and procedural compliance. The Court's conflation of these distinct categories is both **legally erroneous** and **factually offensive**.

- **The Court's dismissal appears presumption-driven rather than fact-based**, as it failed to engage with the merits of Plaintiff's verified pleadings, affidavits, or unrebutted statutory claims. This amounts to a **denial of meaningful judicial review** and reflects a **dangerous pattern of rubber-stamping administrative narratives** over constitutional pleadings.

- **Such conduct violates Canon 2 and Canon 3 of the Code of Conduct for United States Judges**, which require that judges "uphold the integrity and independence of the judiciary" and "perform the duties of office fairly, impartially, and diligently." By substituting bias for law, the Court has compromised its impartiality and engaged in conduct that would justify referral to the **Judicial Council of the Ninth Circuit**.

- **This misuse of rhetoric has prejudiced Plaintiff's rights, tainted the public record, and chilled protected constitutional expression**. It invites systemic abuse against lawful claimants seeking remedy outside the confines of state-sponsored legal fiction and constitutes a **structural violation of due process** under the Fifth Amendment.

Accordingly, this Court is now **on notice** of the consequences of permitting bias, mislabeling, and judicial slander to go uncorrected. Let the record reflect truth, or let it be corrected under lawful protest.

//

//

//

June 18, 2025

## VIII. Rebuttal to Misuse of United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011)

To the extent the Court has relied upon the quotation from *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) — stating that:

> *"Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."*

— such reliance is **factually erroneous**, **procedurally improper**, and **prejudicial in application**.

**First**, *Benabe* involved **criminal defendants** invoking incoherent pseudo-legal defenses in an attempt to evade federal jurisdiction. The case did **not involve verified affidavits, properly filed civil pleadings under 42 U.S.C. §§ 1983, 1985, or 1986, nor commercial filings grounded in UCC provisions and equity law.**

**Second**, the language in *Benabe* has been widely misused as a **judicial tool to dismiss inconvenient claims by attaching a pejorative label ("sovereign citizen") without engaging the merits.** Plaintiff in the instant matter **has never identified with such ideology** and expressly disclaims any association with fictitious or pseudo-legal theories. The Complaint is grounded in enforceable federal statutes, constitutional violations, and unrebutted affidavits of fact.

**Third**, the Court's invocation of *Benabe* serves to **shift the burden away from substantive adjudication**, replacing due process with stereotype and presumption — a direct violation of the Fifth Amendment guarantee of impartial judicial review and a breach of **Canon 3 of the Code of Conduct for United States Judges**, which mandates that a judge must *"perform the duties of the office fairly, impartially and diligently."*

Accordingly, Plaintiff demands that any reference to *Benabe* be **stricken from the record as irrelevant, defamatory, and prejudicial,** and that this Court issue a

June 18, 2025

1  corrective clarification to preserve the integrity of the record and Plaintiff's right to

2  due process

## IX. JUDICIAL NOTICE OF IGNORANCE OR WILLFUL DISREGARD OF PRIVATE LAW DISTINCTIONS

5  Plaintiff hereby places this Court on further **Judicial Notice**, pursuant to **Federal**

6  **Rule of Evidence 201**, of the Court's failure to distinguish between **private law and**

7  **public commercial law**, a critical legal bifurcation that governs this case in both

8  **equity and contract**.

9  Specifically:

10  **1.** The Court **erroneously assumes compulsory motor vehicle registration**, failing

11  to distinguish between **private conveyances owned by a trust in non-**

12  **commercial capacity**, and **vehicles engaged in regulated commerce** subject to

13  registration under California Vehicle Code and Title 49 of the U.S. Code.

14  **2.** The Verified Complaint and associated affidavits explicitly assert that the

15  **automobile in question is private trust property** not used for hire, transport, or

16  commercial activity. The Court made **no effort** to examine the legal status of the

17  vehicle under **UCC Article 9**, the **California Commercial Code**, or the **private**

18  **law doctrine of trust res**.

