

FILED

CLERK, U.S. DISTRICT COURT

08/17/2025

CENTRAL DISTRICT OF CALIFORNIA

BY _____ AP _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Kevin: Realworldfare *(formerly Kevin: Walker)*
**Care of:** 30650 Rancho California Road #406-251
Temecula, California [92591]
***non-domestic without*** the U̲nited S̲tates
Email: team@walkernovagroup.com

***Plaintiff, Real Party In Interest, Secured Party, Injured Party***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Kevin: Walker,** *Plaintiff/Real Party In Interest,* <br><br> *vs.* <br><br> **Chad Bianco, Steven Arthur Sherman, Gregory D Eastwood, Robert C V Bowman, George Reyes, William Pratt, Robert Gell, Nicholas Gruwell, Joseph Sinz, Michael Hestrin, Miranda Thomson, RIVERSIDE COUNTY SHERIFF, THE PEOPLE OF THE STATE OF CALIFORNIA, SOUTHWEST JUSTICE CENTER, FERGUSON PRAET & SHERMAN A PROFESSIONAL CORPORATION,** *Does 1-100 Inclusive Defendant(s).* | Case No. 5:25−cv−00646−WLH−MAA <br><br> **VERIFIED** NOTICE OF OBJECTION TO "CHAMBERS COPY" REQUIREMENT AS **UNCONSTITUTIONAL OBSTRUCTION** AND DEMAND FOR FINAL DECREE IN **EQUITY** <br><br><br> (SPECIAL LIMITED APPEARANCE — IN EQUITY ONLY — EQUITY JURISDICTION PRESERVED) |

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

This matter is brought in **equity**, under the original and exclusive jurisdiction of this Court as authorized by **Article III, Section 2** of the Constitution of the United States. All statutory jurisdiction is expressly denied and rebutted. This is a Court of Record. All rights are reserved without prejudice pursuant to UCC 1-308.

COMES NOW **Kevin: Realworldfare** *(formerly Kevin: Walker)*, **a natural, freeborn, living man** on the land and soil of the ***De'Jure*** Republic, **one of the people** of the u̲nited s̲tates of America, and the **Real Party in Interest, Respondent, and Injured Party** in this

matter. Kevin proceeds *sui juris*, by **specially limited appearing** only in **proper private capacity**, **not** as a 14th Amendment "U.S. citizen," **not** as a corporate "person," **not** pro se, **not** pro per, not as a "resident," and **not** through any fictitious legal construct — but as **one of the people**, the **Plaintiff, *Real Party in Interest*, Secured Party**, and **Creditor**, standing on the land and soil jurisdiction of the **De Jure Republic**, without adhesion, contract, or submission to any foreign corporate entity posing as government. Real Party In Interest invokes this Court's **original jurisdiction** in **equity**, as vested under **Article III** of the Constitution for the United States of America and demands adjudication according to the **facts, truth**, **common law**, the **Bill of Rights**, and applicable constitutional guarantees. Accordingly, this Court sits in **equity alone**. There exists no plain, speedy, or adequate remedy at law. Plaintiffs have been robbed of their private trust property, dispossessed without lawful jurisdiction, denied due process, and obstructed from every statutory avenue of redress.

The law provides no substitute. The statutes are exhausted, the remedies at law are illusory, and the fraud perpetrated under color of law can only be corrected by equity. As the Supreme Court has long held, *"Equity will not suffer a wrong without a remedy"* (*Marbury v. Madison*, 5 U.S. 137 (1803)); and where law fails, *"equity steps in to do justice."*

Thus, this Court has **exclusive, unavoidable jurisdiction in equity** to restore possession, quiet title, vacate void acts, and grant full restitution. Any refusal to act would not merely deny justice — it would ratify theft, fraud, and treason under color of law.

Equity alone remains. **There is no alternate avenue.**

## I. SUMMARY OF FACTS AND HARM

Plaintiff/Secured Party/Real Party In Interest, Kevin: Realworldfare, duly and lawfully submitted a **VERIFIED MOTION AND DEMAND FOR SUMMARY AND DEFAULT JUDGMENT IN EQUITY, As a Matter of Law under Federal Rules of Civil Procedure 54, 55, and 56** based on ***unrebutted*** **material facts, perfected commercial records, dishonor by silence, and the absence of any genuine issue of material fact**. Said motion was supported by:

- <u>Verified</u> affidavits sworn under penalty of perjury,
- Attached exhibits evidencing tender, default, and perfected title, and
- A complete factual and legal record sufficient to warrant immediate judgment as a matter of equity and law.

