UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00646-WLH-MAA | Date | March 24, 2026 |
| Title | *Kevin Walker Estate et al v Chad Bianco et al.* | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION
TO VACATE PRIOR DENIAL OF INJUNCTIVE RELIEF [46]**

The Court is in receipt of Plaintiff Kevin Lewis Walker's Motion to Vacate Prior Denial of Injunctive Relief (the "Motion"). (Mot., Dkt. No. 46). Regardless of the title given to this Motion by the Plaintiff acting in *pro* per, the Court interprets this Motion for what it is: a motion for reconsideration of this Court's denial of preliminary injunctive relief. The Motion fails to demonstrate any of the prerequisites of reconsideration, nor does the Motion suggest that the denial of injunctive relief was incorrect.

First and foremost, the Court finds that Plaintiff has not met either the Ninth Circuit standard or the Local Rule requirements for a motion for reconsideration. Generally, a motion for reconsideration in this Circuit is appropriate "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Moreover, under Local Rule 7-18, reconsideration may be granted only on grounds of

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

(1) a material difference in fact or law from (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18.

On April 16, 2025, the Court issued its order regarding Plaintiff's emergency request for injunctive relief. ("Order re Request for Emergency Ex Parte Injunctive Relief," Dkt. No. 13) ("Order"). Plaintiff now seeks reconsideration, or in his words vacatur, of that Order. (*See generally* Mot.). The Court finds reconsideration entirely inappropriate here.[1] Plaintiff's Motion neither mentions, much less demonstrates, how any of the aforementioned standards are met here. Plaintiff's rehashing of the same arguments that failed originally is expressly forbidden by both Ninth Circuit law and this Court's local rules and cannot meet Plaintiff's burden of demonstrating that reconsideration is appropriate.

Even if the Court were to consider the merits of the Motion, it is still woefully inadequate to meet the high burden for preliminary injunctive relief. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (noting that mandatory injunctions are subject to heightened scrutiny and should not issue in "doubtful cases"). Nothing in the Motion undermines the Court's previous finding that Plaintiff has not met the requirements for emergency injunctive relief under Federal Rule of Civil Procedure 65. (*See* Order).

---

[1] The Court need not address Plaintiff's rehashing of arguments that it already considered and rejected. Such an exercise is expressly forbidden by Local Rule 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

In the Motion, Plaintiff has still not presented a cognizable legal theory likely to succeed on the merits.  It is true that the Complaint invoked a range of federal statutes—including 42 U.S.C. §§ 1983, 1985 and 1986—as well as criminal statutes, RICO and provisions of the Constitution.  (*See generally* "Amended Verified Complaint," Dkt. No. 47) (Compl.).   But these conclusory assertions have no weight.  As previously identified by the Court, many of these statutes do not create private rights of action, and others are asserted based on generalized grievances, unsupported factual allegations or legal theories courts have routinely rejected.  To meet this burden, Plaintiff's Motion baldly asserts, "the Plaintiff's filings reflect a strong legal theory, credible evidentiary foundation and uncontested factual record – all of which satisfy the likelihood of success element." (Mot. at 10).  It was Plaintiff's burden to demonstrate that he was likely to succeed on one of these legal theories to obtain injunctive relief; baldly asserting that he met that burden does not make it true.  Moreover, even if he had established a likelihood of success on a legal theory, the remaining *Winter* factors—irreparable harm, balance of equities, and the public interest—also weigh against granting injunctive relief.  For these remaining *Winter* factors, Plaintiff, in this Motion, follows the same pattern of failing to offer new evidence or any change from his previous filing to persuade the Court to reconsider its previous ruling.

Plaintiff's request for injunctive relief both failed procedurally and did not satisfy the *Winter* factors.  (Order at 4-6).  Specifically, Plaintiff did not demonstrate a likelihood of success on the merits, irreparable harm, a favorable balance of equities or that an injunction would serve the public interest.  (*Id.*).  The Motion does not do so either.  Accordingly, the Court **DENIES** Plaintiff's Motion.

Plaintiff separately alleges prejudicial "misconduct" and "bias" as the "Court's dismissal appears presumption-driven rather than fact-based." (Mot. at 12).  Like the rest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

of his Motion, these are not facts.  These are unsupported assertions.  In its prior Order, the Court explained that Plaintiff had not demonstrated a likelihood of success on the merits because the statutes Plaintiff put forth did "not create private rights of action, and others are asserted based on generalized grievances, unsupported factual allegations or legal theories courts have routinely rejected."  (Order at 4).  The Court also stated that Plaintiff failed to demonstrate irreparable harm by stating, "[e]ven assuming the vehicle was wrongfully seized, Walker fails to explain why legal remedies such as damages or replevin would be inadequate."  (*Id*.).  The Court further stated, "[i]mposing an injunction on the Riverside County Sheriff's Department under these circumstances would risk interfering with ongoing law enforcement duties and set a dangerous precedent for issuing relief based solely on generalized claims of grievance.  Injunctive relief is inappropriate where the movant seeks to restrain government operations without clear evidence of continuing or unlawful conduct."  (*Id*. at 5).   Finally, the Court also emphasized that granting Plaintiff's previous request would not serve the public interest because restraining law enforcement officers from performing routine traffic enforcement and property seizure duties, based on unsupported constitutional arguments, would undermine public safety and the rule of law.  (*Id*. at 5-6).  Indeed, the Court did engage in an extensive analysis in reliance on the case facts and precedent.  Ruling against Plaintiff is not evidence of "bias."  Therefore, the Court separately and utterly rejects these allegations by Plaintiff.

**IT IS SO ORDERED.**