19  **3.** Under California Vehicle Code § 260, a **private vehicle** used exclusively for **non-**

20  **commercial** purposes, such as personal use by the owner, is <u>not</u> a "commercial"

21  vehicle" and is <u>not</u> subject to mandatory registration. See also 18 U.S.C. § 31,

22  which limits the definition of "**motor vehicle**" to those used for "**commercial**"

23  **purposes** in the transportation of property or passengers.

24  **4.** The Court has ignored controlling federal and state precedent, including but not

25  limited to:

26  **1. Stephenson v. Binford, 287 U.S. 251 (1932)**

27  In this case, the Supreme Court upheld Texas regulations requiring private

28  carriers operating for hire over public highways to obtain a certificate of

Page 14 of 29

public convenience and necessity. The Court recognized the state's authority
to regulate commercial use of highways to prevent undue burdens. The
Court stated:

> "The Railroad Commission and the highway commission are directed to cooperate
> in respect of the condition of the public highways and their ability to carry
> existing and proposed additional traffic."

**2. Frost & Frost Trucking Co. v. Railroad Commission, 271 U.S. 583 (1926)**

The Supreme Court held that a state cannot compel a private carrier to
become a common carrier as a condition for using public highways. The
Court emphasized:

> "Assuming that the use of its highways by private carriers for hire is a privilege
> which the State may deny, it cannot constitutionally affix to that privilege the
> unconstitutional condition precedent that the carrier shall assume against his will
> the burdens and duties of a common carrier."

**3. National Shawmut Bank of Boston v. Jones, 108 N.H. 386, 236 A.2d 484
(1967)**

This case addressed the classification of goods under the Uniform
Commercial Code (UCC). The New Hampshire Supreme Court discussed the
distinction between consumer goods and equipment, noting:

> "The classification of goods under UCC 9-109 is a question of fact."

This implies that a vehicle not used for commercial activity may**[must]** be
considered consumer goods, **not** subject to commercial regulations.

**4. Thompson v. Smith, 154 S.E. 579 (Va. 1930); Teche Lines v. Danforth, 12
So.2d 784 (Miss. 1943)**

These cases jointly affirm the inherent nature of the right to travel using
customary means of transportation:

> "The right of the Citizen to travel upon the public highways and to transport his
> property thereon, in the ordinary course of life and business, is a common right

June 18, 2025

*which he has under the right to enjoy life and liberty, to acquire and possess property, and to pursue happiness and safety. It includes the right, in so doing, to use the ordinary and usual conveyances of the day, and under the existing modes of travel, includes the right to drive a horse drawn carriage or wagon thereon or to operate an automobile thereon, for the usual and ordinary purpose of life and business."*

**5. Chicago Coach Co. v. City of Chicago, 337 Ill. 200, 169 N.E. 22 (1929)**

In this case, the Illinois Supreme Court held that the city could not prohibit the operation of motor buses on its streets when the company was already licensed by the state. The court emphasized the distinction between state and municipal authority over public highways. The case underscores the principle that the use of public highways for travel is a right that cannot be arbitrarily restricted by local ordinances. This case further distinguishes the authority to regulate for public safety from any legislative power to revoke the right to travel:

"*No State government entity has the power to allow or deny passage on the highways*, *byways, nor waterways... transporting his vehicles and personal property for either recreation or business, but by being subject only to local regulation i.e., safety, caution, traffic lights, speed limits, etc. **Travel** is **not a privilege requiring, licensing, vehicle registration, or forced insurances**.*"

"*Even the legislature has no power to deny to a citizen the right to travel upon the highway and transport his/her property in the ordinary course of his business or pleasure.*"

**6. Kent v. Dulles, 357 U.S. 116 (1958)**

The Supreme Court recognized the right to travel as an inherent liberty protected by the Fifth Amendment, stating:

"*The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without due process of law under the Fifth Amendment.*"

### 7. Buck v. Kuykendall, 267 U.S. 307 (1925)

This case clearly distinguishes between the right to travel for private purposes and the privilege of conducting commerce on the highways:

> *"...It is now universally recognized that the state does possess such power [to impose such burdens and limitations upon private carriers when using the public highways for the transaction of their business] with respect to common carriers using the public highways for the transaction of their business in the transportation of persons or property for hire. That rule is stated as follows by the Supreme Court of the United States: 'A citizen may have, under the Fourteenth Amendment, the right to travel and transport his property upon them (the public highways) by auto vehicle, but he has no right to make the highways his place of business by using them as a common carrier for hire. Such use is a privilege which may be granted or withheld by the state in its discretion, without violating either the due process clause or the equal protection clause.'"*