The <u>Verified</u> Motion and Demand was filed in person at the Clerk's Office, properly timestamped, and **entered into the official record** as received. **No opposition, rebuttal, or competing affidavit** has been filed by any party. As such, all material allegations stand **judicially admitted and legally binding** by:

- **Operation of law**,
- **Doctrine of estoppel**, and
- **Commercial default and dishonor**.

Despite the completeness of the filing and the absence of any factual dispute, the Clerk and/or Chambers staff have subjected the motion to an **administrative "Mandatory Chambers Copy" standing order**, which demands that a physical copy of any filed motion be delivered **no later than 12:00 p.m. (noon) the following business day** after the date of filing — or, in the case of voluminous filings, no later than noon on the second business day. This order is:

- **Procedurally arbitrary**,
- **Jurisdictionally void**,
- **Unreasonable and burdensome**, and
- **Legally insufficient to override Plaintiff's constitutional and equitable rights**.

It is well established that:

> "**Federal rules, statutes, and constitutional rights <span style="color:red">cannot</span> be nullified by local customs, practices, or standing orders.**"
>
> — *Marshall v. Gates*, 44 F.3d 722, 725 (**9th Cir.** 1995)

Enforcement of this chambers copy rule — particularly **where the motion is otherwise complete, unrebutted, and lawfully before the Court** — constitutes:

- **Obstruction of access to justice**,

- **Unlawful interference with adjudication in equity**, and
- **A constructive denial of remedy**.

Plaintiff objects to any delay, denial, or adverse treatment of the motion on the basis of this **non-substantive administrative preference**, and asserts that no such rule can lawfully bar adjudication **on verified facts, unrebutted evidence, and perfected claims.**

## II. OBJECTION TO THE "MANDATORY CHAMBERS COPIES" REQUIREMENT

Plaintiff expressly objects to any refusal, delay, or dismissal based on failure to deliver a paper "chambers copy" of filings, and asserts the following:

- Such a requirement is not part of the Federal Rules of Civil Procedure and has **no lawful force** when it obstructs access to remedy or prejudices a party asserting equitable jurisdiction.

- Enforcement of this local administrative custom as a condition precedent to adjudication constitutes **constructive fraud**, **simulated legal process**, and a **denial of due process** in violation of the Fifth and Fourteenth Amendments.

"A state [or officer] may not deny a litigant a protected interest in liberty or property simply because an agency failed to meet its own procedural deadline."

— *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982)

"A fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."

— *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)

## III. NOTICE OF IMPOSSIBILITY AND PREJUDICE

Plaintiff and Real Party In Interest, Kevin: Realworldfare, is presently located outside the territorial bounds of this Court, is not a licensed attorney, and is proceeding *sui juris*, by ***specially limited appearing* only** in **proper private capacity**, **not** as a 14th Amendment "U.S. citizen," **not** as a corporate "person," **not** pro se, **not** pro per, not as a "resident," and **not** through any fictitious legal construct — but as **one of the people**, the **Plaintiff, *Real Party in Interest*, Secured Party**, and **Creditor**, standing on the land and soil jurisdiction of

1  the **De Jure Republic**, without adhesion, contract, or submission to any foreign corporate

2  entity posing as government. Real Party In Interest invokes this Court's **original**

3  **jurisdiction** in **equity**, as vested under **Article III** of the Constitution for the United States

4  of America and demands adjudication according to the **facts, truth**, **common law**, the **Bill**

5  **of Rights**, and applicable constitutional guarantees.

6  Accordingly, this Court sits in **equity alone**.

7  Plaintiff is likewise without access to overnight courier services or in-person delivery

8  capacity, making compliance with the Court's **24-hour chambers copy requirement**

9  physically impossible and legally unreasonable.