### 8. State v. City of Spokane, 186 P. 864

This decision articulates the foundational distinction between travel for personal purposes and commercial exploitation of the public ways:

> *"The right of a citizen to travel upon the highway and transport his property thereon in the ordinary course of life and business differs radically and obviously from that of one who makes the highway his place of business and uses it for private gain, in the running of a stagecoach or omnibus. The former is the usual and ordinary right of a citizen, a right common to all; while the latter is special, unusual and extraordinary. As to the former, the extent of legislative power is that of regulation; but as to the latter its power is broader; the right may be wholly denied, or it may be permitted to some and denied to others, because of its extraordinary nature. This distinction, elementary and fundamental in character, is recognized by all the authorities."*

### 9. Miranda v. Arizona, 384 U.S. 436 (1966)

RENEWED MOTION AND DEMAND TO VACATE PRIOR DENIAL OF INJUNCTIVE RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(4) CLASS, IRS(A), WITH NOTICE OF RETALIATION, CONSTITUTIONAL VIOLATIONS, AND MANIFEST INJUSTICE

June 18, 2025

1    This landmark case not only established procedural safeguards for due

2    process but also reaffirmed the supremacy of constitutional rights over

3    statutory or administrative rulemaking:

4        *"Where rights secured by the Constitution are involved, there can be no rule*

5        *making or legislation which would abrogate them."*

6    These cases collectively affirm that while the state may regulate commercial activities

7    on public highways, **it cannot infringe upon the fundamental right of individuals**

8    **to travel and transport their property for personal, non-commercial purposes.**

9    These cases affirm that:

10   • The <u>**right to travel**</u> is a **fundamental, constitutionally secured right;**

11   • Travel by automobile for private, non-commercial purposes **cannot be taxed,**

12     **licensed, or compelled into registration** absent voluntary commercial nexus;

13   • The state's authority to regulate commerce **does not extend to private**

14     **individuals operating private trust property for personal use.**

15   • This omission reflects either a profound **misunderstanding of private law,**

16     **secured transactions, and trust-based exemptions**, or a **willful refusal to**

17     **acknowledge the jurisdictional limits** of the State and federal government

18     over **non-commercial private property.**

19   Thus, Plaintiff demands judicial correction and acknowledgment that:

20   • Private property held in trust is **not presumed to be under statutory**

21     **obligation or jurisdiction;**

22   • **Registration is a voluntary contractual adhesion,** and cannot be compelled

23     without evidence of commercial nexus;

24   • And **failure to engage these claims on their merits** while issuing judicial slurs

25     constitutes either **gross legal incompetence** or **malicious intent to deprive**

26     **remedy**

27   //

28   //

June 18, 2025

# VI. CLARIFICATION AND AFFIRMATION OF NOTICE UNDER RULE 65

Plaintiff hereby objects to and rebuts the Court's finding that notice was deficient under Federal Rule of Civil Procedure 65(b) and Local Rule 7-19.1. The record demonstrates that all named defendants were lawfully and sufficiently noticed through valid legal process, and that procedural and constitutional standards for notice were fully met.

**A. Registered Mail with Return Receipt Constitutes Legal Notice**

Plaintiff served all named parties via **Registered Mail** with **Form 3811 (green card)** as proof of delivery and receipt. Under federal and California law, **Registered Mail constitutes proper and legally recognized notice**. See *Mahon v. Credit Bureau of Placer County*, 171 F.3d 1197 (9th Cir. 1999). Rule 65(b)(1)(B) permits ex parte relief when written certification shows efforts made to give notice and when notice is "reasonably certain" to inform the opposing party.

The service documents, attached as **Exhibits I–L**, show that delivery was made, and receipt was confirmed. These records satisfy both **procedural due process** and the requirements of Rule 65(b).