10  This standing order, when enforced as a **precondition to adjudication or motion review**,

11  constitutes:

12  • **Discrimination by class and geographic location**;

13  • **An unreasonable and arbitrary barrier to meaningful access to court**;

14  • And a direct violation of **Plaintiff's right to due process and remedy in equity**.

15  "The Due Process Clause guarantees the right to be heard and the opportunity to present

16  one's case in a meaningful manner."

17  — *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)

18  "The right of access to the courts is a fundamental right protected by the Constitution."

19  — *Bounds v. Smith*, 430 U.S. 817, 828 (1977)

20  "**Dismissal or denial based on failure to comply with a local rule is improper where**

21  **it works to defeat access to the court**."

22  — United States v. $32,934.23 in U.S. Currency, 20 F.3d 1080, 1082 (10th Cir. 1994)

23  "**Where procedural rules become obstacles to relief — rather than means to achieve**

24  **justice — courts must set them aside**."

25  — *Foman v. Davis*, 371 U.S. 178, 181 (1962)

26  "There is no justification for applying different rules to pro se litigants... and procedural

27  rules should **not** be enforced with unnecessary rigidity."

28  — *Haines v. Kerner*, 404 U.S. 519, 520 (1972)

1  "An individual's right to file a legal claim **cannot** be conditioned on compliance with

2  rules that unreasonably burden or obstruct the exercise of that right."

3  — *Boddie v. Connecticut*, 401 U.S. 371, 380 (1971)

4  "A state [or its officers] may not deny a litigant a protected interest... simply because the

5  agency failed to meet its own procedural requirement."

6  — *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982)

7  "Fundamental fairness requires that individuals be afforded a meaningful opportunity to

8  present their claims... Rules cannot be applied so rigidly as to defeat that opportunity."

9  — *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)

10  "The concept of fairness must not be strained until it is narrowed to a filament."

11  — *Payne v. Tennessee*, 501 U.S. 808, 837 (1991)

12  "Where access to the courts is concerned, classifying pro se litigants differently and

13  subjecting them to different procedural burdens can be unconstitutional."

14  — *Bounds v. Smith*, 430 U.S. 817, 828 (1977)

15  In the **Ninth Circuit**, the law is clear:

16  "**It is an abuse of discretion for a district court to dismiss or deny claims for purely**

17  **procedural reasons where the substantive rights have been properly asserted**."

18  — *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (**9th Cir.** 1995)

19  "**Procedural rules must <u>not</u> be applied in a manner that deprives litigants of a**

20  **meaningful opportunity to be heard**."

21  — *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1298 (**9th**

22  **Cir.** 1999)

23  "Courts are to construe filings by pro se litigants liberally and with leniency in the face

24  of procedural technicalities."

25  — *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (**9th Cir.** 1985) (en banc)

26  "**A local rule or standing order <u>cannot</u> override the Constitution, the Federal Rules**

27  **of Civil Procedure, or statutory rights.**"

28  — *Marshall v. Gates*, 44 F.3d 722, 725 (**9th Cir.** 1995)

The Court's rigid application of a chambers copy rule — in the absence of any showing of necessity or prejudice — transforms a **ministerial convenience** into a **weaponized gatekeeping device**, violating the very foundation of **equity**, which commands that:

> *"Equity will not suffer a wrong without a remedy."*

> — *Story's Equity Jurisprudence*, § 33

The U.S. Constitution **does not permit access to remedy to be conditioned upon arbitrary courier deadlines or physical presence** — particularly not where a party proceeds in verified good faith, in equity, and upon a complete electronic record already submitted to the Court and opposing parties.

In light of these authorities, any delay or denial of Plaintiff's motion based solely on the absence of a chambers copy — when the full filing was electronically submitted and served — is not merely improper, but **legally void**. It deprives Plaintiff of meaningful access**, chills** the exercise of lawful rights, and constitutes **simulated legal process under color of office**.

## IV. DEMAND FOR IMMEDIATE REVIEW AND FINAL DECREE

Plaintiff hereby **demands immediate adjudication** on the merits of the <u>VERIFIED</u> MOTION AND DEMAND FOR SUMMARY AND DEFAULT JUDGMENT IN EQUITY, As a Matter of Law under Federal Rules of Civil Procedure 54, 55, and 56, and asserts that **no procedural defect, including the absence of a chambers copy**, may be lawfully used to obstruct or delay final resolution. The record is complete, undisputed, and binding.