**B. Emergency and Irreparable Harm Justify Immediate Relief**

The Verified Motion outlined **ongoing and irreparable constitutional violations** — including repeated unlawful detentions, retaliatory actions, and threats to liberty and property. The Supreme Court has held that ongoing constitutional violations constitute **per se irreparable harm**. See *Elrod v. Burns*, 427 U.S. 347 (1976). As such, Plaintiff met the standard for emergency injunctive relief.

**C. Notices Were Self-Executing and Commercially Perfected**

The filings in this matter include **Verified Affidavits, Conditional Acceptances**, and **Self-Executing Notices of Fault and Dishonor**, consistent with commercial administrative procedure. These documents were **unrebutted**, and therefore deemed accepted under principles of equity and the doctrine of **tacit procuration**. The Court failed to recognize the legal effect of these unrebutted filings.

Under *Federal Rule of Evidence 902(1)-(4)*, documents served via registered mail with signed receipts and sworn verification are **self-authenticating**, and **constructively establish notice** for purposes of due process and Rule 65.

**D. The Mailbox Rule Applies**

It is a settled rule that service by mail is deemed **complete upon mailing**, not upon docket acknowledgment or recipient response. See *Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956 (9th Cir. 2001). The fact that mailing occurred the same day the motion was filed does not invalidate notice, particularly where defendants received the documents.

**CONCLUSION**

Plaintiff satisfied the requirements of Rule 65(b) through lawful, verified, and provable service. The Court's conclusion that notice was insufficient is **clearly erroneous** and incompatible with the attached proof. All Defendants were placed on notice. The failure of opposing parties to respond or rebut the filings does not negate their legal effect.

Accordingly, Plaintiff demands that the Court correct its findings, acknowledge the sufficiency of notice, and grant the injunctive relief requested or set the matter for hearing under Rule 65(a).

## VII. NOTICE OF POSSIBLE JUDICIAL DISQUALIFICATION

Should this Honorable Court decline to vacate the improper denial of equitable relief, strike the defamatory and prejudicial labeling of Plaintiff as a "sovereign citizen," and correct the resulting constitutional violations and jurisdictional errors on the record, **Plaintiff places this Court on formal notice** that continued adjudication under such manifest bias and presumption would give rise to a **valid basis for mandatory judicial recusal or disqualification** under 28 U.S.C. § 455(a) and (b)(1), and the **Due Process Clause of the Fifth Amendment**.

Any judicial officer who **knowingly misrepresents a party's standing**, imputes false affiliations unsupported by fact, or **exhibits signs of prejudgment or animus**,

1  forfeits the appearance of impartiality required by law. If the Court will not correct

2  these clear and present constitutional violations, **Plaintiff will have no choice but**

3  **to move for immediate recusal and file a formal complaint of judicial**

4  **misconduct**, including with the **Ninth Circuit Judicial Council** and other lawful

5  bodies of review.

6  //

7  ## VIII. RELIEF DEMANDED

8  Plaintiff, **expressly reserving all unalienable rights** and without waiving **standing,**

9  **status, jurisdictional objection, or any lawful capacity**, hereby demands the

10  following **equitable and lawful relief** from this Honorable Court in furtherance of

11  justice, due process, and constitutional remedy:

12  1.  **That the Court VACATE and SET ASIDE its prior denial of injunctive relief**

13  entered by Minute Order dated **June 17, 2025 [Dkt. 13]**, as said denial was

14  issued without proper consideration of the verified record, unrebutted

15  affidavits, controlling facts, and applicable legal standards, constituting manifest

16  error and a denial of due process;

17  2.  **That the Court VACATE the prior denial of Plaintiff's Emergency Motion for**

18  **Preliminary Injunction and adjudicate the matter under the proper legal**

19  **standard set forth in** *Winter v. Natural Resources Defense Council*, **555 U.S. 7**

20  **(2008)**, based on:

21  • ongoing irreparable harm,

22  • continuing constitutional violations under color of law,

23  • Plaintiff's unrebutted evidence of perfected legal and equitable title,

24  • and verified commercial dishonor and default by the named Defendants.