Plaintiff demands that the Court:

1. **Vacate or disregard** any procedural denial, delay, or obstruction based on failure to deliver a "chambers copy" of filings;

2. **Immediately adjudicate** the <u>**VERIFIED**</u> **MOTION AND DEMAND FOR SUMMARY AND DEFAULT JUDGMENT IN EQUITY, As a Matter of Law under Federal Rules of Civil Procedure 54, 55, and 56** based on the **unrebutted affidavits, perfected filings, and verified facts** now before the Court;

3. Issue a **Final Decree in Equity**, as no genuine issue of material fact remains, and as equity demands that "that which ought to be done is treated as done";

4.   Take **mandatory judicial notice** of all properly filed and served verified affidavits, exhibits, and declarations — now binding by **operation of law, commercial estoppel, and silence in dishonor**.

**Binding Case Law and Ninth Circuit Authority:**

"Unrebutted affidavits are judicial admissions which the court must accept as true."

— *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981)

"Silence, where there is a duty to speak, amounts to fraud."

— *United States v. Tweel*, 550 F.2d 297, 299 (5th Cir. 1977)

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."

— *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

"A verified complaint or motion, when unopposed by affidavits or evidence, may[must] serve as the basis for summary judgment."

— *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (**9th Cir.** 2013)

"Where no opposition is filed, the court **<u>must</u>** determine whether the moving party is entitled to judgment as a matter of law — and may not deny it merely due to procedural defect."

— *Martinez v. Stanford*, 323 F.3d 1178, 1182 (**9th Cir.** 2003)

"The failure to respond to evidence or argument may[must] be treated as consent to the granting of the motion."

— *Bryant v. Carlson*, 652 F. Supp. 1286, 1289 (D. Mont. 1987), aff'd, 841 F.2d 1116 (**9th Cir.** 1988)

"Courts have no discretion to disregard controlling facts supported by unrebutted affidavit."

— *Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, § 14:125

"Equity will not suffer a wrong to be without a remedy."

— *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (**9th Cir.** 1993)

"Where the rights of parties depend upon facts which are not in dispute, and where no defense is presented, the court must enter judgment without delay."

— *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

## V. PRESERVATION OF RIGHTS AND RESERVATION OF CLAIMS

Plaintiff reserves all unalienable and secured rights pursuant to **UCC § 1-308**, **Article III**, and the common law. No joinder is made to any local rule, administrative order, or court practice that:

- Violates due process,
- Deprives Plaintiff of remedy in equity,
- Or serves as a commercial obstruction to adjudication of lawful claims.

This Notice shall serve as a **formal objection**, a **demand for correction**, and **constructive notice of harm** for any further obstruction, which may be grounds for:

- A **judicial complaint under the Judicial Conduct and Disability Act**,
- A **Bivens claim**, or
- A **civil rights action under 42 U.S.C. § 1983** for deprivation of rights under color of law.

## VI. NOTICE OF NON-CONSENT TO LOCAL RULE JOINDER AND ASSERTION OF ARTICLE III ORIGINAL JURISDICTION

Plaintiff hereby provides formal **notice of non-consent to any joinder, adhesion, or contractual presumption** regarding local rules, standing orders, or administrative procedures that conflict with or obstruct access to equitable remedy under the Constitution of the United States and the Federal Rules of Civil Procedure.

Plaintiff asserts this action in original and exclusive jurisdiction under **Article III, Section 2**, wherein this Court is bound to act as a **Court of Record in equity**, not an administrative tribunal enforcing internal preference over constitutional duty.

Any attempt to subordinate adjudication of verified claims to non-substantive, clerical customs — such as the chambers copy requirement — constitutes a **jurisdictional defect** and deprives the Court of the lawful power to delay, deny, or defer adjudication on the record.

1   "Federal courts are courts of limited jurisdiction. They possess only that power

2   authorized by Constitution and statute."

3   — *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)

4   "Where jurisdiction is challenged, the burden is on the court to prove it exists."