25  3.  **That the Court STRIKE AND SANCTION any reference—whether express or**

26  **implied—to the term "sovereign citizen"**, as such label is **factually**

27  **unsupported, legally baseless, prejudicial**, and constitutes a **derogatory slander**

28  against the Plaintiff's character and lawful status. The use of such weaponized

1  language violates **canon of judicial neutrality, Fed. R. Evid. 403**, and **Plaintiff's**
2  **Fifth and Fourteenth Amendment rights** to impartial adjudication;
3  4. **That the Court schedule a full hearing pursuant to Rule 65(a), Federal Rules of**
4  **Civil Procedure**, to allow Plaintiff to present sworn testimony, exhibits,
5  supplemental affidavits, and additional verified proof of the irreparable harm,
6  retaliatory actions, and imminent threats that justify immediate equitable relief;
7  5. **That the Court adjudicate—on the merits and without administrative dismissal**
8  **or mischaracterization—Plaintiff's constitutional and statutory claims under 42**
9  **U.S.C. §§ 1983, 1985(3), and 1986**, arising from documented:
10  ○ acts of **retaliation for exercising the right to travel and to petition for**
11  **redress,**
12  ○ **conspiracies to interfere with civil rights,**
13  ○ and **failure to prevent ongoing constitutional deprivations** under
14  color of law by named agents and co-defendants;
15  6. **That the Court formally acknowledge Plaintiff's status as a private American**
16  **national**, proceeding **sui juris, not pro se**, not a **14th Amendment corporate**
17  **"U.S. citizen"**, and not appearing as surety for any ens legis fiction, vessel, or
18  transmitting utility. **All contracts by presumption are rebutted**, and standing is
19  asserted under **equity, trust law, the Constitution, and perfected commercial**
20  **record.**
21  Should the Court decline to grant the full relief demanded herein, **Plaintiff places**
22  **this Court on NOTICE** of intent to:
23  • **Seek immediate appellate review,**
24  • **File formal complaints for judicial misconduct,**
25  • And **pursue all lawful, equitable, and commercial remedies necessary** to
26  preserve due process, defend vested rights, and correct the public record.
27  **This Court now stands at the fulcrum of due process or deprivation. The choice**
28  **will be preserved in the record.**

June 18, 2025

# IX. RESERVATION OF RIGHTS

Plaintiff **expressly reserves all rights, liberties, and remedies** under UCC **§ 1-308**, the **Constitution for the United States of America (1787)**, the **California Constitution**, the **common law**, and **equity**, **without prejudice**, **without waiver**, and **without granting jurisdiction by implication, presumption, or adhesion**. This includes, but is not limited to:

- The right to **challenge jurisdiction at any time;**

- The right to **initiate formal complaints for judicial misconduct** pursuant to **28 U.S.C. §§ 351–364**, including against any officer of this Court who engages in **bias, slander of title, character defamation, suppression of record, concealment of affidavits, or mislabeling of Plaintiff's status;**

- The right to seek **equitable, commercial, and international remedy**, in any appropriate forum, for redress of violations committed under **color of law** or in breach of **fiduciary, judicial, or public duty;**

- The right to demand a **full and impartial adjudication by a competent tribunal**, operating under **Article III jurisdiction**, **not under presumption of statute or commercial adhesion.**

**No action, inaction, appearance, or pleading herein shall be construed as consent to statutory jurisdiction, waiver of rights, or submission to any unlawful forum or presumption.**

All rights reserved. **Nunc pro tunc. Ab initio.**

//
//
//
//
//
//
//

June 18, 2025

# VERIFICATION:

## Pursuant to 28 U.S.C. § 1746

### BY AUTHORIZED REPRESENTATIVE WITH FIRSTHAND KNOWLEDGE

I, Kevin Realworldfare, over the age of 18, competent to testify, and having firsthand knowledge of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 18th day of June in the year of Our Lord two thousand and twenty five, *without* the United States, **with all rights reserved and without recourse and without prejudice.**

**All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

By: _Kevin: Realworldfare_____

Kevin: Realworldfare, *Secured Party, Fiduciary,*
*Authorized Representative, Executor*

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

June 18, 2025

# <u>LIST OF EXHIBITS / EVIDENCE</u>:

1. Exhibit A:  **Affidavit: Power of Attorney In Fact'**

2. Exhibit B:  Hold Harmless Agreement

3. Exhibit C:  Private UCC Contract Trust/UCC1 filing #2024385925-4.

4. Exhibit D: Private UCC Contract Trust/UCC3 filing ##2024402990-2 .

5. E **Exhibit E:** Contract Security Agreement #RF775820621US, titled: NOTICE OF CONDITIONAL ACCEPTANCE, and FRAUD, RACKETEERING, CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, IDENTITY THEFT, EXTORTION, COERCION, TREASON.