5   — *Stuck v. Medical Examiners*, 94 Cal. App. 2d 751 (1950); see also *Steel Co. v. Citizens*

6   *for a Better Environment*, 523 U.S. 83 (1998)

7   "No rule of court or local procedure can abrogate the constitutional right to be heard, nor

8   may such procedures impose an undue burden on access to remedy."

9   — *Johnson v. Zerbst*, 304 U.S. 458 (1938)

10  "A party may not be compelled into legal obligations absent knowing, voluntary, and

11  intentional consent."

12  — *Wheaton v. Peters*, 33 U.S. 591 (1834); *Overmyer v. Frick*, 405 U.S. 174, 187 (1972)

13  Accordingly, Plaintiff **rejects any presumption of consent** to the chambers copy rule, or

14  any non-substantive standing order, where enforcement would prejudice access to justice,

15  result in delay, or violate fundamental fairness. Any judicial officer acting upon such rules in

16  contradiction to their constitutional oath may be deemed to have engaged in **simulated legal**

17  **process**, **administrative usurpation**, and **constructive fraud under color of office.**

18  Plaintiff further reserves all rights to invoke **judicial misconduct review**, **mandamus**

19  **relief**, and **civil liability under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named**

20  **Agents**, should this pattern of procedural obstruction persist.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1

## **VERIFICATION:**

2

### **Pursuant to 28 U.S.C. § 1746**

3  I, Kevin: Realworldfare, over the age of 18, competent to testify, and having **firsthand knowledge**

4  of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of

5  perjury under the laws of the **United States of America**, that the foregoing statements are **true,**

6  **correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in

7  **good faith**.

8  Executed, signed, and sealed this 14th day of August in the year of Our Lord two thousand and

9  twenty five, *without* the United States**.**

10          **All rights reserved without prejudice or recourse, UCC § 1-308, 3-402.**

11

              By: _____

12
                  **Kevin: Realworldfare**, *Real Party In Interest,*
13                        *Plaintiff, Secured Party, Injured Party*

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

# LIST OF EXHIBITS / EVIDENCE:

1. E**xhibit A:  Affidavit: Power of Attorney In Fact'**

2.E**xhibit B:**  Hold Harmless Agreement

3. E**xhibit C:**  Private UCC Contract Trust/UCC1 filing #**2024385925-4**.

4. E**xhibit D:** Private UCC Contract Trust/UCC3 filing ##**2024402990-2** .

5. E **Exhibit E**: Contract Security Agreement #RF775820621US, titled: NOTICE OF CONDITIONAL ACCEPTANCE, and FRAUD, RACKETEERING, CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, IDENTITY THEFT, EXTORTION, COERCION, TREASON.

6. **Exhibit F**: Contract Security Agreement #RF775821088US, titled: NOTICE OF DEFAULT, and FRAUD, RACKETEERING, CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, IDENTITY THEFT, EXTORTION, COERCION, TREASON

7. **Exhibit G**: Contract Security Agreement #RF775822582US, titled: NOTICE OF DEFAULT AND OPPORTUNITY TO CURE *AND* NOTICE OF FRAUD, RACKETEERING, CONSPIRACY, DEPRIVATION OF RIGHTS UNDER THE COLOR OF LAW, IDENTITY THEFT, EXTORTION, COERCION, KIDNAPPING.

8. **Exhibit H**: Contract Security Agreement #RF775823645US, titled:  Affidavit Certificate of Dishonor, Non-response, **DEFAULT**, JUDGEMENT, and LIEN AUTHORIZATION.

9. **Exhibit I**: Form 3811 corresponding to Exhibit E.

10. **Exhibit J**: Form 3811 corresponding to Exhibit F.

11. **Exhibit K**: Form 3811 corresponding to Exhibit G.

12. **Exhibit L**: Form 3811 corresponding to Exhibit H.

13. E**xhibit M**: INVOICE/TRUE BILL #RIVSHERTREAS12312024

14. E**xhibit N:** Copy of 'MASTER DISCHARGE AND INDEMNITY BOND' #RF661448567US.

15. **Exhibit O**: Photograph(s) of Defendant/Respondent Gregory D Eastwood.

16. **Exhibit P**: Photograph(s) of Defendant/Respondent Robert C V Bowman.

17. **Exhibit Q**: Photograph(s) of Defendant/Respondent Willam Pratt.