6. **Exhibit F:** Contract Security Agreement #RF775821088US, titled: NOTICE OF DEFAULT, and FRAUD, RACKETEERING, CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, IDENTITY THEFT, EXTORTION, COERCION, TREASON

7. **Exhibit G:** Contract Security Agreement #RF775822582US, titled: NOTICE OF DEFAULT AND OPPORTUNITY TO CURE *AND* NOTICE OF FRAUD, RACKETEERING, CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, IDENTITY THEFT, EXTORTION, COERCION, KIDNAPPING.

8. **Exhibit H:** Contract Security Agreement #RF775823645US, titled:  Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION.

9. **Exhibit I:** Form 3811 corresponding to Exhibit E.

10. **Exhibit J:** Form 3811 corresponding to Exhibit F.

11. **Exhibit K:** Form 3811 corresponding to Exhibit G.

12. **Exhibit L:** Form 3811 corresponding to Exhibit H.

13. Exhibit **M:** INVOICE/TRUE BILL #RIVSHERTREAS12312024

14. **Exhibit N:** Copy of 'MASTER DISCHARGE AND INDEMNITY BOND' #RF661448567US.

June 18, 2025

15. **Exhibit O**: Photograph(s) of Defendant/Respondent Gregory D Eastwood.

16. **Exhibit P**: Photograph(s) of Defendant/Respondent Robert C V Bowman.

17. **Exhibit Q**: Photograph(s) of Defendant/Respondent Willam Pratt.

18. **Exhibit R**: Affidavit 'Right to Travel': *CANCELLATION*, TERMINATION, AND REVOCATION of COMMERCIAL "For Hire" DRIVER'S LICENSE CONTRACT and AGREEMENT. LICENSE/BOND # B6735991

19. **Exhibit S**: Revocation Termination and Cancelation of Franchise.

20. **Exhibit T**: CITATION/BOND #TE464702, accepted **under threat, duress, and coercion**.

21. **Exhibit U**: Private Transport's PRIVATE PLATE displayed on the automobile

22. **Exhibit V**: Copy of "Automobile" and "commercial vehicle" defined by DMV (Department of Motor Vehicles).

23. **Exhibit W**: Copy of CA CODE § 260 from https://leginfo.legislature.ca.gov.

24. **Exhibit X**: national/non-citizen national passport card #C35510079.

25. **Exhibit Y**: national/non-citizen national passport book #A39235161.

26. **Exhibit Z**: ™KEVIN LEWIS WALKER© Copyright and Trademark Agreement.

27. **Exhibit AA**: A copy of American Bar Association's 'Attorney In Fact' Definition.

28. **Exhibit BB**: A Copy of Rule 8.4: (Misconduct) of the American Bar Association.

//
//
//
//
//
//
//
//
//
//

June 18, 2025

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )    ss.
COUNTY OF RIVERSIDE          )

     I competent, over the age of eighteen years, and not a party to the within action. My mailing address is the Walkernova Group, care of: 30650 Rancho California Road suite 406-251, Temecula, California [92591]. On or about **June 20, 2025**, I served the within documents:

1.  **VERIFIED RENEWED VERIFIED MOTION AND DEMAND TO VACATE PRIOR DENIAL OF INJUNCTIVE RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)(1) AND (B)(6), WITH NOTICE OF RETALIATION, CONSTITUTIONAL VIOLATIONS, AND MANIFEST INJUSTICE**

**By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail in Riverside County, California, and sent via Registered Mail with a form 3811.