18. E**xhibit R:** Affidavit 'Right to Travel': *CANCELLATION*, TERMINATION, AND REVOCATION of COMMERCIAL "For  Hire" DRIVER'S LICENSE CONTRACT and AGREEMENT. LICENSE/BOND # B6735991

19. **Exhibit S:**  Revocation Termination and Cancelation of Franchise.

20. **Exhibit T:**  CITATION/BOND #TE464702, accepted **under threat, duress, and coercion**.

21. E**xhibit U:**  Private Transport's PRIVATE PLATE displayed on the automobile

22. E**xhibit V:** Copy of "Automobile" and "commercial vehicle" defined by DMV (Department of Motor Vehicles).

23. **Exhibit W**: Copy of CA CODE § 260 from https://leginfo.legislature.ca.gov.

24. **Exhibit X**: national/non-citizen national passport card #C35510079.

25. **Exhibit Y**: national/non-citizen national passport book #A39235161.

26. **Exhibit Z**: ™KEVIN LEWIS WALKER© Copyright and Trademark Agreement.

27. **Exhibit AA:** A copy of American Bar Association's 'Attorney In Fact' Definition.

28. **Exhibit BB:** A Copy of Rule 8.4: (Misconduct) of the American Bar Association.

29. **Exhibit CC:** Twenty-six 3811 forms showing Defendants' acceptance of service of all documents via USPS and electronic service, including SUMMONS and COMPLAINT.

//
//
//
//
//
//
//

# P R O O F   O F   S E R V I C E

STATE OF CALIFORNIA              )

                                )        ss.

COUNTY OF RIVERSIDE             )

     I competent, over the age of eighteen years, and not a party to the within action.  My mailing address is the Walkernova Group, **care of:** 30650 Rancho California Road suite #406-251, Temecula, California [92591].  On or about **August 14, 2025**, I served the within documents:

1. <u>**VERIFIED**</u> **NOTICE OF OBJECTION TO "CHAMBERS COPY" REQUIREMENT AS <span style="color:red">UNCONSTITUTIONAL OBSTRUCTION</span> AND DEMAND FOR FINAL DECREE IN <span style="color:blue">EQUITY</span>**

    **By Electronic Service.**  Based on a contract, and/or court order, and/or an <u>agreement of the parties</u> to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

              Steven-Arthur: Sherman
              C/o STEVEN ARTHUR SHERMAN, FERGUSON PRAET & SHERMAN A PROFESSIONAL CORPORATION
              1631 East 18th Street
              Santa Ana, California [92705-7101]
              ssherman@law4cops.com
              csherman@law4cops.com

              Chad: Bianco, Gregory D Eastwood, Robert C V Bowman, George Reyes, William Pratt, Robert Gell, Joseph Sinz, Nicholas Gruwell, C/o  RIVERSIDE COUNTY SHERIFF
              4095 Lemon Street, 2nd Floor
              Riverside, California [92501]
              ssherman@law4cops.com
              csherman@law4cops.com
              rsoscscentral@riversidesheriff.org
              jsinz@riversidesheriff.org
              wpratt@riversidesheriff.org

              Miranda Thomson, Michael Hestrin
              C/o RIVERSIDE COUNTY DISTRICT ATTORNEY, THE PEOPLE OF THE STATE OF CALIFORNIA, RIVERSIDE COUNTY, **SOUTHWEST** JUSTICE CENTER
              3960 Orange Street
              Riverside, California [92501]

1

DAOffice@rivco.org

2

Rob Bonta
C/o PEOPLE OF THE STATE OF CALIFORNIA
3960 Orange Street
Riverside, California [92501]
piu@doj.ca.gov
Police-Practices@doj.ca.gov

3

4

5

6

    I declare under penalty of perjury under the laws of the State of California

7

that the above is true and correct.  Executed on **August 14, 2025** in Riverside

8

County, California.

9

                  */s/Chris Yarbra/*
                  Chris Yarbra

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED NOTICE OF OBJECTION TO "CHAMBERS COPY" REQUIREMENT AS UNCONSTITUTIONAL OBSTRUCTION AND DEMAND FOR FINAL DECREE IN EQUITY