**Gregory D Eastwood, Robert C V Bowman, George Reyes, William Pratt, Robert Gell, Joseph Sinz, Nicholas Gruwell,**
C/o RIVERSIDE SHERIFF
30755-D Auld Road, Suite L-067
Murrieta, California [92563]
Certified Mail #9589 0710 5270 1127 8437 37

**Steven-Arthur: Sherman (Defendant and Counsel for RSO and Deputies)**
C/o STEVEN ARTHUR SHERMAN
1631 East 18th Street

June 18, 2025

1   Santa Ana, California [92705-7101]
    Certified Mail #9589 0710 5270 1127 8437 37

2   **Chad: Bianco**
    C/o  RIVERSIDE COUNTY SHERIFF
3   4095 Lemon Street, 2nd Floor
    Riverside, California [92501]
4   Certified Mail #9589 0710 5270 1127 8437 37

5   **Miranda Thomson, Michael Hestrin**
    C/o RIVERSIDE COUNTY DISTRICT ATTORNEY, THE PEOPLE OF
6   THE STATE OF CALIFORNIA
    3960 Orange Street
7   Riverside, California [92501]
    Certified Mail #7022 2410 0001 7119 3684

8
        **By Electronic Service.**  Based on a contract, and/or court order, and/or an
9
    agreement of the parties to accept service by electronic transmission, I caused the
10
    documents to be sent to the persons at the electronic notification addresses listed
11
    below.
12
            **Steven-Arthur: Sherman (Defendant and Counsel for RSO and**
13          **Deputies)**
            C/o STEVEN ARTHUR SHERMAN
14          ssherman@law4cops.com
            csherman@law4cops.com
15

16          Chad: Bianco, Gregory D Eastwood, Robert C V Bowman, George
            Reyes, William Pratt, Robert Gell, Joseph Sinz, Nicholas Gruwell,
17          C/o  RIVERSIDE COUNTY SHERIFF
            rsoscscentral@riversidesheriff.org
18          jsinz@riversidesheriff.org
            wpratt@riversidesheriff.org
19
            Miranda Thomson, Michael Hestrin
20          C/o RIVERSIDE COUNTY DISTRICT ATTORNEY, THE PEOPLE OF
            THE STATE OF CALIFORNIA
21          DAOffice@rivco.org
22      I declare under penalty of perjury under the laws of the State of California
23  that the above is true and correct.  Executed on **June 18, 2025** in Riverside County,
24  California.
                                    _____*/s/Corey Walker/*_____
25                                       Corey Walker
26  //
27  //
28  //

RENEWED ████ MOTION AND DEMAND TO VACATE ██████ DENIAL OF INJUNCTIVE RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4) AND (b)(6), WITH NOTICE OF RETALIATION CONSTITUTIONAL VIOLATIONS, AND MANIFEST INJUSTICE

June 18, 2025

1    **NOTICE:**

2    Using a notary on this document does *not* constitute joinder adhesion, or consent to

3    any foreign jurisdiction, ***nor does it alter my status in any manner.*** The purpose for

4    notary is verification and identification only and not for entrance into any foreign

5    jurisdiction.

6    //

7    //

8    # ACKNOWLEDGEMENT:

9    State of California                    )

10                                           ) ss.

11   County of Riverside                    )

> A notary public or other officer completing this certificate
> verifies only the identity of the individual who signed the
> document to which this certificate is attached, and not the
> truthfulness, accuracy, or validity of that document.

12   On this <u>18th</u> day of <u>June</u>, <u>2025</u>, before me,  <u>Joyti Patel</u>, a Notary Public, personally

13   appeared <u>Kevin: Realworldfare</u>, who proved to me on the basis of satisfactory

14   evidence to be the person(s) whose name(s) is/are subscribed to the within

15   instrument and acknowledged to me that he/she/they executed the same in his/

16   her/their authorized capacity(ies), and that by his/her/their signature(s) on the

17   instrument the person(s), or the entity upon behalf of which the person(s) acted,

18   executed the instrument.

19   I certify under PENALTY OF PERJURY under the laws of the State of California

20   that the foregoing paragraph is true and correct.

21   WITNESS my hand and official seal.

22

23

24   Signature _Joyti Patel_____  (Seal)

> JOYTI PATEL
> Notary Public - California
> Riverside County
> Commission # 2407742
> My Comm. Expires Jul 8, 2026

25

26

27

28